# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., TIFFANY MONTCRIEFF, ROBERTA MARTINEZ, and ALICIA BURNETT, Plaintiffs, vs. PERIPHERAL VASCULAR ASSOCIATES, P.A., Defendant. | Civil Action No. 5:17-cv-00317-XR |

REMOTE ORAL DEPOSITION
JAMES E. ALEXANDER JR., M.D.
Tuesday, July 21, 2020

Reported by
Rebecca Callow, RMR, CRR, RPR

REMOTE ORAL DEPOSITION OF

JAMES E. ALEXANDER JR., M.D., produced as a witness, appearing via Zoom from Fort Worth, Texas, at the instance of the Defendant and duly sworn, was taken in the above-styled and numbered cause on the 21st day of July 2020, from 10:09 a.m. to 3:53 p.m., before Rebecca J. Callow, Registered Merit Reporter, Certified Realtime Reporter, Registered Professional Reporter and Notary Public for the State of Texas, reported by computerized stenotype remotely from Austin, Texas, pursuant to the Federal Rules of Civil Procedure.

REMOTE APPEARANCES

FOR TIFFANY MONTCRIEFF, ROBERTA MARTINEZ,
AND ALICIA BURNETT:
Cotchett, Pietre & McCarthy, LLP
840 Malcolm Road
Burlingame, California 94010
650-697-6000
By: Justin T. Berger
jberger@cpmlegal.com

FOR PERIPHERAL VASCULAR ASSOCIATES, P.A.:
Spencer Fane, LLP
6201 College Boulevard
Suite 500
Overland Park, Kansas 66211
913-345-8100
By: Mark A. Cole
mcole@spencerfane.com

REMOTE APPEARANCES

FOR PERIPHERAL VASCULAR ASSOCIATES, P.A.:

Norton Rose Fulbright US LLP
111 W. Houston Street
Suite 1800
San Antonio, Texas 78205
210-224-5575
By: Jeff Wurzburg
jeff.wurzburg@nortonrosefulbright.com

ALSO PRESENT:

Javier Vazquez

# I N D E X

PAGE

JAMES E. ALEXANDER JR., M.D.

Examination by Mr. Cole ..........................8
Examination by Mr. Berger ......................165
Further Examination by Mr. Cole ................169

*******

E X H I B I T S



| NO. | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 1 | Defendant's Notice of Intention to Take Oral/Videotaped Deposition Duces Tecum of James E. Alexander, Jr. | 10 |
| Exhibit 2 | File materials from James Alexander (Bates Nos. ALEXANDER000001 through ALEXANDER001593) | 15 |
| Exhibit 3 | Expert Witness Report of James E. Alexander, Jr., M.D. | 21 |
| Exhibit 4 | Supplemental Expert Witness Report of James E. Alexander, Jr., M.D. | 22 |
| Exhibit 5 | Exhibits to Expert Report of James E. Alexander, Jr., M.D. | 24 |
| Exhibit 6 | Account Inquiry - Santos Estrada: DOS 03/01/2017 | 86 |
| Exhibit 7 | 08/16/2017 Cerebrovascular Duplex Scan - Santos Estrada | 91 |

E X H I B I T S
( CONTINUED )

| NO. | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 8 | Account Inquiry - Santos Estrada: DOS 08/16/2017 | 95 |
| Exhibit 9 | 6/23/2020 Expert Report of Melissa Scott, CPC, CHC, CHIAP | 141 |

*******

R E M O T E
P R O C E E D I N G S
- - - - - -
JAMES E. ALEXANDER JR., M.D.,
called as a witness herein, having
been first duly sworn by a Notary Public,
was examined and testified as follows:

EXAMINATION

BY MR. COLE:

Q. Good morning, Dr. Alexander. My name is Mark Cole. I represent Peripheral Vascular Associates, the defendants in this case, and I'm here today to conduct -- to take your deposition in this matter. Okay?

Have you been deposed before, Dr. Alexander?

A. Yes.

Q. Approximately how many times?

A. Approximately four times.

Q. And is that in the past ten years? Five years?

A. It is within the last six -- well, actually, within the last -- yes. Eight years.

Q. Okay. So you're probably familiar with, you know, the sort of rules as we talk about with

A. That's correct.
Q. So you have two headings under this opinion. One is for incomplete services and one is for medical necessity. Right?
A. Correct.
Q. So you would -- you understand that there are two components to a vascular laboratory study, the technical component and professional component. Right?
A. Yes.
Q. Would you agree with me that it's true that PVA could bill for the technical component immediately after it's completed?
A. That is correct.
Q. And if PVA billed for just the technical component separately, there's no reason that a claim for that technical component should not be paid?
MR. BERGER: Objection. Form.
A. Let me ask you to qualify that again. Would you kind of restate that as best you could?
BY MR. COLE:
Q. Sure.
If PVA performed a vascular study and billed for the technical component, there's no reason why that claim should not be paid?

# C E R T I F I C A T E

I, Rebecca J. Callow, Registered Merit Reporter and Notary Public of State of Texas, hereby certify to the following.

That the witness, JAMES E. ALEXANDER JR., M.D., was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

That the original deposition was delivered to ________________________________.

That a copy of this certificate was served on all parties and/or the witness shown herein on _____________.

I further certify that pursuant to FRCP Rule 30(f)(1) that the signature of the deponent:

[ ] was requested by the deponent or a party before the completion of the deposition and is to be returned within 30 days from date of receipt of the transcript. If returned, the attached Changes and Signature Page contains any changes and the reasons therefor;

[ ] was not requested by the deponent or a party before the completion of the deposition.

I further certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys to the action in which this proceeding was taken. Further, I am not a relative or employee of any attorney or record in this cause, nor am I financially or otherwise interested in the outcome of the action.

SUBSCRIBED AND SWORN TO under my hand and seal of office on this the 23rd day of July 2020.



______________________________

Rebecca J. Callow, RMR, CRR, RPR
Notary Public, Travis County, Texas
My Commission No. 12955701-3
Expires: 09/12/2021