# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., TIFFANY MONTCRIEFF, ROBERTA MARTINEZ, and ALICIA BURNETT, Plaintiffs, | Civil Action No. 5:17-cv-00317-XR |
| vs. | |
| PERIPHERAL VASCULAR ASSOCIATES, P.A., Defendant. | |

REMOTE ORAL DEPOSITION

ROBERT D. CHURCH, JR.

July 24, 2020

Reported by
Rebecca Callow, RMR, CRR, RPR

REMOTE ORAL DEPOSITION OF

ROBERT D. CHURCH, JR., produced as a witness, appearing via Zoom from Oxford, Mississippi, at the instance of the Defendants and duly sworn, was taken in the above-styled and numbered cause on the 24th day of July 2020, from 10:25 a.m. to 3:26 p.m., before Rebecca J. Callow, Registered Merit Reporter, Certified Realtime Reporter, Registered Professional Reporter and Notary Public for the State of Texas, reported by computerized stenotype remotely from Austin, Texas, pursuant to the Federal Rules of Civil Procedure.

REMOTE APPEARANCES

FOR TIFFANY MONTCRIEFF, ROBERTA MARTINEZ,
AND ALICIA BURNETT:

Cotchett, Pitre & McCarthy, LLP
840 Malcolm Road
Burlingame, California 94010
650-697-6000
By: Sarvenaz J. Fahimi
sfahimi@cpmlegal.com
Justin T. Berger
jberger@cpmlegal.com

FOR PERIPHERAL VASCULAR ASSOCIATES, P.A.:

Spencer Fane, LLP
6201 College Boulevard
Suite 500
Overland Park, Kansas 66211
913-345-8100
By: Mark A. Cole
mcole@spencerfane.com

REMOTE APPEARANCES
( CONTINUED )

FOR PERIPHERAL VASCULAR ASSOCIATES, P.A.:

Norton Rose Fulbright US LLP
111 W. Houston Street
Suite 1800
San Antonio, Texas 78205
210-224-5575
By: Jeff Wurzburg
jeff.wurzburg@nortonrosefulbright.com

ALSO PRESENT:

Javier Vazquez

Tim Patterson

I N D E X

PAGE

ROBERT D. CHURCH, JR.
Examination by Mr. Cole ..........................7

Court Reporter's Certificate ....................150
Signature Page ..................................153
Changes and corrections .......................154

*********

E X H I B I T S

| NO. | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 1 | Document production PDF (Bates Nos. CHURCH000002 through CHURCH002204) | 11 |
| Exhibit 2 | Church document production for deposition (Bates Nos. CHURCH000002 through CHURCH002220) | 11 |
| Exhibit 3 | Defendant's Notice of Intention to Take Oral/Videotaped Deposition Duces Tecum of Robert D. Church, Jr. | 13 |
| Exhibit 4 | Expert Witness Report of Robert D. Church, Jr. | 17 |
| Exhibit 5 | Supplemental Expert Witness Report of Robert D. Church, Jr. | 17 |
| Exhibit 6 | Seven Tips for Diagnostic Radiology Coding - AAPC Knowledge Center | 59 |
| Exhibit 7 | Section 6401 Affordable Care Act | 141 |

*********

R E M O T E

P R O C E E D I N G S

\- - - - - -

ROBERT D. CHURCH, JR.,

called as a witness herein, having

been first duly sworn by a Notary Public,

was examined and testified as follows:

EXAMINATION

BY MR. COLE:

Q. Good morning, Mr. Church. Like I said before, my name is Mark Cole. And I represent Peripheral Vascular Associates and I'm here to take your deposition today. Okay?

A. Okay.

Q. Approximately how many times have you been deposed before?

A. Over the years, I'm sure it's well over 20. I don't have a good count. It started back in 1985 or '6, so it's been several times since.

Q. So you're probably pretty familiar with how depositions work and the general sort of rules, if you will, that we try to follow. I'll repeat a couple of those, which I'm sure you've heard before.

A. Okay.

Q. It's particularly important, because we're

and that's as much as I can tell you.

BY MR. COLE:

Q. Mr. Church, it's your opinion that the technical component for a vascular study can be billed immediately after that study is performed. Right?

A. After service is rendered, that's correct.

Q. And when the service is rendered is when the study is actually performed. Right?

A. That would be my assumption, yes.

Q. I'm sorry. I -- you blanked out there.

A. Yeah. That would be what I would assume to be true.

Service, the study. And that's the technical component can be billed on the day that it's -- that it's performed. The day that service is rendered.

Q. And then it's your opinion that, in order to bill for the professional component, you must have a stand-alone final report that's signed?

A. That's correct.

Q. And your criticism of PVA is that, in some instances, PVA billed for services before a stand-alone final report was signed. Is that a fair summary?

C E R T I F I C A T E

I, Rebecca J. Callow, Registered Merit Reporter and Notary Public of State of Texas, hereby certify to the following.

That the witness, ROBERT D. CHURCH, JR., was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

That the original deposition was delivered to ________________________________.

That a copy of this certificate was served on all parties and/or the witness shown herein on _____________.

I further certify that pursuant to FRCP Rule 30(f)(1) that the signature of the deponent:

[ ] was requested by the deponent or a party before the completion of the deposition and is to be returned within 30 days from date of receipt of the transcript. If returned, the attached Changes and Signature Page contains any changes and the reasons therefor;

[ ] was not requested by the deponent or a party before the completion of the deposition.

I further certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys to the action in which this proceeding was taken. Further, I am not a relative or employee of any attorney or record in this cause, nor am I financially or otherwise interested in the outcome of the action.

SUBSCRIBED AND SWORN TO under my hand and seal of office on this the 28th day of July 2020.

__________________________________

Rebecca J. Callow, RMR, CRR, RPR

Notary Public, Travis County, Texas

My Commission No. 12955701-3

Expires: 09/12/2021