**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. TIFFANY MONTCRIEFF, ROBERTA MARTINEZ, and ALICIA BURNETT,**<br><br>Plaintiffs,<br><br>vs.<br><br>**PERIPHERAL VASCULAR ASSOCIATES P.A.,**<br><br>Defendant. | Civil Action No. SA-17-CV-00317-XR |

**RELATORS' OBJECTIONS TO THE DECLARATION OF KATHERINE BRITT**

Relators respectfully object to the Declaration of Katherine Britt pursuant to Federal Rule of Civil Procedure 56, subsections (c)(2) and (c)(4). The Declaration contains inadmissible evidence that cannot support or dispute the facts at issue. *See* Fed. R. Evid. 101 and 1101(a) (mandating that the Rules of Evidence apply to all proceedings in the courts of the United States including District Court proceedings). Relators, therefore, submit the following objections:

**The Britt Declaration improperly relies upon and seeks to admit evidence which was never disclosed**

**Defendant PVA's proffered evidence**

Paragraphs 19 through 27 of the Declaration improperly seek to admit and reference patient files attached as exhibits 1 through 9 of the Declaration.

Further, paragraphs 28 and 29 improperly seek to provide testimony relating to the contents of the nine patient file exhibits:

Paragraph 28:

"The physician notes in the Allscripts CM medical record for each patients in Exhibits 1-9 reflect documentation of the physician's interpretation of the vascular studies performed for each patient, and each medical record was signed before the vascular studies were billed to Medicare. The physicians' interpretation of vascular studies is highlighted in each record."

Paragraph 29:

"The Medstreaming reports for the vascular studies performed on the patients in Exhibits 1-9 were signed after the vascular studies were billed to Medicare."

**Grounds for objection**

Defendant PVA did not disclose these files in its Rule 26 Initial Disclosures or in response to production of documents. The Federal Rules provide that a party cannot rely on evidence at summary judgment that it has failed to disclose during discovery. *See* Fed. R. Civ. Proc. 26, Fed. R. Civ. Proc. 37(c)(1) ("the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially

justified or is harmless"); *see also Wolk v. Green*, No. C06-5025 BZ, 2008 WL 298757, *3 (N.D. Cal. Feb. 1, 2008); *Guang Dong Light Headgear Factory Co., Ltd. v. ACIIntern., Inc.*, No. 03–4165–JAR, 2008 WL 53665, *1 (D. Kan. Jan. 2, 2008) (identity and contents of testimony not disclosed stricken). Further, pursuant to Federal Rule of Evidence 106, the purported evidence violates the rule of completeness and takes after-the-fact snippets of evidence rather than the evidence as a whole.

Although the patient data and time period associated with exhibits 1-9 of the Britt Declaration was covered by Relators' requests for production of documents, and multiple meet and confer conferences, these specific records were not provided. Experts also did not consider these records. PVA cannot merely submit after-the-fact patient files, and related testimony (*see* ¶¶ 28-29) it deems favorable to its position at this juncture. While PVA may have the ability to cherry-pick patient files to submit for purposes of obtaining its accreditation (*see* Relators' Motion for Summary Judgment and Supporting Appendix), it cannot do so in support of summary judgment.

**<u>The Britt Declaration improperly references and provides speculative testimony relating to the Government's investigation of PVA</u>**

**<u>Defendant PVA's proffered evidence</u>**

Paragraph 30:

"The Office of Inspector General for the Department of Health and Human Services ("OIG") issued a subpoena to PVA on June 19, 2018, for medical and business records. A true and correct copy of that subpoena is attached as Exhibit 10."

**<u>Grounds for objection</u>**

1) It is improper to introduce evidence relating to the Government's decision to intervene. A declination to intervene should not be construed as a comment by the government on the merits of a claim. *See United States ex rel. Atkins v. Mclnteer*, 470 F.3d 1350, 1360 n.17 (11th Cir. 2006) (the United States' "absence

from the fray" does not mean that the relator's claims lack merit); *United States ex rel. Chandler v. Cook County*, 277 F.3d 969, 974 n.5 (7th Cir. 2002), *aff'd,* 538 U.S. 119 (2003) ("there is no reason to presume that a decision by the Justice Department not to assume control of the suit is a commentary on its merits. The Justice Department may have myriad reasons for permitting the private suit to go forward including limited prosecutorial resources and confidence in the relator's attorney."); *United States ex rel. El-Amin v. George Washington University*, 533 F. Supp. 2d 12, 21-22 (D.D.C. 2008) ("assuming the government looked unfavorably upon each qui tam action in which it did not intervene would seem antithetical to the purpose of the qui tam provision – to encourage private parties to litigate on behalf of the government . . . [and inaction cannot be seen] as evidence of how the government appraised the merits of the relator's case" because, absent "evidence tending to show the actual reason the government elected not to intervene . . . the simple fact that the government did not intervene has no probative value and is not relevant").

