**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. TIFFANY MONTCRIEFF, ROBERTA MARTINEZ, and ALICIA BURNETT,**<br><br>Plaintiffs,<br><br>vs.<br><br>**PERIPHERAL VASCULAR ASSOCIATES P.A.,**<br><br>Defendant. | Civil Action No. SA-17-CV-00317-XR |

# RELATORS' OBJECTIONS TO THE DECLARATION OF BRIAN PUENTE

Relators respectfully object to the Declaration of Brian Puente pursuant to Federal Rule of Civil Procedure 56, subsections (c)(2) and (c)(4). The Declaration contains inadmissible evidence that cannot support or dispute the facts at issue. *See* Fed. R. Evid. 101 and 1101(a) (mandating that the Rules of Evidence apply to all proceedings in the courts of the United States, including District Court proceedings). Relators, therefore, submit the following objections:

**Defendant PVA's proffered evidence**

Paragraph 3

"I have detailed familiarity with the information technology systems used by PVA, including Allscripts Clinical Module ('Allscripts CM'), Allscripts Practice Management ('Allscripts PM'), and Medstreaming."

**Grounds for objection**

Under Rule 26 and Federal Rule of Evidence 701, this testimony is improper. Mr. Puente was never disclosed as a *non-retained expert* under Rule 26(a)(2)(c). Additionally, Rule 701 does not permit opinion testimony as a "lay" person if the testimony is "based on scientific, technical or other specialized knowledge." Further, Mr. Puente was not disclosed in PVA's Rule 26(a)(1) Initial Disclosures. Moreover, Ms. Britt, not Mr. Puente, was designated by PVA as the Rule 30(b)(6) person most qualified to testify regarding the PVA databases Mr. Puente references. Accordingly, at no time was Mr. Puente disclosed as a witness upon whom PVA would rely for testimony—percipient or expert.

**Defendant PVA's proffered evidence**

Paragraph 4

"I have examined the data in Allscripts PM to identify all vascular studies (by CPT code) performed at a PVA location from 2015 through 2019 ("billable vascular studies"). Any vascular study for which there was no charge, and studies performed in the hospital setting, were excluded."

/ / /

/ / /

**Grounds for objection**

Under Rule 26 and Federal Rule of Evidence 701, Mr. Puente's testimony is improper. Mr. Puente was never disclosed as a *non-retained expert* under Rule 26(a)(2)(c). Additionally, Rule 701 does not permit opinion testimony as a "lay" person if the testimony is "based on scientific, technical or other specialized knowledge." Further, Mr. Puente was not disclosed in PVA's Rule 26(a)(1) Initial Disclosures.

Further, Defendant PVA did not disclose the raw data referenced by Mr. Puente in its Rule 26 Initial Disclosures or in response to production of documents. Notably, PVA also failed to designate a statistician expert as ordered by the Court.

The Federal Rules provide that a party cannot rely on evidence at summary judgment that it has failed to disclose during discovery. *See* Fed. R. Civ. Proc. 26, Fed. R. Civ. Proc. 37(c)(1) ("the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless"); *see also Wolk v. Green*, No. C06-5025 BZ, 2008 WL 298757, *3 (N.D. Cal. Feb. 1, 2008); *Guang Dong Light Headgear Factory Co., Ltd. v. ACIIntern., Inc.*, No. 03–4165–JAR, 2008 WL 53665, *1 (D. Kan. Jan. 2, 2008) (identity and contents of testimony not disclosed stricken). Further, pursuant to Federal Rule of Evidence 106, the purported evidence violates the rule of completeness and takes after-the-fact snippets of evidence rather than the evidence as a whole.

**Defendant PVA's proffered evidence**

Paragraph 5

"From 2015 through 2019, PVA performed 194,886 billable vascular studies at its multiple locations."

**Grounds for objection**

Under Rule 26 and Federal Rule of Evidence 701, Mr. Puente's testimony is improper. Mr. Puente was never disclosed as a *non-retained expert* under Rule 26(a)(2)(c). Additionally, Rule 701 does not permit opinion testimony as a "lay" person if the testimony is "based on

scientific, technical or other specialized knowledge." Further, Mr. Puente was not disclosed in PVA's Rule 26(a)(1) Initial Disclosures.

Further, Defendant PVA did not disclose the raw data referenced by Mr. Puente in its Rule 26 Initial Disclosures or in response to production of documents. Notably, PVA also failed to designate a statistician expert as ordered by the Court.

The Federal Rules provide that a party cannot rely on evidence at summary judgment that it has failed to disclose during discovery. *See* Fed. R. Civ. Proc. 26, Fed. R. Civ. Proc. 37(c)(1) ("the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless"); *see also Wolk v. Green*, No. C06-5025 BZ, 2008 WL 298757, *3 (N.D. Cal. Feb. 1, 2008); *Guang Dong Light Headgear Factory Co., Ltd. v. ACIIntern., Inc.*, No. 03–4165–JAR, 2008 WL 53665, *1 (D. Kan. Jan. 2, 2008) (identity and contents of testimony not disclosed stricken). Further, pursuant to Federal Rule of Evidence 106, the purported evidence violates the rule of completeness and takes after-the-fact snippets of evidence rather than the evidence as a whole.

