# EXHIBIT B

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA ex rel., TIFFANY MONTCRIEFF, ROBERTA MARTINEZ, and ALICIA BURNETT,

Plaintiffs,

vs.

PERIPHERAL VASCULAR ASSOCIATES, P.A.,

Defendant.

Civil Action No. 5:17-cv-00317-XR

REMOTE ORAL DEPOSITION

GRADY D. ALSABROOK, M.D.

Friday, June 5, 2020

Reported by

Rebecca Callow, RMR, CRR, RPR

REMOTE ORAL DEPOSITION OF GRADY D. ALSABROOK, M.D., produced as a witness at the instance of the Relators and duly sworn, was taken in the above-styled and numbered cause on the 5th day of June 2020, from 10:03 a.m. to 1:53 p.m., before Rebecca J. Callow, Registered Merit Reporter, Certified Realtime Reporter, Registered Professional Reporter and Notary Public for the State of Texas, reported by computerized stenotype machine remotely in San Antonio, Texas, pursuant to the Federal Rules of Civil Procedure.

REMOTE APPEARANCES

FOR TIFFANY MONTCRIEFF, ROBERTA MARTINEZ,
AND ALICIA BURNETT:

Cotchett, Pitre & McCarthy, LLP
840 Malcolm Road
Burlingame, California 94010
650-697-6000
By: Justin T. Berger
jberger@cpmlegal.com

FOR PERIPHERAL VASCULAR ASSOCIATES, P.A.:

Spencer Fane, LLP
6201 College Boulevard
Suite 500
Overland Park, Kansas 66211
913-345-8100
By: Mark A. Cole
mcole@spencerfane.com

REMOTE APPEARANCES
( CONTINUED )

FOR PERIPHERAL VASCULAR ASSOCIATES, P.A.

Norton Rose Fulbright US LLP
111 W. Houston Street
Suite 1800
San Antonio, Texas 78205
210-224-5575

By: Jeff Wurzburg
jeff.wurzburg@nortonrosefulbright.com

ALSO PRESENT:

Javiar Vazquez

INDEX

PAGE

GRADY D. ALSABROOK, M.D.

Examination by Mr. Berger ........................8

Signature Page ................................103

Changes and corrections ......................104

Court Reporter's Certificate ..................107

* * * * *

E X H I B I T S

| NO. | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 1 | Medical Documentation & Coding to Compliance Pledge Peripheral Vascular Associates (Bates Nos. DEF000693 through DEF000747) | 17 |
| Exhibit 2 | Exhibit A to the Expert Report of James E. Alexander, Jr. M.D. | 33 |
| Exhibit 3 | 4/21/2015 Cerebrovascular Duplex Scan for Juan Lopez (Bates No. PVA0005264) | 37 |
| Exhibit 4 | 7/7/2018 Account Inquiry for Juan Lopez (Bates Nos. PVA0013205 through PVA0013206) | 42 |
| Exhibit 5 | Medical Chart for Aurora T. Espinoza (Bates Nos. PVA0000504 through PVA0000553) | 56 |

E X H I B I T S ( CONTINUED )

| NO. | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 6 | 8/10/2017 email string: Burrow to Garcia, Re: List of reading cardiologists (Bates Nos. DEF026547 through DEF026556) | 67 |
| Exhibit 7 | Medstreaming data excerpt excel file (Bates No. DEF002376) | 75 |
| Exhibit 8 | NUCC Health Insurance Claim Form 1500 Sample | 79 |
| Exhibit 9 | 4/12/2016 email Burrow to Burnett, Re: Read and testing times (Bates Nos. DEF003021 through DEF003026)30 | 88 |
| Exhibit 10 | 2/14/2017 email: Burrow to PVAPhysicians@pvasatx.com, Re: Reading Studies Update (Bates No. DEF039374) | 89 |

- - - - -

GRADY D. ALSABROOK, M.D.,

called as a witness herein, having been first duly sworn by a Notary Public, was examined and testified as follows:

EXAMINATION

BY MR. BERGER:

Q. Good morning, Dr. Alsabrook.

A. Sir, good morning.

Q. My name is Justin Berger, and I'll be taking your deposition here today.

Have you ever had your deposition taken before?

A. No, I have not.

Q. Great.

Then let's go over a few ground rules just to make sure we're on the same page. I'm sure your attorneys have gone over these with you, but just to make sure that we have a good clean transcript, let's go over a few of these rules.

Ms. Callow there is taking down everything that we say, so the most important rule today is let's try not to speak over each other. And that's even more difficult with doing this

professional component and then other times there is the global component you already described, which is a professional and technical component. I'm unaware of a solely technical component.

Q. What does, in your understanding, the technical component of a vascular study involve?

A. It's the manual performance of the noninvasive vascular test of whatever type we're generally describing.

Q. And at PVA, who generally performs the technical component?

A. A vascular technologist who has special training and accreditations in whatever test is being administered.

Q. So just to break that down a little further, there's obviously some equipment, they see the patient, and they perform the test on the patient with the equipment, and there's some sort of results that are generated from that. Is that all part of the technical component?

A. Those are components of the -- the technical component, yes.

Q. At PVA, how does the technologist communicate or document their readings from those studies?

A. So there are multiple ways in that. So one is they might bring the physician into the room in real time, with the patient on the table, to discuss and show the live results.

There is a printout of certain tests, the actual test itself, in terms of waveforms, pressures, other data points. There are others that show -- other tests that have the data points in a preliminary worksheet that they create. I'd say those are the main ways.

Q. As far as billing is concerned, and focused specifically on Medicare, what are the core prerequisites to billing Medicare for the technical component of a noninvasive vascular diagnostic study?

MR. COLE: Object to the form and foundation.

A. The test -- each test -- each five-digit CPT code has a certain set of requirements that's different for each type of test. And it's the requirement of the technologist to know what are the core requirements for that CPT procedure test.

MR. BERGER: I think I have a copy of some excerpts of the AMA CPT manual here, so I'm going to pull that up and we'll take a look at that.

CERTIFICATE OF REPORTER

I, Rebecca J. Callow, Registered Merit Reporter and Notary Public of State of Texas, hereby certify to the following.

That the witness, GRADY D. ALSABROOK, M.D., was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

That the original deposition was delivered to ________________________________.

That a copy of this certificate was served on all parties and/or the witness shown herein on _____________.

I further certify that pursuant to FRCP Rule 30(f)(1) that the signature of the deponent:

[ ] was requested by the deponent or a party before the completion of the deposition and is to be returned within 30 days from date of receipt of the transcript. If returned, the attached Changes and Signature Page contains any changes and the reasons therefor;

[ ] was not requested by the deponent or a party before the completion of the deposition.

I further certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys to the action in which this proceeding was taken. Further, I am not a relative or employee of any attorney or record in this cause, nor am I financially or otherwise interested in the outcome of the action.

SUBSCRIBED AND SWORN TO under my hand and seal of office on this the 19th day of June 2020.

______________________________

Rebecca J. Callow, RMR, CRR, RPR
Notary Public, Travis County, Texas
My Commission No. 12955701-3
Expires: 09/12/2021