# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. TIFFANY MONTCRIEFF, ROBERTA MARTINEZ, and ALICIA BURNETT,**<br><br>Plaintiffs,<br><br>vs.<br><br>**PERIPHERAL VASCULAR ASSOCIATES P.A.,**<br><br>Defendant. | Civil Action No. SA-17-CV-00317-XR |

**RELATORS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A., SET ONE**

| | |
|---|---|
| **PROPOUNDING PARTY:** | RELATORS TIFFANY MONTCRIEFF, ROBERTA MARTINEZ AND ALICIA BURNETT |
| **RESPONDENT PARTY:** | DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A. |
| **SET NO.:** | ONE (1) |

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs *ex rel.* Tiffany Montcrieff, Roberta Martinez, and Alicia Burnett (hereinafter "Relators") request that Defendant Peripheral Vascular Associates P.A., respond to this Request for Production of Documents, Set One and produce all responsive documents at the law offices of Cotchett, Pitre & McCarthy, LLP, 840 Malcolm Road, Burlingame, California, 94010 within thirty (30) days after service of this request.

**DEFINITONS AND INSTRUCTIONS**

The following definitions and instructions are not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

**A. DEFINITIONS**

1. "PERIPHERAL VASCULAR ASSOCIATES P.A.," "PVA," "YOU," and / or "YOUR" refers to PERIPHERAL VASCULAR ASSOCIATES P.A. a Texas corporation and all agents, attorneys, accountants, consultants, independent contractors, directors, employees, executives, officers, personnel, and representatives of any of the foregoing, and any person or entity acting on behalf of any of the foregoing under an assumed name or otherwise.

2. "DOCUMENT" or "DOCUMENTS" refers to all hard-copy and electronic writings of any kind, including the original and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise. This definition of "DOCUMENTS" includes, without limitation, correspondence, memoranda, notes, handwritten notes, diaries, personal diaries, calendars, statistics, spreadsheets, letters, electronic mail, telegrams, minutes of meetings, contracts, reports, records of any events, studies, audits, text of any kind, statements, receipts, IRS returns, summaries, maps, drawings, working papers, pamphlets, books, periodicals, prospectuses, inter-office and intra-office communications, offers, notations of any sort (including regarding conversations, telephone calls, meetings or other communications), bulletins, printed matters, tapes of all kinds, computer printouts, computerized or electronically stored data, wire to wire communications, teletypes, telefaxes, invoices,

worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing. The definition of "DOCUMENTS" is also intended to include graphic material, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, and motion pictures, including digitally stored graphic material or graphic material stored on computers.

3. "COMMUNICATION" and "COMMUNICATIONS" means any letter, memorandum, e-mail, note, recording, or other transmission of information from one person or entity to another or between or among two or more persons or entities. The term includes but is not limited to conversations or discussions, whether in person or by means of telephone, teleconference, e-mail, telecopier, or other media, and also includes the circumstances by which YOU came into possession of the document evidencing the communication.

4. "Any" as well as "All" shall be construed to include "each" and "every" within their meanings.

5. "And" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," YOU should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

6. "RELATING TO" and "RELATE TO" mean concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, compromising, showing, commenting upon, evidencing, or contradicting the subject matter.

**B. <u>INSTRUCTIONS</u>**

1. Please take notice that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Relator requests as follows:

2. That YOU produce within the time specified by Rule 34, each and all of the items of evidence described herein at the offices of COTCHETT, PITRE & McCARTHY, LLP, 840 Malcolm Road, Burlingame, California 94010, (or some other place to be mutually agreed upon

by the parties in the days following the service of these requests) for inspection, copying and/or photographing thereof.

3. That YOU serve on the undersigned, as attorney for this requesting party, within the time allowed by Rule 34, a written response to the requests stating for each item or category, whether inspection and related activities will be permitted as requested, or YOUR objections to the request, including the reasons for the objection. If only part of a request is objected to, YOU must specify the part and permit inspection of the rest.

4. Relators request production of ESI (Electronically Stored Information) in the following format: all documents should be produced with a load file that defines document breaks, attachments, and metadata, and with a cross-reference file that facilitates the linking of the produced file with a litigation database. For emails, word processing documents, and presentations, Relators prefer production in TIFF format, with metadata and text searchable information extracted from the native file and produced as fielded metadata. Family relationships among email and attachments are to be maintained. Spreadsheets should be produced in native format.

a. Metadata for all ESI: start bates, end bates, start attachment, end attachment, custodian or source, MD-5 hash value, title, creation date, and page count.

b. Metadata for E-Mail: in addition to the metadata to be produced for all ESI, for all e-mail, the producing party will also produce the following as fielded metadata: subject, from, to, copyees, blind copyees, date sent, time sent, MD-5 hash value, begin attachment, and end attachment. Family relationships among email and attachments will be maintained by ensuring that attachments immediately follow their parent email, and setting the "begin attachment" and "end attachment" metadata fields appropriately.

c. Spreadsheets: to be produced (i) as a native file, and (ii) with a load file suitable for linking it to a litigation support database that (for authentication) identifies the MD-5 hash value of each file.

5. The DOCUMENTS and ESI to be produced pursuant to these requests specifically embrace, in addition to DOCUMENTS and ESI within YOUR possession, custody or control, DOCUMENTS and ESI within the possession, custody or control of any of YOUR agents or representatives, including YOUR attorneys.

6. If YOU claim that any DOCUMENT or ESI responsive to any of the requests set forth below is privileged, and YOU withhold a DOCUMENT or ESI or any portion of a DOCUMENT or ESI on that basis, please provide the following information in writing with regard to each such DOCUMENT or ESI, either at the time YOU serve responses to the requests or at the time YOU produce DOCUMENTS or ESI:

a. the nature of the privilege YOU claim (i.e., the attorney-client privilege, work product, etc.);

b. the facts upon which YOU rely as the basis for claiming the privilege;

c. on whose behalf YOU are asserting the privilege;

d. the title (if any) and the general subject matter of the DOCUMENT or ESI;

e. person who prepared or authored the DOCUMENT or ESI;

f. the date the DOCUMENT or ESI was prepared and/or transmitted;

g. each person to whom the DOCUMENT or ESI was directed, circulated or shown; and

h. each person now in possession of the DOCUMENT or ESI.

7. Notwithstanding YOUR assertion of any privilege, if any DOCUMENT or ESI which YOU withhold on the basis of privilege nevertheless contains non-privileged information responsive to these requests, YOU must produce the non-privileged portion of the DOCUMENT or ESI; YOU may redact that portion of the DOCUMENT or ESI which YOU contend is

privileged, provided that YOU furnish the non-privileged portion. PLEASE TAKE FURTHER NOTICE that if an adequate written response is not received within thirty (30) days after this request is served upon YOU, all objections will be deemed waived and a formal motion to compel production will be made pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure, and applicable local rules at that time, sanctions may be requested for the cost of said motion inasmuch as YOU are now given the opportunity to produce without the necessity of a formal notice.

8. Copies of the file tab or label of the file in which a DOCUMENT is called for in the Request is found shall be produced along with the documents found in this file.

9. DOCUMENTS attached to each other should not be separated.

10. DOCUMENTS not otherwise called for by this Request shall be produced if such DOCUMENTS refer, relate to, or explain the DOCUMENTS which are called for by this Request or if such DOCUMENTS are attached to DOCUMENTS called for by this Request and constitute routing slips, transmittal memoranda, letters, comments, evaluations or similar DOCUMENTS.

11. If YOU are aware that a DOCUMENT or thing, or group of DOCUMENTS or things, once existed, but has been destroyed, Defendant is requested to state when the DOCUMENT, group of DOCUMENTS, thing or group of things, was destroyed, why it was destroyed, and the circumstances under which it was destroyed.

## REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

Any and all DOCUMENTS relating to Alicia Burnett's employment with PVA, including DOCUMENTS relating to her employment with PVA that came into existence after her employment terminated with PVA.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:

Any and all DOCUMENTS relating to, or included in, Alicia Burnett's personnel file with PVA.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

Any and all DOCUMENTS relating to Roberta Martinez's employment with PVA, including DOCUMENTS relating to her employment with PVA that came into existence after her employment terminated with PVA.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

Any and all DOCUMENTS relating to, or included in, Roberta Martinez's personnel file with PVA.