2) Fed. R. Evid. 401, 403, and 602:

The subpoena is irrelevant and the probative value is substantially outweighed by unfair prejudice and confusing the issues. The testimony further lacks foundation.

**Defendant PVA's proffered evidence**

Paragraph 31:

"As part of its subpoena, the OIG sought medical records for a specific list of patients identified by name and date of birth."

**Grounds for objection**

1) It is improper to introduce evidence relating to the Government's decision to intervene, including the steps that it took, or did not take, in the course of its investigation. *See United States ex rel. Atkins v. Mclnteer*, 470 F.3d 1350, 1360 n.17 (11th Cir. 2006) (the United States' "absence from the fray" does not mean

that the relator's claims lack merit); *United States ex rel. Chandler v. Cook County*, 277 F.3d 969, 974 n.5 (7th Cir. 2002), *aff'd,* 538 U.S. 119 (2003) ("there is no reason to presume that a decision by the Justice Department not to assume control of the suit is a commentary on its merits. The Justice Department may have myriad reasons for permitting the private suit to go forward including limited prosecutorial resources and confidence in the relator's attorney."); *United States ex rel. El-Amin v. George Washington University*, 533 F. Supp. 2d 12, 21-22 (D.D.C. 2008) ("assuming the government looked unfavorably upon each qui tam action in which it did not intervene would seem antithetical to the purpose of the qui tam provision – to encourage private parties to litigate on behalf of the government . . . [and inaction cannot be seen] as evidence of how the government appraised the merits of the relator's case" because, absent "evidence tending to show the actual reason the government elected not to intervene . . . the simple fact that the government did not intervene has no probative value and is not relevant").

2) Fed. R. Evid. 401, 403:

The subpoena and testimony are not relevant and the probative value is substantially outweighed by unfair prejudice and confusing the issues.

3) Fed. R. Evid. 602:

The testimony lacks personal knowledge, foundation, is misleading and is speculative as to the Government's decisions and basis for purportedly requesting certain patient files (which is irrelevant and improper in FCA cases nevertheless as cited above).

4) Fed. R. Evid. 801 and 802:

The testimony attempts to introduce hearsay by providing a statement by the OIG asserted for the truth of the matter asserted. No exception applies.

**<u>Defendant PVA's proffered evidence</u>**

Paragraph 32:

"On August 21, 2018, PVA produced more than 50,000 pages of documents to the OIG and DOJ, including 414 patient files requested by the OIG."

**<u>Grounds for objection</u>**

1) It is improper to introduce evidence relating to the Government's decision to intervene, including the steps taken by the Government or the Defendant in the course of that investigation. *See United States ex rel. Atkins v. Mclnteer*, 470 F.3d 1350, 1360 n.17 (11th Cir. 2006) (the United States' "absence from the fray" does not mean that the relator's claims lack merit); *United States ex rel. Chandler v. Cook County*, 277 F.3d 969, 974 n.5 (7th Cir. 2002), *aff'd,* 538 U.S. 119 (2003) ("there is no reason to presume that a decision by the Justice Department not to assume control of the suit is a commentary on its merits. The Justice Department may have myriad reasons for permitting the private suit to go forward including limited prosecutorial resources and confidence in the relator's attorney."); *United States ex rel. El-Amin v. George Washington University*, 533 F. Supp. 2d 12, 21-22 (D.D.C. 2008) ("assuming the government looked unfavorably upon each qui tam action in which it did not intervene would seem antithetical to the purpose of the qui tam provision – to encourage private parties to litigate on behalf of the government . . . [and inaction cannot be seen] as evidence of how the government appraised the merits of the relator's case" because, absent "evidence tending to show the actual reason the government elected not to intervene . . . the simple fact that the government did not intervene has no probative value and is not relevant").

2) Fed. R. Evid. 401, 403:

   The subpoena and testimony are not relevant and the probative value is substantially outweighed by unfair prejudice and confusing the issues.

3) Fed. R. Evid. 602:

The testimony lacks personal knowledge, foundation, is misleading and is speculative as to the Government's decisions and basis for purportedly requesting certain patient records (which is irrelevant and improper in FCA cases nevertheless as cited above).

**Defendant PVA's proffered evidence**

Paragraph 33:

"Following the production of documents and medical records, representatives of PVA, including me, met with the OIG Special Agent Thomas Gonzalez, Department of Justice ("DOJ") attorney Sean O'Connell, and Department of Defense Special Agent Melodie Jones to discuss the patient files and PVA's practices."