**Defendant PVA's proffered evidence**

Paragraph 6

"Those billable vascular studies were cross-referenced with dates of evaluation and management ('E/M') visits (by CPT code) for the same patients to identify studies that were done without a patient seeing a physician."

**Grounds for objection**

Under Rule 26 and Federal Rule of Evidence 701, Mr. Puente's testimony is improper. Mr. Puente was never disclosed as a *non-retained expert* under Rule 26(a)(2)(c). Additionally, Rule 701 does not permit opinion testimony as a "lay" person if the testimony is "based on scientific, technical or other specialized knowledge." Further, Mr. Puente was not disclosed in PVA's Rule 26(a)(1) Initial Disclosures.

Further, Defendant PVA did not disclose the raw data or calculations referenced by Mr. Puente in its Rule 26 Initial Disclosures or in response to production of documents. Notably, PVA also failed to designate a statistician expert as ordered by the Court.

The Federal Rules provide that a party cannot rely on evidence at summary judgment that it has failed to disclose during discovery. *See* Fed. R. Civ. Proc. 26, Fed. R. Civ. Proc. 37(c)(1) ("the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless"); *see also Wolk v. Green*, No. C06-5025 BZ, 2008 WL 298757, *3 (N.D. Cal. Feb. 1, 2008); *Guang Dong Light Headgear Factory Co., Ltd. v. ACIIntern., Inc.*, No. 03–4165–JAR, 2008 WL 53665, *1 (D. Kan. Jan. 2, 2008) (identity and contents of testimony not disclosed stricken). Further, pursuant to Federal Rule of Evidence 106, the purported evidence violates the rule of completeness and takes after-the-fact snippets of evidence rather than the evidence as a whole.

**Defendant PVA's proffered evidence**

Paragraph 7

"I identified 9,458 billable vascular studies that did not have an E/M visit within 14 days after the date the study was performed."

**Grounds for objection**

Under Rule 26 and Federal Rule of Evidence 701, Mr. Puente's testimony is improper. Mr. Puente was never disclosed as a *non-retained expert* under Rule 26(a)(2)(c). Additionally, Rule 701 does not permit opinion testimony as a "lay" person if the testimony is "based on scientific, technical or other specialized knowledge." Further, Mr. Puente was not disclosed in PVA's Rule 26(a)(1) Initial Disclosures.

Further, Defendant PVA did not disclose the raw data, calculations, or results referenced by Mr. Puente in its Rule 26 Initial Disclosures or in response to production of documents. Notably, PVA also failed to designate a statistician expert as ordered by the Court.

The Federal Rules provide that a party cannot rely on evidence at summary judgment that it has failed to disclose during discovery. *See* Fed. R. Civ. Proc. 26, Fed. R. Civ. Proc. 37(c)(1)

("the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless"); *see also Wolk v. Green*, No. C06-5025 BZ, 2008 WL 298757, *3 (N.D. Cal. Feb. 1, 2008); *Guang Dong Light Headgear Factory Co., Ltd. v. ACIIntern., Inc.*, No. 03–4165–JAR, 2008 WL 53665, *1 (D. Kan. Jan. 2, 2008) (identity and contents of testimony not disclosed stricken). Further, pursuant to Federal Rule of Evidence 106, the purported evidence violates the rule of completeness and takes after-the-fact snippets of evidence rather than the evidence as a whole.

Respectfully submitted,

Dated: September 11, 2020

By: */s/ Justin T. Berger*

Justin T. Berger (*pro hac vice*)
Sarvenaz J. Fahimi (*pro hac vice*)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jberger@cpmlegal.com
sfahimi@cpmlegal.com

Wallace M. Brylak, Jr. (Bar No. 03283360)
BRYLAK LAW
15900 La Cantera Parkway, Suite 19245
San Antonio, Texas 78256
Telephone: (210) 733-5533
Facsimile: (210) 558-4804
wbrylak@brylaklaw.com

*Counsel for Relators*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September, 2020, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Wallace M. Brylak, Jr.
Brylak & Associates
15900 La Cantera Pkwy, Suite 19245
San Antonio, TX 78256
wbrylak@brylaklaw.com

Sean McKenna
Mark A. Cole
Spencer Fane LLP
2200 Ross Avenue
Suite 4800 West
Dallas, TX 75201
smckenna@spencerfane.com
mcole@spencerfane.com

Stephen J. Romero
Jeff Wurzburg
Norton Rose Fulbright US LLP
Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, TX 78205
stephen.romero@nortonrosefulbright.com
jeff.wurzburg@nortonrosefulbright.com

John M. Deck
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216
John.deck@usdoj.gov

*/s/ Justin T. Berger*
Justin T. Berger