Respectfully submitted,

Dated: July 29, 2019

By: */s/ Sarvenaz J. Fahimi*

Justin T. Berger (*pro hac vice*)
Sarvenaz J. Fahimi (*pro hac vice*)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jberger@cpmlegal.com
sfahimi@cpmlegal.com

Wallace M. Brylak, Jr. (Bar No. 03283360)
BRYLAK LAW
15900 La Cantera Parkway, Suite 19245
San Antonio, Texas 78256
Telephone: (210) 733-5533
Facsimile: (210) 558-4804
wbrylak@brylaklaw.com

*Counsel for Relators*

**PROOF OF SERVICE**

I am employed in the County of San Mateo. I am over the age of 18 years and not a party to this action. My business address is the Law Offices of Cotchett, Pitre & McCarthy, LLP, San Francisco Airport Office Center, 840 Malcolm Road, Burlingame, California, 94010. On this day, I served the following document(s) in the manner described below:

1. **RELATORS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A., SET ONE**

_✓_ **VIA MAIL:** I am readily familiar with this firm's practice for causing documents to be served by first class mail. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be delivered via first class mail to the addressee(s) specified below.

_✓_ **VIA E-MAIL:** My e mail address is cbarbosa@cpmlegal.com. I am readily familiar with this firm's practice for causing documents to be served by e-mail. Following that practice, I caused the aforementioned document(s) to be emailed to the addressee(s) specified below.

**[SEE ATTACHED SERVICE LIST]**

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed at Burlingame, California, on July 29, 2019.

CINDY BARBOSA

**SERVICE LIST**

| | |
|---|---|
| Wallace M. Brylak, Jr.<br>Brylak & Associates<br>15900 La Cantera Pkwy, Suite 19245<br>San Antonio, TX 78256<br>wbrylak@brylaklaw.com | **CO-COUNSEL FOR RELATORS TIFFANY MONTCRIEFF, ROBERTA MARTINEZ AND ALICIA BURNETT** |
| Sean McKenna<br>Law Office of Sean McKenna, PLLC<br>8710 Greenville Avenue, Building D, Suite B<br>Dallas, Texas 75240<br>sean@seanmckennalaw.com | **COUNSEL FOR DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A.** |
| Stephen J. Romero<br>Norton Rose Fulbright US LLP<br>300 Convent Street, Suite 2100<br>San Antonio, Texas 78205<br>stephen.romero@nortonrosefulbright.com | **COUNSEL FOR DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A.** |
| Thomas A. Parnham, Jr.<br>United States Attorney's Office<br>816 Congress Avenue, Suite 1000<br>Austin, Texas 78701<br>Thomas.Parnham@usdoj.gov | **COUNSEL FOR THE UNITED STATE OF AMERICA** |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. TIFFANY MONTCRIEFF, ROBERTA MARTINEZ, and ALICIA BURNETT,**<br><br>Plaintiffs,<br><br>vs.<br><br>**PERIPHERAL VASCULAR ASSOCIATES P.A.,**<br><br>Defendant. | Civil Action No. SA-17-CV-00317-XR |

**RELATORS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A., SET TWO**

**PROPOUNDING PARTY:** RELATORS TIFFANY MONTCRIEFF, ROBERTA MARTINEZ AND ALICIA BURNETT

**RESPONDING PARTY:** DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A.

**SET NO.:** TWO (2)

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Civil Procedure 34, Relators Tiffany Montcrieff, Roberta Martinez, and Alicia Burnett (hereinafter "Relators" or "Propounding Party") request that Defendant Peripheral Vascular Associates P.A. ("PVA"), respond to this Request for Production of Documents, Set Two and produce all responsive documents at the law offices of Cotchett, Pitre & McCarthy, LLP, 840 Malcolm Road, Burlingame, California, 94010 within thirty (30) days after service of this request.

**DEFINITONS AND INSTRUCTIONS**

The following definitions and instructions are not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

A. **DEFINITIONS**

1. "PERIPHERAL VASCULAR ASSOCIATES P.A.," "PVA," "YOU," and / or "YOUR" refers to PERIPHERAL VASCULAR ASSOCIATES P.A. a Texas corporation and all agents, attorneys, accountants, consultants, independent contractors, directors, employees, executives, officers, personnel, and representatives of any of the foregoing, and any person or entity acting on behalf of any of the foregoing under an assumed name or otherwise.

2. "DOCUMENT" or "DOCUMENTS" refers to all hard-copy and electronic writings of any kind, including the original and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise. This definition of "DOCUMENTS" includes, without limitation, correspondence, memoranda, notes, handwritten notes, diaries, personal diaries, calendars, statistics, spreadsheets, letters, electronic mail, telegrams, minutes of meetings, contracts, reports, records of any events, studies, audits, text of any kind, statements, receipts, IRS returns, summaries, maps, drawings, working papers, pamphlets, books, periodicals, prospectuses, inter-office and intra-office communications, offers, notations of any sort (including regarding conversations, telephone calls, meetings or other communications), bulletins, printed matters, tapes of all kinds, computer printouts, computerized or electronically stored data, wire to wire communications, teletypes, telefaxes, invoices,

worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing. The definition of "DOCUMENTS" is also intended to include graphic material, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, and motion pictures, including digitally stored graphic material or graphic material stored on computers.

3. "COMMUNICATION" and "COMMUNICATIONS" means any letter, memorandum, e-mail, note, recording, or other transmission of information from one person or entity to another or between or among two or more persons or entities. The term includes but is not limited to conversations or discussions, whether in person or by means of telephone, teleconference, e-mail, telecopier, or other media, and also includes the circumstances by which YOU came into possession of the document evidencing the communication.

4. "Any" as well as "All" shall be construed to include "each" and "every" within their meanings.

5. "And" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," YOU should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

6. "RELATING TO" and "RELATE TO" mean concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, compromising, showing, commenting upon, evidencing, or contradicting the subject matter.

**B. <u>INSTRUCTIONS</u>**

1. Please take notice that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Relators request as follows:

2. That YOU produce within the time specified by Rule 34, each and all of the items of evidence described herein at the offices of COTCHETT, PITRE & McCARTHY, LLP, 840 Malcolm Road, Burlingame, California 94010, (or some other place to be mutually agreed upon

by the parties in the days following the service of these requests) for inspection, copying and/or photographing thereof.

3. That YOU serve on the undersigned, as attorney for this requesting party, within the time allowed by Rule 34, a written response to the requests stating for each item or category, whether inspection and related activities will be permitted as requested, or YOUR objections to the request, including the reasons for the objection. If only part of a request is objected to, YOU must specify the part and permit inspection of the rest.

4. Relators request production of ESI (Electronically Stored Information) in the following format: all documents should be produced with a load file that defines document breaks, attachments, and metadata, and with a cross-reference file that facilitates the linking of the produced file with a litigation database. For emails, word processing documents, and presentations, Relators prefer production in TIFF format, with metadata and text searchable information extracted from the native file and produced as fielded metadata. Family relationships among email and attachments are to be maintained. Spreadsheets should be produced in native format.

a. Metadata for all ESI: start bates, end bates, start attachment, end attachment, custodian or source, MD-5 hash value, title, creation date, and page count.

b. Metadata for E-Mail: in addition to the metadata to be produced for all ESI, for all e-mail, the producing party will also produce the following as fielded metadata: subject, from, to, copyees, blind copyees, date sent, time sent, MD-5 hash value, begin attachment, and end attachment. Family relationships among email and attachments will be maintained by ensuring that attachments immediately follow their parent email, and setting the "begin attachment" and "end attachment" metadata fields appropriately.

c. Spreadsheets: to be produced (i) as a native file, and (ii) with a load file suitable for linking it to a litigation support database that (for authentication) identifies the MD-5 hash value of each file.

5. The DOCUMENTS and ESI to be produced pursuant to these requests specifically embrace, in addition to DOCUMENTS and ESI within YOUR possession, custody or control, DOCUMENTS and ESI within the possession, custody or control of any of YOUR agents or representatives, including YOUR attorneys.