**Grounds for objection**

1) It is improper to introduce evidence relating to the Government's decision to intervene, including the steps taken or not taken as part of that decision. *See United States ex rel. Atkins v. Mclnteer*, 470 F.3d 1350, 1360 n.17 (11th Cir. 2006) (the United States' "absence from the fray" does not mean that the relator's claims lack merit); *United States ex rel. Chandler v. Cook County*, 277 F.3d 969, 974 n.5 (7th Cir. 2002), *aff'd,* 538 U.S. 119 (2003) ("there is no reason to presume that a decision by the Justice Department not to assume control of the suit is a commentary on its merits. The Justice Department may have myriad reasons for permitting the private suit to go forward including limited prosecutorial resources and confidence in the relator's attorney."); *United States ex rel. El-Amin v. George Washington University*, 533 F. Supp. 2d 12, 21-22 (D.D.C. 2008) ("assuming the government looked unfavorably upon each qui tam action in which it did not intervene would seem antithetical to the purpose of the qui tam provision – to encourage private parties to litigate on behalf of the government . . . [and inaction cannot be seen] as evidence of how the government

appraised the merits of the relator's case" because, absent "evidence tending to show the actual reason the government elected not to intervene . . . the simple fact that the government did not intervene has no probative value and is not relevant").

2) Fed. R. Evid. 401, 403:

The testimony is not relevant and the probative value is substantially outweighed by unfair prejudice and confusing the issues.

3) Fed. R. Evid. 602:

The testimony is misleading, lacks foundation, and is speculative as to the Government's questioning, focus of investigation, and decision making. (which is irrelevant and improper in FCA cases nevertheless as cited above).

4) Fed. R. Evid. 801 and 802:

The testimony attempts to introduce hearsay by providing a statement by the OIG asserted for the truth of the matter asserted. No exception applies.

**Defendant PVA's proffered evidence**

Paragraph 34:

"At no time has any Government agency demanded or requested that PVA return federal funds received for vascular studies that were billed before a Medstreaming report was signed."

**Grounds for objection**

1) It is improper to introduce evidence relating to the Government's decision to intervene, including the steps taken or not taken as part of that decision. . *See United States ex rel. Atkins v. Mclnteer*, 470 F.3d 1350, 1360 n.17 (11th Cir. 2006) (the United States' "absence from the fray" does not mean that the relator's claims lack merit); *United States ex rel. Chandler v. Cook County*, 277 F.3d 969, 974 n.5 (7th Cir. 2002), *aff'd,* 538 U.S. 119 (2003) ("there is no reason to presume that a decision by the Justice Department not to assume control of the suit is a commentary on its merits. The Justice Department may have myriad reasons for permitting the private suit to go forward including limited

prosecutorial resources and confidence in the relator's attorney."); *United States ex rel. El-Amin v. George Washington University*, 533 F. Supp. 2d 12, 21-22 (D.D.C. 2008) ("assuming the government looked unfavorably upon each qui tam action in which it did not intervene would seem antithetical to the purpose of the qui tam provision – to encourage private parties to litigate on behalf of the government . . . [and inaction cannot be seen] as evidence of how the government appraised the merits of the relator's case" because, absent "evidence tending to show the actual reason the government elected not to intervene . . . the simple fact that the government did not intervene has no probative value and is not relevant").

2) Fed. R. Evid. 401, 403:
The testimony is not relevant and the probative value is substantially outweighed by unfair prejudice and confusing the issues.

3) Fed. R. Evid. 602:
The testimony is misleading, lacks foundation, and is speculative as to the Government's focus of investigation and decision making (which is irrelevant and improper in FCA cases nevertheless as cited above).

4) Fed. R. Evid. 801 and 802:
The testimony attempts to introduce hearsay by providing a statement by the OIG asserted for the truth of the matter asserted. No exception applies.

**<u>The Britt Declaration seeks to contradict and/or improperly clean-up her deposition testimony</u>**

**<u>Defendant PVA's proffered evidence</u>**

Paragraphs 10-18:

10. "PVA adopted Medstreaming in 2014 as its picture archiving and communications system ("PACS") to streamline imaging storage and retrieval—the specific purpose of a PACS—and to manage workflow."

11. "PVA invested thousands of dollars and heavily modified the Medstreaming system to create a cartooned image report that is easier for referring physicians, providers, health care workers, and patients to understand."

12. "Every vascular study has a formal Medstreaming report."