6. If YOU claim that any DOCUMENT or ESI responsive to any of the requests set forth below is privileged, and YOU withhold a DOCUMENT or ESI or any portion of a DOCUMENT or ESI on that basis, please provide the following information in writing with regard to each such DOCUMENT or ESI, either at the time YOU serve responses to the requests or at the time YOU produce DOCUMENTS or ESI:

a. the nature of the privilege YOU claim (i.e., the attorney-client privilege, work product, etc.);

b. the facts upon which YOU rely as the basis for claiming the privilege;

c. on whose behalf YOU are asserting the privilege;

d. the title (if any) and the general subject matter of the DOCUMENT or ESI;

e. person who prepared or authored the DOCUMENT or ESI;

f. the date the DOCUMENT or ESI was prepared and/or transmitted;

g. each person to whom the DOCUMENT or ESI was directed, circulated or shown; and

h. each person now in possession of the DOCUMENT or ESI.

7. Notwithstanding YOUR assertion of any privilege, if any DOCUMENT or ESI which YOU withhold on the basis of privilege nevertheless contains non-privileged information responsive to these requests, YOU must produce the non-privileged portion of the DOCUMENT or ESI; YOU may redact that portion of the DOCUMENT or ESI which YOU contend is

privileged, provided that YOU furnish the non-privileged portion. PLEASE TAKE FURTHER NOTICE that if an adequate written response is not received within thirty (30) days after this request is served upon YOU, all objections will be deemed waived and a formal motion to compel production will be made pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure, and applicable local rules at that time, sanctions may be requested for the cost of said motion inasmuch as YOU are now given the opportunity to produce without the necessity of a formal notice.

8. Copies of the file tab or label of the file in which a DOCUMENT is called for in the Request is found shall be produced along with the documents found in this file.

9. DOCUMENTS attached to each other should not be separated.

10. DOCUMENTS not otherwise called for by this Request shall be produced if such DOCUMENTS refer, relate to, or explain the DOCUMENTS which are called for by this Request or if such DOCUMENTS are attached to DOCUMENTS called for by this Request and constitute routing slips, transmittal memoranda, letters, comments, evaluations or similar DOCUMENTS.

11. If YOU are aware that a DOCUMENT or thing, or group of DOCUMENTS or things, once existed, but has been destroyed, Defendant is requested to state when the DOCUMENT, group of DOCUMENTS, thing or group of things, was destroyed, why it was destroyed, and the circumstances under which it was destroyed.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

Any and all DOCUMENTS relating to PVA's policies, procedures, and practices regarding billing Medicare for ultrasound procedures during the time period of December 1, 2007 to present.

///

///

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

Any and all DOCUMENTS reflecting or relating to Medicare claims submitted by PVA for ultrasound procedures, including payment or denial of such Medicare claims, during the time period December 1, 2007 to present.

Respectfully submitted,

Dated: August 22, 2019

By: ______________________________

Justin T. Berger (*pro hac vice*)
Sarvenaz J. Fahimi (*pro hac vice*)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jberger@cpmlegal.com
sfahimi@cpmlegal.com

Wallace M. Brylak, Jr. (Bar No. 03283360)
BRYLAK LAW
15900 La Cantera Parkway, Suite 19245
San Antonio, Texas 78256
Telephone: (210) 733-5533
Facsimile: (210) 558-4804
wbrylak@brylaklaw.com

*Counsel for Relators*

# PROOF OF SERVICE

I am employed in the County of San Mateo. I am over the age of 18 years and not a party to this action. My business address is the Law Offices of Cotchett, Pitre & McCarthy, LLP, San Francisco Airport Office Center, 840 Malcolm Road, Burlingame, California, 94010. On this day, I served the following document(s) in the manner described below:

1. **RELATORS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A., SET TWO**

✓ **VIA MAIL:** I am readily familiar with this firm's practice for causing documents to be served by first class mail. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be delivered via first class mail to the addressee(s) specified below.

✓ **VIA E-MAIL:** My e mail address is cbarbosa@cpmlegal.com. I am readily familiar with this firm's practice for causing documents to be served by e-mail. Following that practice, I caused the aforementioned document(s) to be emailed to the addressee(s) specified below.

**[SEE ATTACHED SERVICE LIST]**

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed at Burlingame, California, on August 22, 2019.

CINDY BARBOSA

**SERVICE LIST**

| | |
|---|---|
| Wallace M. Brylak, Jr.<br>Brylak & Associates<br>15900 La Cantera Pkwy, Suite 19245<br>San Antonio, TX 78256<br>wbrylak@brylaklaw.com | **CO-COUNSEL FOR RELATORS TIFFANY MONTCRIEFF, ROBERTA MARTINEZ AND ALICIA BURNETT** |
| Sean McKenna<br>Law Office of Sean McKenna, PLLC<br>8710 Greenville Avenue, Building D, Suite B<br>Dallas, Texas 75240<br>sean@seanmckennalaw.com | **COUNSEL FOR DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A.** |
| Stephen J. Romero<br>Norton Rose Fulbright US LLP<br>300 Convent Street, Suite 2100<br>San Antonio, Texas 78205<br>stephen.romero@nortonrosefulbright.com | **COUNSEL FOR DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A.** |
| Thomas A. Parnham, Jr.<br>United States Attorney's Office<br>903 San Jacinto Blvd., Suite 334<br>Austin, Texas 78701<br>Thomas.Parnham@usdoj.gov | **COUNSEL FOR THE UNITED STATES OF AMERICA** |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. TIFFANY MONTCRIEFF, ROBERTA MARTINEZ, and ALICIA BURNETT,**<br><br>Plaintiffs,<br><br>vs.<br><br>**PERIPHERAL VASCULAR ASSOCIATES P.A.,**<br><br>Defendant. | Civil Action No. SA-17-CV-00317-XR |

**RELATORS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A., SET THREE**

| | |
|---|---|
| **PROPOUNDING PARTY:** | RELATORS TIFFANY MONTCRIEFF, ROBERTA MARTINEZ AND ALICIA BURNETT |
| **RESPONDING PARTY:** | DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A. |
| **SET NO.:** | THREE (3) |

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Civil Procedure 34, Relators Tiffany Montcrieff, Roberta Martinez, and Alicia Burnett (hereinafter "Relators" or "Propounding Party") request that Defendant Peripheral Vascular Associates P.A. ("PVA"), respond to this Request for Production of Documents, Set Three and produce all responsive documents at the law offices of Cotchett, Pitre & McCarthy, LLP, 840 Malcolm Road, Burlingame, California, 94010 within thirty (30) days after service of this request.

**DEFINITONS AND INSTRUCTIONS**

The following definitions and instructions are not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

A. **DEFINITIONS**

1. "PERIPHERAL VASCULAR ASSOCIATES P.A.," "PVA," "YOU," and / or "YOUR" refers to PERIPHERAL VASCULAR ASSOCIATES P.A. a Texas corporation and all agents, attorneys, accountants, consultants, independent contractors, directors, employees, executives, officers, personnel, and representatives of any of the foregoing, and any person or entity acting on behalf of any of the foregoing under an assumed name or otherwise.

2. "DOCUMENT" or "DOCUMENTS" refers to all hard-copy and electronic writings of any kind, including the original and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise. This definition of "DOCUMENTS" includes, without limitation, correspondence, memoranda, notes, handwritten notes, diaries, personal diaries, calendars, statistics, spreadsheets, letters, electronic mail, telegrams, minutes of meetings, contracts, reports, records of any events, studies, audits, text of any kind, statements, receipts, IRS returns, summaries, maps, drawings, working papers, pamphlets, books, periodicals, prospectuses, inter-office and intra-office communications, offers, notations of any sort (including regarding conversations, telephone calls, meetings or other communications), bulletins, printed matters, tapes of all kinds, computer printouts, computerized or electronically stored data, wire to wire communications, teletypes, telefaxes, invoices,

worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing. The definition of "DOCUMENTS" is also intended to include graphic material, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, and motion pictures, including digitally stored graphic material or graphic material stored on computers.

3. "COMMUNICATION" and "COMMUNICATIONS" means any letter, memorandum, e-mail, note, recording, or other transmission of information from one person or entity to another or between or among two or more persons or entities. The term includes but is not limited to conversations or discussions, whether in person or by means of telephone, teleconference, e-mail, telecopier, or other media, and also includes the circumstances by which YOU came into possession of the document evidencing the communication.

4. "Any" as well as "All" shall be construed to include "each" and "every" within their meanings.

5. "And" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," YOU should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

6. "RELATING TO" and "RELATE TO" mean concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, compromising, showing, commenting upon, evidencing, or contradicting the subject matter.

7. "RELEVANT TIME PERIOD" means January 1, 2010 through the day these Requests were propounded as indicated below.