13. "There are many ways in which a physician reviews the results of a vascular study when it is performed: the physician may be in the room where the ultrasound is performed, printouts of studies called waveforms are brought to the physician to review with the patient, and technologists provide the physician with completed worksheets, and preliminary reports depicting the results of the vascular ultrasound study."

14. "In addition to the Medstreaming report, results of vascular tests are communicated in various ways including direct conversations with patients, calls to referring physicians, letters to referring physicians and even providing the patient with a copy of the results at the time of the visit."

15. "Some vascular studies performed at PVA locations are done without a PVA physician seeing and treating the patient ("Lab Only" studies). Those studies are typically performed for another physician who is treating the patient."

16. "PVA uses Allscripts Clinical Module ("Allscripts CM") as its electronic medical records system. PVA uses billing software called Allscripts Practice Management ("APM")."

17. "A patient's medical record is contained in Allscripts CM, and includes patient history, physical exam, and the physician's assessment and plan."

18. "The medical records for patients seen by PVA physicians contain documentation of physician interpretations of vascular studies performed by PVA."

**Grounds for objection**

1) Ms. Britt previously testified in detail regarding the databases cited in her Declaration, as well as PVA practices, procedures and policies of documentation and patient management. In fact, she was designated as PVA's person most

qualified to testify about Allscripts and Medstreaming in response to Relators' Rule 30(b)(6) deposition notice. Despite her detailed testimony, PVA seeks to now improperly rely upon a guided Declaration instead of her prior testimony. The testimony violates the sham affidavit doctrine, as it goes well beyond merely clarifying minor points of prior testimony or seeking to address minor errors. *See Doe ex rel. Doe v. Dallas Independent School Dist.*, 220 F.3d 380, 386 (5th Cir. 2000) ("'If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact'") (quoting *Perma Research and Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir.1969)); *see also* Decl. of Katherine Britt at 70:11 – 22; 77:7 – 22; 79:11 – 80:19; 104:8 – 25; 112:1 – 7.

2) Rules 106 and 1002:

The purported evidence violates the rule of completeness, the best evidence rule, and takes after-the-fact snippets of evidence rather than the evidence as a whole.

3) Fed. R. Evid. 602:

The testimony is misleading, lacks foundation, and is speculative.

4) Fed. R. Evid. 403:

The testimony is repetitive and needless presenting of cumulative evidence as Ms. Britt has provided deposition testimony on the same topics and multiple PVA employees have also testified regarding the same facts. *See, e.g.,* Decl. of Katherine Britt at 70:11 – 22; 77:7 – 22; 79:11 – 80:19; 104:8 – 25; 112:1 – 7; *see also* Appendix in Support of Relators' Motion for Summary Judgment.

/ / /

/ / /

/ / /

**Other paragraphs are also improper and inadmissible**

**Defendant PVA's proffered evidence**

3. "Vascular studies have two components, the technical component and the professional component. The technical component is performing the ultrasound, and the professional component is a physician reading the ultrasound. The technical and professional components can be billed separately or combined together into a "global" bill."

4. "Vascular studies performed at PVA locations are done by an order of a PVA physician or outside, referring physician, which are documented in the patient's medical record."

5. "PVA physicians read and interpret studies performed at PVA offices and at hospitals."

6. "Vascular studies performed at PVA locations are done by either a physician or registered vascular technologist ("RVT")."

7. "The technical component for studies performed at hospitals are billed by the hospital."

8. "The technical component for studies performed at PVA are billed by PVA."

9. "PVA physicians are also treating physicians for most of the patients who receive vascular studies at PVA, meaning the PVA physician sees the patient in the office to treat him or her."

**Grounds for objection**

1) Rules 106, 403 and 1002:

The purported evidence violates the rule of completeness, the best evidence rule, and takes after-the-fact snippets of evidence rather than the evidence as a whole. The testimony is repetitive and needless presenting of cumulative evidence that has been provided in prior deposition testimony by multiple PVA employees. *See* Appendix in Support of Relators' Motion for Summary Judgment.

2) Fed. R. Evid. 602:

The testimony is misleading, lacks foundation, and is speculative.

Respectfully submitted,

Dated: September 11, 2020

By: */s/ Justin T. Berger*

Justin T. Berger (*pro hac vice*)
Sarvenaz J. Fahimi (*pro hac vice*)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jberger@cpmlegal.com
sfahimi@cpmlegal.com

Wallace M. Brylak, Jr. (Bar No. 03283360)
BRYLAK LAW
15900 La Cantera Parkway, Suite 19245
San Antonio, Texas 78256
Telephone: (210) 733-5533
Facsimile: (210) 558-4804
wbrylak@brylaklaw.com

*Counsel for Relators*