///

///

///

## B. INSTRUCTIONS

1. Please take notice that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Relators request as follows:

2. That YOU produce within the time specified by Rule 34, each and all of the items of evidence described herein at the offices of COTCHETT, PITRE & McCARTHY, LLP, 840 Malcolm Road, Burlingame, California 94010, (or some other place to be mutually agreed upon by the parties in the days following the service of these requests) for inspection, copying and/or photographing thereof.

3. That YOU serve on the undersigned, as attorney for this requesting party, within the time allowed by Rule 34, a written response to the requests stating for each item or category, whether inspection and related activities will be permitted as requested, or YOUR objections to the request, including the reasons for the objection. If only part of a request is objected to, YOU must specify the part and permit inspection of the rest.

4. Relators request production of ESI (Electronically Stored Information) in the following format: all documents should be produced with a load file that defines document breaks, attachments, and metadata, and with a cross-reference file that facilitates the linking of the produced file with a litigation database. For emails, word processing documents, and presentations, Relators prefer production in TIFF format, with metadata and text searchable information extracted from the native file and produced as fielded metadata. Family relationships among email and attachments are to be maintained. Spreadsheets should be produced in native format.

   a. Metadata for all ESI: start bates, end bates, start attachment, end attachment, custodian or source, MD-5 hash value, title, creation date, and page count.

   b. Metadata for E-Mail: in addition to the metadata to be produced for all ESI, for all e-mail, the producing party will also produce the following as fielded metadata: subject, from, to, copyees, blind copyees, date sent, time

sent, MD-5 hash value, begin attachment, and end attachment. Family relationships among email and attachments will be maintained by ensuring that attachments immediately follow their parent email, and setting the "begin attachment" and "end attachment" metadata fields appropriately.

c. Spreadsheets: to be produced (i) as a native file, and (ii) with a load file suitable for linking it to a litigation support database that (for authentication) identifies the MD-5 hash value of each file.

5. The DOCUMENTS and ESI to be produced pursuant to these requests specifically embrace, in addition to DOCUMENTS and ESI within YOUR possession, custody or control, DOCUMENTS and ESI within the possession, custody or control of any of YOUR agents or representatives, including YOUR attorneys.

6. If YOU claim that any DOCUMENT or ESI responsive to any of the requests set forth below is privileged, and YOU withhold a DOCUMENT or ESI or any portion of a DOCUMENT or ESI on that basis, please provide the following information in writing with regard to each such DOCUMENT or ESI, either at the time YOU serve responses to the requests or at the time YOU produce DOCUMENTS or ESI:

a. the nature of the privilege YOU claim (i.e., the attorney-client privilege, work product, etc.);

b. the facts upon which YOU rely as the basis for claiming the privilege;

c. on whose behalf YOU are asserting the privilege;

d. the title (if any) and the general subject matter of the DOCUMENT or ESI;

e. person who prepared or authored the DOCUMENT or ESI;

f. the date the DOCUMENT or ESI was prepared and/or transmitted;

g. each person to whom the DOCUMENT or ESI was directed, circulated or shown; and

h. each person now in possession of the DOCUMENT or ESI.

7. Notwithstanding YOUR assertion of any privilege, if any DOCUMENT or ESI which YOU withhold on the basis of privilege nevertheless contains non-privileged information responsive to these requests, YOU must produce the non-privileged portion of the DOCUMENT or ESI; YOU may redact that portion of the DOCUMENT or ESI which YOU contend is privileged, provided that YOU furnish the non-privileged portion. PLEASE TAKE FURTHER NOTICE that if an adequate written response is not received within thirty (30) days after this request is served upon YOU, all objections will be deemed waived and a formal motion to compel production will be made pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure, and applicable local rules at that time, sanctions may be requested for the cost of said motion inasmuch as YOU are now given the opportunity to produce without the necessity of a formal notice.

8. Copies of the file tab or label of the file in which a DOCUMENT is called for in the Request is found shall be produced along with the documents found in this file.

9. DOCUMENTS attached to each other should not be separated.

10. DOCUMENTS not otherwise called for by this Request shall be produced if such DOCUMENTS refer, relate to, or explain the DOCUMENTS which are called for by this Request or if such DOCUMENTS are attached to DOCUMENTS called for by this Request and constitute routing slips, transmittal memoranda, letters, comments, evaluations or similar DOCUMENTS.

11. If YOU are aware that a DOCUMENT or thing, or group of DOCUMENTS or things, once existed, but has been destroyed, Defendant is requested to state when the DOCUMENT, group of DOCUMENTS, thing or group of things, was destroyed, why it was destroyed, and the circumstances under which it was destroyed.

///

///

///

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

Any and all DOCUMENTS relating to, concerning, or describing delays in ultrasound preliminary report completion during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

Any and all DOCUMENTS relating to, concerning or describing delays in completion of ultrasound final reports and/or physician reads during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

Any and all DOCUMENTS relating to, concerning, or describing the spreadsheets produced at Bates PVA 236767 during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

Any and all DOCUMENTS relating to PVA staff, PVA patient, insurer (including Medicare), or referring physician office concerns or complaints about delays in completing ultrasound studies/scans during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

Any and all DOCUMENTS relating to PVA staff's, PVA patients,' insurer's (including Medicare) or referring physician offices' concerns/complaints about delays with ultrasound final reports or physician interpretations of ultrasounds during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Any and all DOCUMENTS reflecting or relating to YOUR policies pertaining to billing the professional and/or technical component for ultrasounds studies during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

Any and all DOCUMENTS reflecting or relating to YOUR practices, procedures, and/or policies regarding the timing of submitting requests for payment to Medicare for ultrasounds during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

Any and all DOCUMENTS reflecting or relating to YOUR practices, policies, procedures, and/or understanding as to when PVA services are considered rendered as complete for purposes of billing Medicare during the RELEVANT TIME PERIOD.

Respectfully submitted,

Dated: October 31, 2019

By: ______________________________

Justin T. Berger (*pro hac vice*)
Sarvenaz J. Fahimi (*pro hac vice*)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jberger@cpmlegal.com
sfahimi@cpmlegal.com

Wallace M. Brylak, Jr. (Bar No. 03283360)
BRYLAK LAW
15900 La Cantera Parkway, Suite 19245
San Antonio, Texas 78256
Telephone: (210) 733-5533
Facsimile: (210) 558-4804
wbrylak@brylaklaw.com

*Counsel for Relators*

**PROOF OF SERVICE**

I am employed in the County of San Mateo. I am over the age of 18 years and not a party to this action. My business address is the Law Offices of Cotchett, Pitre & McCarthy, LLP, San Francisco Airport Office Center, 840 Malcolm Road, Burlingame, California, 94010. On this day, I served the following document(s) in the manner described below:

1. **RELATORS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A., SET THREE**

✓ **VIA MAIL:** I am readily familiar with this firm's practice for causing documents to be served by first class mail. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be delivered via first class mail to the addressee(s) specified below.

✓ **VIA E-MAIL:** My e mail address is cbarbosa@cpmlegal.com. I am readily familiar with this firm's practice for causing documents to be served by e-mail. Following that practice, I caused the aforementioned document(s) to be emailed to the addressee(s) specified below.

**[SEE ATTACHED SERVICE LIST]**

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed at Burlingame, California, on October 31, 2019.

CINDY BARBOSA

**SERVICE LIST**

| | |
|---|---|
| Wallace M. Brylak, Jr.<br>Brylak & Associates<br>15900 La Cantera Pkwy, Suite 19245<br>San Antonio, TX 78256<br>wbrylak@brylaklaw.com | **CO-COUNSEL FOR RELATORS TIFFANY MONTCRIEFF, ROBERTA MARTINEZ AND ALICIA BURNETT** |
| Sean McKenna<br>Law Office of Sean McKenna, PLLC<br>8710 Greenville Avenue, Building D, Suite B<br>Dallas, Texas 75243<br>sean@seanmckennalaw.com | **COUNSEL FOR DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A.** |
| Stephen J. Romero<br>Jeff Wurzburg<br>Norton Rose Fulbright US LLP\<br>Frost Tower<br>111 W. Houston Street, Suite 1800<br>San Antonio, Texas 78205<br>stephen.romero@nortonrosefulbright.com<br>jeff.wurzburg@nortonrosefullbright.com | **COUNSEL FOR DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A.** |
| Thomas A. Parnham, Jr.<br>United States Attorney's Office<br>903 San Jacinto Blvd., Suite 334<br>Austin, Texas 78701<br>Thomas.Parnham@usdoj.gov | **COUNSEL FOR THE UNITED STATES OF AMERICA** |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. TIFFANY MONTCRIEFF, ROBERTA MARTINEZ, and ALICIA BURNETT,**<br><br>Plaintiffs,<br><br>vs.<br><br>**PERIPHERAL VASCULAR ASSOCIATES P.A.,**<br><br>Defendant. | Civil Action No. SA-17-CV-00317-XR |

**RELATORS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A., SET FOUR**

| | |
|---|---|
| **PROPOUNDING PARTY:** | RELATORS TIFFANY MONTCRIEFF, ROBERTA MARTINEZ AND ALICIA BURNETT |
| **RESPONDING PARTY:** | DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A. |
| **SET NO.:** | FOUR (4) |

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Civil Procedure 34, Relators Tiffany Montcrieff, Roberta Martinez, and Alicia Burnett (hereinafter "Relators" or "Propounding Party") request that Defendant Peripheral Vascular Associates P.A. ("PVA"), respond to this Request for Production of Documents, Set Four and produce all responsive documents at the law offices of Cotchett, Pitre & McCarthy, LLP, 840 Malcolm Road, Burlingame, California, 94010 within thirty (30) days after service of this request.

**DEFINITONS AND INSTRUCTIONS**

The following definitions and instructions are not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

**A. DEFINITIONS**

1. "PERIPHERAL VASCULAR ASSOCIATES P.A.," "PVA," "YOU," and / or "YOUR" refers to PERIPHERAL VASCULAR ASSOCIATES P.A. a Texas corporation and all agents, attorneys, accountants, consultants, independent contractors, directors, employees, executives, officers, personnel, and representatives of any of the foregoing, and any person or entity acting on behalf of any of the foregoing under an assumed name or otherwise.

2. "DOCUMENT" or "DOCUMENTS" refers to all hard-copy and electronic writings of any kind, including the original and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise. This definition of "DOCUMENTS" includes, without limitation, correspondence, memoranda, notes, handwritten notes, diaries, personal diaries, calendars, statistics, spreadsheets, letters, electronic mail, telegrams, minutes of meetings, contracts, reports, records of any events, studies, audits, text of any kind, statements, receipts, IRS returns, summaries, maps, drawings, working papers, pamphlets, books, periodicals, prospectuses, inter-office and intra-office communications, offers, notations of any sort (including regarding conversations, telephone calls, meetings or other communications), bulletins, printed matters, tapes of all kinds, computer printouts, computerized or electronically stored data, wire to wire communications, teletypes, telefaxes, invoices,

worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing. The definition of "DOCUMENTS" is also intended to include graphic material, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, and motion pictures, including digitally stored graphic material or graphic material stored on computers.

3. "COMMUNICATION" and "COMMUNICATIONS" means any letter, memorandum, e-mail, note, recording, or other transmission of information from one person or entity to another or between or among two or more persons or entities. The term includes but is not limited to conversations or discussions, whether in person or by means of telephone, teleconference, e-mail, telecopier, or other media, and also includes the circumstances by which YOU came into possession of the document evidencing the communication.

4. "Any" as well as "All" shall be construed to include "each" and "every" within their meanings.

5. "And" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," YOU should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

6. "RELATING TO" and "RELATE TO" mean concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, compromising, showing, commenting upon, evidencing, or contradicting the subject matter.

7. "RELEVANT TIME PERIOD" means January 1, 2010 through the day these Requests were propounded as indicated below.

///

///

///

## B. INSTRUCTIONS

1. Please take notice that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Relators request as follows:

2. That YOU produce within the time specified by Rule 34, each and all of the items of evidence described herein at the offices of COTCHETT, PITRE & McCARTHY, LLP, 840 Malcolm Road, Burlingame, California 94010, (or some other place to be mutually agreed upon by the parties in the days following the service of these requests) for inspection, copying and/or photographing thereof.

3. That YOU serve on the undersigned, as attorney for this requesting party, within the time allowed by Rule 34, a written response to the requests stating for each item or category, whether inspection and related activities will be permitted as requested, or YOUR objections to the request, including the reasons for the objection. If only part of a request is objected to, YOU must specify the part and permit inspection of the rest.

4. Relators request production of ESI (Electronically Stored Information) in the following format: all documents should be produced with a load file that defines document breaks, attachments, and metadata, and with a cross-reference file that facilitates the linking of the produced file with a litigation database. For emails, word processing documents, and presentations, Relators prefer production in TIFF format, with metadata and text searchable information extracted from the native file and produced as fielded metadata. Family relationships among email and attachments are to be maintained. Spreadsheets should be produced in native format.

   a. Metadata for all ESI: start bates, end bates, start attachment, end attachment, custodian or source, MD-5 hash value, title, creation date, and page count.

   b. Metadata for E-Mail: in addition to the metadata to be produced for all ESI, for all e-mail, the producing party will also produce the following as fielded metadata: subject, from, to, copyees, blind copyees, date sent, time

sent, MD-5 hash value, begin attachment, and end attachment. Family relationships among email and attachments will be maintained by ensuring that attachments immediately follow their parent email, and setting the "begin attachment" and "end attachment" metadata fields appropriately.

c. Spreadsheets: to be produced (i) as a native file, and (ii) with a load file suitable for linking it to a litigation support database that (for authentication) identifies the MD-5 hash value of each file.

5. The DOCUMENTS and ESI to be produced pursuant to these requests specifically embrace, in addition to DOCUMENTS and ESI within YOUR possession, custody or control, DOCUMENTS and ESI within the possession, custody or control of any of YOUR agents or representatives, including YOUR attorneys.

6. If YOU claim that any DOCUMENT or ESI responsive to any of the requests set forth below is privileged, and YOU withhold a DOCUMENT or ESI or any portion of a DOCUMENT or ESI on that basis, please provide the following information in writing with regard to each such DOCUMENT or ESI, either at the time YOU serve responses to the requests or at the time YOU produce DOCUMENTS or ESI:

a. the nature of the privilege YOU claim (i.e., the attorney-client privilege, work product, etc.);

b. the facts upon which YOU rely as the basis for claiming the privilege;

c. on whose behalf YOU are asserting the privilege;

d. the title (if any) and the general subject matter of the DOCUMENT or ESI;

e. person who prepared or authored the DOCUMENT or ESI;

f. the date the DOCUMENT or ESI was prepared and/or transmitted;

g. each person to whom the DOCUMENT or ESI was directed, circulated or shown; and

h. each person now in possession of the DOCUMENT or ESI.

7. Notwithstanding YOUR assertion of any privilege, if any DOCUMENT or ESI which YOU withhold on the basis of privilege nevertheless contains non-privileged information responsive to these requests, YOU must produce the non-privileged portion of the DOCUMENT or ESI; YOU may redact that portion of the DOCUMENT or ESI which YOU contend is privileged, provided that YOU furnish the non-privileged portion. PLEASE TAKE FURTHER NOTICE that if an adequate written response is not received within thirty (30) days after this request is served upon YOU, all objections will be deemed waived and a formal motion to compel production will be made pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure, and applicable local rules at that time, sanctions may be requested for the cost of said motion inasmuch as YOU are now given the opportunity to produce without the necessity of a formal notice.

8. Copies of the file tab or label of the file in which a DOCUMENT is called for in the Request is found shall be produced along with the documents found in this file.

9. DOCUMENTS attached to each other should not be separated.

10. DOCUMENTS not otherwise called for by this Request shall be produced if such DOCUMENTS refer, relate to, or explain the DOCUMENTS which are called for by this Request or if such DOCUMENTS are attached to DOCUMENTS called for by this Request and constitute routing slips, transmittal memoranda, letters, comments, evaluations or similar DOCUMENTS.

11. If YOU are aware that a DOCUMENT or thing, or group of DOCUMENTS or things, once existed, but has been destroyed, Defendant is requested to state when the DOCUMENT, group of DOCUMENTS, thing or group of things, was destroyed, why it was destroyed, and the circumstances under which it was destroyed.

///

///

///

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

Any and all DOCUMENTS reflecting or relating to Medicare claims submitted by PVA including payment or denial of such Medicare claims, during the time period December 1, 2007 to present.

Respectfully submitted,

Dated: January 7, 2020

By: ________________________________

Justin T. Berger (*pro hac vice*)
Sarvenaz J. Fahimi (*pro hac vice*)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jberger@cpmlegal.com
sfahimi@cpmlegal.com

Wallace M. Brylak, Jr. (Bar No. 03283360)
BRYLAK LAW
15900 La Cantera Parkway, Suite 19245
San Antonio, Texas 78256
Telephone: (210) 733-5533
Facsimile: (210) 558-4804
wbrylak@brylaklaw.com

*Counsel for Relators*

**PROOF OF SERVICE**

I am employed in the County of San Mateo. I am over the age of 18 years and not a party to this action. My business address is the Law Offices of Cotchett, Pitre & McCarthy, LLP, San Francisco Airport Office Center, 840 Malcolm Road, Burlingame, California, 94010. On this day, I served the following document(s) in the manner described below:

1. **RELATORS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A., SET FOUR**

✓ **VIA MAIL:** I am readily familiar with this firm's practice for causing documents to be served by first class mail. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be delivered via first class mail to the addressee(s) specified below.

✓ **VIA E-MAIL:** My e mail address is cbarbosa@cpmlegal.com. I am readily familiar with this firm's practice for causing documents to be served by e-mail. Following that practice, I caused the aforementioned document(s) to be emailed to the addressee(s) specified below.

**[SEE ATTACHED SERVICE LIST]**

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed at Burlingame, California, on January 7, 2020.

CINDY BARBOSA

**SERVICE LIST**

| | |
|---|---|
| Wallace M. Brylak, Jr.<br>Brylak & Associates<br>15900 La Cantera Pkwy, Suite 19245<br>San Antonio, TX 78256<br>wbrylak@brylaklaw.com | **CO-COUNSEL FOR RELATORS TIFFANY MONTCRIEFF, ROBERTA MARTINEZ AND ALICIA BURNETT** |
| Sean McKenna<br>Law Office of Sean McKenna, PLLC<br>8710 Greenville Avenue, Building D, Suite B<br>Dallas, Texas 75243<br>sean@seanmckennalaw.com | **COUNSEL FOR DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A.** |
| Stephen J. Romero<br>Jeff Wurzburg<br>Norton Rose Fulbright US LLP\<br>Frost Tower<br>111 W. Houston Street, Suite 1800<br>San Antonio, Texas 78205<br>stephen.romero@nortonrosefulbright.com<br>jeff.wurzburg@nortonrosefullbright.com | **COUNSEL FOR DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A.** |
| John M. Deck<br>Assistant United States Attorney<br>Texas Bar No. 24074120<br>601 N.W. Loop 410, Suite 600<br>San Antonio, Texas 78216<br>John.Deck@usdoj.gov | **COUNSEL FOR THE UNITED STATES OF AMERICA** |

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. TIFFANY MONTCRIEFF, ROBERTA MARTINEZ, and ALICIA BURNETT,**<br><br>Plaintiffs,<br><br>vs.<br><br>**PERIPHERAL VASCULAR ASSOCIATES P.A.,**<br><br>Defendant. | Civil Action No. SA-17-CV-00317-XR |

**RELATORS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A., SET FIVE**

| | |
|---|---|
| **PROPOUNDING PARTY:** | RELATORS TIFFANY MONTCRIEFF, ROBERTA MARTINEZ AND ALICIA BURNETT |
| **RESPONDING PARTY:** | DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A. |
| **SET NO.:** | FIVE (5) |

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Civil Procedure 34, Relators Tiffany Montcrieff, Roberta Martinez, and Alicia Burnett (hereinafter "Relators" or "Propounding Party") request that Defendant Peripheral Vascular Associates P.A. ("PVA"), respond to this Request for Production of Documents, Set Five and produce all responsive documents at the law offices of Cotchett, Pitre & McCarthy, LLP, 840 Malcolm Road, Burlingame, California, 94010 within thirty (30) days after service of this request.

**DEFINITONS AND INSTRUCTIONS**

The following definitions and instructions are not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

**A. DEFINITIONS**

1. "PERIPHERAL VASCULAR ASSOCIATES P.A.," "PVA," "YOU," and / or "YOUR" refers to PERIPHERAL VASCULAR ASSOCIATES P.A. a Texas corporation and all agents, attorneys, accountants, consultants, independent contractors, directors, employees, executives, officers, personnel, and representatives of any of the foregoing, and any person or entity acting on behalf of any of the foregoing under an assumed name or otherwise.

2. "DOCUMENT" or "DOCUMENTS" refers to all hard-copy and electronic writings of any kind, including the original and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise. This definition of "DOCUMENTS" includes, without limitation, correspondence, memoranda, notes, handwritten notes, diaries, personal diaries, calendars, statistics, spreadsheets, letters, electronic mail, telegrams, minutes of meetings, contracts, reports, records of any events, studies, audits, text of any kind, statements, receipts, IRS returns, summaries, maps, drawings, working papers, pamphlets, books, periodicals, prospectuses, inter-office and intra-office communications, offers, notations of any sort (including regarding conversations, telephone calls, meetings or other communications), bulletins, printed matters, tapes of all kinds, computer printouts, computerized or electronically stored data, wire to wire communications, teletypes, telefaxes, invoices,

worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing. The definition of "DOCUMENTS" is also intended to include graphic material, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, and motion pictures, including digitally stored graphic material or graphic material stored on computers.

3. "Any" as well as "All" shall be construed to include "each" and "every" within their meanings.

4. "And" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," YOU should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

**B. INSTRUCTIONS**

1. Please take notice that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Relators request as follows:

2. That YOU produce within the time specified by Rule 34, each and all of the items of evidence described herein at the offices of COTCHETT, PITRE & McCARTHY, LLP, 840 Malcolm Road, Burlingame, California 94010, (or some other place to be mutually agreed upon by the parties in the days following the service of these requests) for inspection, copying and/or photographing thereof.

3. That YOU serve on the undersigned, as attorney for this requesting party, within the time allowed by Rule 34, a written response to the requests stating for each item or category, whether inspection and related activities will be permitted as requested, or YOUR objections to the request, including the reasons for the objection. If only part of a request is objected to, YOU must specify the part and permit inspection of the rest.

4. Relators request production of ESI (Electronically Stored Information) in the following format: all documents should be produced with a load file that defines document breaks, attachments, and metadata, and with a cross-reference file that facilitates the linking of

the produced file with a litigation database. For emails, word processing documents, and presentations, Relators prefer production in TIFF format, with metadata and text searchable information extracted from the native file and produced as fielded metadata. Family relationships among email and attachments are to be maintained. Spreadsheets should be produced in native format.

a. Metadata for all ESI: start bates, end bates, start attachment, end attachment, custodian or source, MD-5 hash value, title, creation date, and page count.

b. Metadata for E-Mail: in addition to the metadata to be produced for all ESI, for all e-mail, the producing party will also produce the following as fielded metadata: subject, from, to, copyees, blind copyees, date sent, time sent, MD-5 hash value, begin attachment, and end attachment. Family relationships among email and attachments will be maintained by ensuring that attachments immediately follow their parent email, and setting the "begin attachment" and "end attachment" metadata fields appropriately.

c. Spreadsheets: to be produced (i) as a native file, and (ii) with a load file suitable for linking it to a litigation support database that (for authentication) identifies the MD-5 hash value of each file.

5. The DOCUMENTS and ESI to be produced pursuant to these requests specifically embrace, in addition to DOCUMENTS and ESI within YOUR possession, custody or control, DOCUMENTS and ESI within the possession, custody or control of any of YOUR agents or representatives, including YOUR attorneys.

6. If YOU claim that any DOCUMENT or ESI responsive to any of the requests set forth below is privileged, and YOU withhold a DOCUMENT or ESI or any portion of a DOCUMENT or ESI on that basis, please provide the following information in writing with regard to each such DOCUMENT or ESI, either at the time YOU serve responses to the requests or at the time YOU produce DOCUMENTS or ESI:

a. the nature of the privilege YOU claim (i.e., the attorney-client privilege, work product, etc.);

b. the facts upon which YOU rely as the basis for claiming the privilege;

c. on whose behalf YOU are asserting the privilege;

d. the title (if any) and the general subject matter of the DOCUMENT or ESI;

e. person who prepared or authored the DOCUMENT or ESI;

f. the date the DOCUMENT or ESI was prepared and/or transmitted;

g. each person to whom the DOCUMENT or ESI was directed, circulated or shown; and

h. each person now in possession of the DOCUMENT or ESI.

7. Notwithstanding YOUR assertion of any privilege, if any DOCUMENT or ESI which YOU withhold on the basis of privilege nevertheless contains non-privileged information responsive to these requests, YOU must produce the non-privileged portion of the DOCUMENT or ESI; YOU may redact that portion of the DOCUMENT or ESI which YOU contend is privileged, provided that YOU furnish the non-privileged portion. PLEASE TAKE FURTHER NOTICE that if an adequate written response is not received within thirty (30) days after this request is served upon YOU, all objections will be deemed waived and a formal motion to compel production will be made pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure, and applicable local rules at that time, sanctions may be requested for the cost of said motion inasmuch as YOU are now given the opportunity to produce without the necessity of a formal notice.

8. Copies of the file tab or label of the file in which a DOCUMENT is called for in the Request is found shall be produced along with the documents found in this file.

9. DOCUMENTS attached to each other should not be separated.

10. DOCUMENTS not otherwise called for by this Request shall be produced if such DOCUMENTS refer, relate to, or explain the DOCUMENTS which are called for by this

Request or if such DOCUMENTS are attached to DOCUMENTS called for by this Request and constitute routing slips, transmittal memoranda, letters, comments, evaluations or similar DOCUMENTS.

11. If YOU are aware that a DOCUMENT or thing, or group of DOCUMENTS or things, once existed, but has been destroyed, Defendant is requested to state when the DOCUMENT, group of DOCUMENTS, thing or group of things, was destroyed, why it was destroyed, and the circumstances under which it was destroyed.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

Any and all user guides, manuals, or instructions for the Allscripts products used by YOU, or other DOCUMENTS that provide guidance on YOUR use of the Allscripts system.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

Any and all user guides, manuals, or instructions for the Medstreaming products used by YOU, or other DOCUMENTS that provide guidance on YOUR use of the Medstreaming system.

Respectfully submitted,

Dated: March 10, 2020

By: ______________________

Justin T. Berger (*pro hac vice*)
Sarvenaz J. Fahimi (*pro hac vice*)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jberger@cpmlegal.com
sfahimi@cpmlegal.com

Wallace M. Brylak, Jr. (Bar No. 03283360)
BRYLAK LAW
15900 La Cantera Parkway, Suite 19245
San Antonio, Texas 78256
Telephone: (210) 733-5533
Facsimile: (210) 558-4804
wbrylak@brylaklaw.com

*Counsel for Relators*

## PROOF OF SERVICE

I am employed in the County of San Mateo. I am over the age of 18 years and not a party to this action. My business address is the Law Offices of Cotchett, Pitre & McCarthy, LLP, San Francisco Airport Office Center, 840 Malcolm Road, Burlingame, California, 94010. On this day, I served the following document(s) in the manner described below:

1. **RELATORS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A., SET FIVE**

✓ **VIA MAIL:** I am readily familiar with this firm's practice for causing documents to be served by first class mail. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be delivered via first class mail to the addressee(s) specified below.

✓ **VIA E-MAIL:** My e mail address is fvazquez@cpmlegal.com. I am readily familiar with this firm's practice for causing documents to be served by e-mail. Following that practice, I caused the aforementioned document(s) to be emailed to the addressee(s) specified below.

**[SEE ATTACHED SERVICE LIST]**

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed at Burlingame, California, on March 10, 2020.

FRANCISCO J. VAZQUEZ-MARQUEZ

**SERVICE LIST**

| | |
|---|---|
| Wallace M. Brylak, Jr.<br>Brylak & Associates<br>15900 La Cantera Pkwy, Suite 19245<br>San Antonio, TX 78256<br>wbrylak@brylaklaw.com | **CO-COUNSEL FOR RELATORS TIFFANY MONTCRIEFF, ROBERTA MARTINEZ AND ALICIA BURNETT** |
| Sean McKenna<br>Spencer Fane LLP<br>2200 Ross Avenue<br>Suite 4800 West<br>Dallas, TX 75201<br>smckenna@spencerfane.com | **COUNSEL FOR DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A.** |
| Stephen J. Romero<br>Jeff Wurzburg<br>Norton Rose Fulbright US LLP\<br>Frost Tower<br>111 W. Houston Street, Suite 1800<br>San Antonio, Texas 78205<br>stephen.romero@nortonrosefulbright.com<br>jeff.wurzburg@nortonrosefullbright.com | **COUNSEL FOR DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A.** |
| John M. Deck<br>Assistant United States Attorney<br>Texas Bar No. 24074120<br>601 N.W. Loop 410, Suite 600<br>San Antonio, Texas 78216<br>John.Deck@usdoj.gov | **COUNSEL FOR THE UNITED STATES OF AMERICA** |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. TIFFANY MONTCRIEFF, ROBERTA MARTINEZ, and ALICIA BURNETT,**<br><br>Plaintiffs,<br><br>vs.<br><br>**PERIPHERAL VASCULAR ASSOCIATES P.A.,**<br><br>Defendant. | Civil Action No. SA-17-CV-00317-XR |

**RELATORS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A., SET SIX**

| | |
|---|---|
| **PROPOUNDING PARTY:** | RELATORS TIFFANY MONTCRIEFF, ROBERTA MARTINEZ AND ALICIA BURNETT |
| **RESPONDING PARTY:** | DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A. |
| **SET NO.:** | SIX (6) |

**<u>TO DEFENDANT AND ITS ATTORNEYS OF RECORD:</u>**

Pursuant to Federal Rule of Civil Procedure 34, Relators Tiffany Montcrieff, Roberta Martinez, and Alicia Burnett (hereinafter "Relators" or "Propounding Party") request that Defendant Peripheral Vascular Associates P.A. ("PVA"), respond to this Request for Production of Documents, Set Six and produce all responsive documents at the law offices of Cotchett, Pitre & McCarthy, LLP, 840 Malcolm Road, Burlingame, California, 94010 within thirty (30) days after service of this request.

**<u>DEFINITONS AND INSTRUCTIONS</u>**

The following definitions and instructions are not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

**A. <u>DEFINITIONS</u>**

1. "PERIPHERAL VASCULAR ASSOCIATES P.A.," "PVA," "YOU," and / or "YOUR" refers to PERIPHERAL VASCULAR ASSOCIATES P.A. a Texas corporation and all agents, attorneys, accountants, consultants, independent contractors, directors, employees, executives, officers, personnel, and representatives of any of the foregoing, and any person or entity acting on behalf of any of the foregoing under an assumed name or otherwise.

2. "DOCUMENT" or "DOCUMENTS" refers to all hard-copy and electronic writings of any kind, including the original and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise. This definition of "DOCUMENTS" includes, without limitation, correspondence, memoranda, notes, handwritten notes, diaries, personal diaries, calendars, statistics, spreadsheets, letters, electronic mail, telegrams, minutes of meetings, contracts, reports, records of any events, studies, audits, text of any kind, statements, receipts, IRS returns, summaries, maps, drawings, working papers, pamphlets, books, periodicals, prospectuses, inter-office and intra-office communications, offers, notations of any sort (including regarding conversations, telephone calls, meetings or other communications), bulletins, printed matters, tapes of all kinds, computer printouts, computerized or electronically stored data, wire to wire communications, teletypes, telefaxes, invoices,

worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing. The definition of "DOCUMENTS" is also intended to include graphic material, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, and motion pictures, including digitally stored graphic material or graphic material stored on computers.

3. "Any" as well as "All" shall be construed to include "each" and "every" within their meanings.

4. "And" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," YOU should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

**B. <u>INSTRUCTIONS</u>**

1. Please take notice that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Relators request as follows:

2. That YOU produce within the time specified by Rule 34, each and all of the items of evidence described herein at the offices of COTCHETT, PITRE & McCARTHY, LLP, 840 Malcolm Road, Burlingame, California 94010, (or some other place to be mutually agreed upon by the parties in the days following the service of these requests) for inspection, copying and/or photographing thereof.

3. That YOU serve on the undersigned, as attorney for this requesting party, within the time allowed by Rule 34, a written response to the requests stating for each item or category, whether inspection and related activities will be permitted as requested, or YOUR objections to the request, including the reasons for the objection. If only part of a request is objected to, YOU must specify the part and permit inspection of the rest.

4. Relators request production of ESI (Electronically Stored Information) in the following format: all documents should be produced with a load file that defines document breaks, attachments, and metadata, and with a cross-reference file that facilitates the linking of

the produced file with a litigation database. For emails, word processing documents, and presentations, Relators prefer production in TIFF format, with metadata and text searchable information extracted from the native file and produced as fielded metadata. Family relationships among email and attachments are to be maintained. Spreadsheets should be produced in native format.

a. Metadata for all ESI: start bates, end bates, start attachment, end attachment, custodian or source, MD-5 hash value, title, creation date, and page count.

b. Metadata for E-Mail: in addition to the metadata to be produced for all ESI, for all e-mail, the producing party will also produce the following as fielded metadata: subject, from, to, copyees, blind copyees, date sent, time sent, MD-5 hash value, begin attachment, and end attachment. Family relationships among email and attachments will be maintained by ensuring that attachments immediately follow their parent email, and setting the "begin attachment" and "end attachment" metadata fields appropriately.

c. Spreadsheets: to be produced (i) as a native file, and (ii) with a load file suitable for linking it to a litigation support database that (for authentication) identifies the MD-5 hash value of each file.

5. The DOCUMENTS and ESI to be produced pursuant to these requests specifically embrace, in addition to DOCUMENTS and ESI within YOUR possession, custody or control, DOCUMENTS and ESI within the possession, custody or control of any of YOUR agents or representatives, including YOUR attorneys.

6. If YOU claim that any DOCUMENT or ESI responsive to any of the requests set forth below is privileged, and YOU withhold a DOCUMENT or ESI or any portion of a DOCUMENT or ESI on that basis, please provide the following information in writing with regard to each such DOCUMENT or ESI, either at the time YOU serve responses to the requests or at the time YOU produce DOCUMENTS or ESI:

a. the nature of the privilege YOU claim (i.e., the attorney-client privilege, work product, etc.);

b. the facts upon which YOU rely as the basis for claiming the privilege;

c. on whose behalf YOU are asserting the privilege;

d. the title (if any) and the general subject matter of the DOCUMENT or ESI;

e. person who prepared or authored the DOCUMENT or ESI;

f. the date the DOCUMENT or ESI was prepared and/or transmitted;

g. each person to whom the DOCUMENT or ESI was directed, circulated or shown; and

h. each person now in possession of the DOCUMENT or ESI.

7. Notwithstanding YOUR assertion of any privilege, if any DOCUMENT or ESI which YOU withhold on the basis of privilege nevertheless contains non-privileged information responsive to these requests, YOU must produce the non-privileged portion of the DOCUMENT or ESI; YOU may redact that portion of the DOCUMENT or ESI which YOU contend is privileged, provided that YOU furnish the non-privileged portion. PLEASE TAKE FURTHER NOTICE that if an adequate written response is not received within thirty (30) days after this request is served upon YOU, all objections will be deemed waived and a formal motion to compel production will be made pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure, and applicable local rules at that time, sanctions may be requested for the cost of said motion inasmuch as YOU are now given the opportunity to produce without the necessity of a formal notice.

8. Copies of the file tab or label of the file in which a DOCUMENT is called for in the Request is found shall be produced along with the documents found in this file.

9. DOCUMENTS attached to each other should not be separated.

10. DOCUMENTS not otherwise called for by this Request shall be produced if such DOCUMENTS refer, relate to, or explain the DOCUMENTS which are called for by this

Request or if such DOCUMENTS are attached to DOCUMENTS called for by this Request and constitute routing slips, transmittal memoranda, letters, comments, evaluations or similar DOCUMENTS.

11. If YOU are aware that a DOCUMENT or thing, or group of DOCUMENTS or things, once existed, but has been destroyed, Defendant is requested to state when the DOCUMENT, group of DOCUMENTS, thing or group of things, was destroyed, why it was destroyed, and the circumstances under which it was destroyed.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

Any and all documents YOU relied on in establishing, administering, using or implementing YOUR prior practice or policy of submitting claims for reimbursement to Medicare for PVA's global ultrasound services when the professional component to the global service had not been completed.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

Any and all DOCUMENTS related or referring to the document bearing the bates labels DEF007085-DEF007087, including, but not limited to, any drafts thereof, and any documents related to the development or implementation of the policies and procedures reflected therein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

Any and all DOCUMENTS that support YOUR position that "Medicare allows" YOUR services to be billed on a global basis before the professional component has been completed, as testified to by your representative, Katherine E. Britt, in her deposition on October 10, 2019 (see, e.g., Page 109 of transcript).

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

Any and all DOCUMENTS that support the appropriateness of YOUR practice of allowing technologists to determine what tests to order for a patient based on training from YOUR physicians, as testified to by Katherine E. Britt (see, e.g., Page 100 of transcript).

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:**

Any and all DOCUMENTS that support YOUR position that the professional component of the studies YOU perform is complete upon your physicians' signing of the office visit note, as testified to by your representative, Katherine E. Britt, in her deposition on October 10, 2019 (see, e.g., Page 255 of transcript).

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:**

Any and all versions, including drafts, of your "Coding and Compliance Plan," one version of which begins at DEF000693.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24:**

Any and all versions, including drafts, of your "Duplicate Billing" policy, one version of which was provided at DEF000715.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25:**

Any and all versions, including drafts, of your "Improper Use of Modifiers" policy, one version of which was provided at DEF000716.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:**

Any and all versions, including drafts, of your "Billing items or services not actually documented" policy, one version of which was provided at DEF000718.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27:**

Any and all versions, including drafts, of your "Lack of integrity in computer systems" policy, one version of which was provided at DEF000724.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:**

Any and all versions, including drafts, of your "Inadequate resolution of overpayment" policy, one version of which was provided at DEF000724.

Respectfully submitted,

Dated: May 6, 2020 By: ______________________

Justin T. Berger (*pro hac vice*)
Sarvenaz J. Fahimi (*pro hac vice*)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jberger@cpmlegal.com
sfahimi@cpmlegal.com

Wallace M. Brylak, Jr. (Bar No. 03283360)
BRYLAK LAW
15900 La Cantera Parkway, Suite 19245
San Antonio, Texas 78256
Telephone: (210) 733-5533
Facsimile: (210) 558-4804
wbrylak@brylaklaw.com

*Counsel for Relators*

**PROOF OF SERVICE**

I am employed in the County of San Mateo. I am over the age of 18 years and not a party to this action. My business address is the Law Offices of Cotchett, Pitre & McCarthy, LLP, San Francisco Airport Office Center, 840 Malcolm Road, Burlingame, California, 94010. On this day, I served the following document(s) in the manner described below:

1. **RELATORS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A., SET SIX**

✓ **VIA MAIL:** I am readily familiar with this firm's practice for causing documents to be served by first class mail. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be delivered via first class mail to the addressee(s) specified below.

✓ **VIA E-MAIL:** My e mail address is cbarbosa@cpmlegal.com. I am readily familiar with this firm's practice for causing documents to be served by e-mail. Following that practice, I caused the aforementioned document(s) to be emailed to the addressee(s) specified below.

**[SEE ATTACHED SERVICE LIST]**

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed at Burlingame, California, on May 6, 2020.

CINDY BARBOSA

**SERVICE LIST**

| | |
|---|---|
| Wallace M. Brylak, Jr.<br>Brylak & Associates<br>15900 La Cantera Pkwy, Suite 19245<br>San Antonio, TX 78256<br>wbrylak@brylaklaw.com | **CO-COUNSEL FOR RELATORS TIFFANY MONTCRIEFF, ROBERTA MARTINEZ AND ALICIA BURNETT** |
| Sean McKenna<br>Spencer Fane LLP<br>2200 Ross Avenue<br>Suite 4800 West<br>Dallas, TX 75201<br>smckenna@spencerfane.com | **COUNSEL FOR DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A.** |
| Stephen J. Romero<br>Jeff Wurzburg<br>Norton Rose Fulbright US LLP<br>Frost Tower<br>111 W. Houston Street, Suite 1800<br>San Antonio, Texas 78205<br>stephen.romero@nortonrosefulbright.com<br>jeff.wurzburg@nortonrosefullbright.com | **COUNSEL FOR DEFENDANT PERIPHERAL VASCULAR ASSOCIATES P.A.** |
| John M. Deck<br>Assistant United States Attorney<br>Texas Bar No. 24074120<br>601 N.W. Loop 410, Suite 600<br>San Antonio, Texas 78216<br>John.Deck@usdoj.gov | **COUNSEL FOR THE UNITED STATES OF AMERICA** |