# EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA ex rel., TIFFANY MONTCRIEFF, et al.,** | § | |
| **Relators, Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 5:17-CV-00317-XR** |
| **PERIPHERAL VASCULAR ASSOCIATES, P.A.,** | § | |
| **Defendant.** | § | |

**DEFENDANT PERIPHERAL VASCULAR ASSOCIATES' RESPONSES TO RELATORS' APPENDIX**

The so-called "facts" included in Relators' Appendix are not properly presented as undisputed facts under Rule 56. Relators' Appendix includes legal contentions and conclusions that are not facts, sets out multiple alleged "facts" together without identifying support for each, and repeatedly cites unsupported documents and testimony. Such allegations should be stricken and removed from the Court's consideration. Out of an abundance of caution, PVA nonetheless responds to the alleged "facts" included in Relators' Appendix despite such a document and its conclusions therein are improper and should be stricken.

1. Uncontroverted for purposes of this Motion.

2. Uncontroverted for purposes of this Motion.

3. Uncontroverted for purposes of this Motion. PVA objects to the admissibility of Ex. 54 as an improper summary document.

4. Uncontroverted for the purposes of this Motion.

5. Uncontroverted for purposes of this Motion. PVA objects to the admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the

admissibility of opinions of Relators' proffered expert witness Dr. James Alexander as detailed in Dkt. 82.

6. Uncontroverted for purposes of this Motion.

7. Uncontroverted for purposes of this Motion.

8. Objection. This is not a proper factual statement, but rather a legal argument. To the extent a response is required, it is controverted. *See* Dkt. 94, at 4-8. PVA objects to the admissibility of the testimony of Lyssa Ochoa because it is irrelevant under FRE 401 and 403, she lacks foundation under FRE 602, and she provides an improper expert opinion under FRE 702 and 703.

9. Controverted. The statement is not supported by the cited documents and testimony. Relators' summary of the testimony is not accurate.

10. Controverted. The statement is not supported by the cited documents or any other admissible evidence. PVA objects to the admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the admissibility of opinions of Relators' proffered expert witness Dr. Zachary Nye as detailed in Dkt. 86. *See also* Dkt. 94, at 4-8.

11. Controverted, but immaterial. The statement is not supported by the cited documents and testimony. Relators' summary of the testimony is not accurate. Dr. Alsabrook testified to his practice and that he did not know of other physicians' practices. *See also* Dkt. 94, at 4-8.

12. Uncontroverted for purposes of this Motion. PVA objects to the admissibility of Ex. 53 as an improper summary document.

13. Controverted in part, but immaterial. The statement is not supported by the cited documents and testimony. None of the documents or testimony states that "testing only" patients

never receive E/M services. PVA objects to the admissibility of Ex. 53 as an improper summary document.

14. Uncontroverted for purposes of this Motion, and immaterial. PVA objects to the admissibility of Ex. 53 as an improper summary document.

15. Objection. This is not a proper factual statement, but rather a legal argument. To the extent a response is required, it is controverted. *See* Dkt. 94, at 4-8. PVA objects to the admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the admissibility of opinions of Relators' proffered expert witness Dr. James Alexander as detailed in Dkt. 82. PVA objects to the admissibility of Ex. 54 as an improper summary document.

16. Uncontroverted for purposes of this Motion, and immaterial.

17. Objection. The statements is not supported by admissible evidence. PVA objects to the testimony cited because the witness lacks foundation under FRE 602. To the extent a response is required, it is controverted. *See* Dkt. 94, at 4-8.

18. Uncontroverted that "For certain tests, during some of the pertinent time period, PVA utilized a 'pool' reading system, pursuant to which any number of PVA physicians could review and sign Medstreaming reports." Remainder controverted as unsupported by admissible evidence. The statement is not supported by the cited documents and testimony.

19. Uncontroverted for purposes of this Motion, and immaterial.

20. Uncontroverted for purposes of this Motion, and immaterial. PVA objects to the admissibility of the testimony of Lyssa Ochoa because it is irrelevant under FRE 401 and 403, she lacks foundation under FRE 602, and she provides an improper expert opinion under FRE 702 and 703.

21. Controverted in part, but immaterial. According to the materials cited by Relators, the procedures at issue do not fall within the umbrella of Radiology. The CPT guidebook cited has a separate section for Radiology, but CPT codes for "Non-Invasive Vascular Diagnostic Studies" do not fall under the Radiology section; they fall under the separate section of "Medicine." *See* Fahimi Decl. Exs. 45, 55. PVA also objects to the testimony cited by Relators because the witness lacks foundation under FRE 602 to provide an answer to the question asked. The remainder is uncontroverted for purposes of this Motion.

22. Uncontroverted for purposes of this Motion.

23. Uncontroverted for purposes of this Motion, and immaterial. PVA objects to the admissibility of the testimony of Lyssa Ochoa because it is irrelevant under FRE 401 and 403, she lacks foundation under FRE 602, and she provides an improper expert opinion under FRE 702 and 703. PVA objects to the admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the admissibility of opinions of Relators' proffered expert witness Dr. James Alexander as detailed in Dkt. 82.

24. Uncontroverted for purposes of this Motion, and immaterial. PVA objects to the admissibility of the testimony of Lyssa Ochoa because it is irrelevant under FRE 401 and 403, she lacks foundation under FRE 602, and she provides an improper expert opinion under FRE 702 and 703. PVA objects to the admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the admissibility of opinions of Relators' proffered expert witness Dr. James Alexander as detailed in Dkt. 82.

25. Controverted in part, but immaterial. While services should be documented, there is no federal healthcare statute or regulation requiring any specific report for interpretations of vascular studies. PVA objects to the admissibility of the testimony of Lyssa Ochoa because it is

irrelevant under FRE 401 and 403, she lacks foundation under FRE 602, and she provides an improper expert opinion under FRE 702 and 703. PVA objects to the admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the admissibility of opinions of Relators' proffered expert witness Dr. James Alexander as detailed in Dkt. 82.

26. Controverted. PVA objects to the admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the admissibility of opinions of Relators' proffered expert witness Dr. Zachary Nye as detailed in Dkt. 86. *See also* Dkt. 94, at 4-8.

27. Controverted in part, but immaterial. It is uncontroverted that the professional component of vascular studies was billed before a Medstreaming report was signed for some services. The remainder is controverted. *See* Dkt. 94, at 4-8.

28. Controverted, but immaterial. *See* Dkt. 94, at 4-8.

29. Objection. This is not a proper factual statement, but rather a legal argument. To the extent a response is required, it is controverted. *See* Dkt. 94, at 4-8.

30. Controverted in part, but immaterial. It is uncontroverted that for some patients, there was no charge for an evaluation and management service. The remainder is controverted. *See* Dkt. 94, at 4-8. PVA also objects to the admissibility of Ex. 53 as an improper summary document.

31. Objection. This is not a proper factual statement, but rather a legal argument. To the extent a response is required, it is controverted. *See* Dkt. 94, at 4-8. PVA objects to the admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the admissibility of opinions of Relators' proffered expert witness Dr. James Alexander as detailed in Dkt. 82.

32. Controverted in part, but immaterial. Controverted that "PVA's physicians do not see those patients, but only interpret the vascular studies conducted by PVA's physicians." *See* Dkt. 94, at 4-8. The remainder is uncontroverted. PVA also objects to the admissibility of Ex. 53 as an improper summary document.

33. Controverted. PVA objects to the admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the admissibility of opinions of Relators' proffered expert witness Dr. Zachary Nye as detailed in Dkt. 86. *See* Dkt. 94, at 4-8.

34. Uncontroverted for purposes of this Motion.

35. Uncontroverted for purposes of this Motion.

36. Uncontroverted for purposes of this Motion.

37. Uncontroverted for purposes of this Motion.

38. Uncontroverted for purposes of this Motion.

39. Controverted. *See* Dkt. 94, at 4-8. PVA also objects to the admissibility of Ex. 53 as an improper summary document.

40. Objection. The statement is not supported by admissible evidence. PVA objects to the admissibility of Ex. 53 as an improper summary document. To the extent a response is required, it is controverted. *See* Dkt. 94, at 4-8.

41. Controverted, but immaterial. The cited testimony does not support the statement.

42. Objection. This is not a proper factual statement, but rather a legal argument. To the extent a response is required, it is controverted. *See* Dkt. 94, at 4-8. PVA objects to the admissibility of Ex. 53 and Ex. 54 as improper summary documents.

43. Objection. This is not a proper factual statement, but rather a legal argument. To the extent a response is required, it is controverted. *See* Dkt. 94, at 4-8. PVA objects to the

admissibility of Ex. 53 and Ex. 54 as improper summary documents. PVA objects to the admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the admissibility of opinions of Relators' proffered expert witness Dr. James Alexander as detailed in Dkt. 82.

44. Objection. This is not a proper factual statement, but rather a legal argument. To the extent a response is required, it is controverted. *See* Dkt. 94, at 4-8. PVA objects to the admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the admissibility of opinions of Relators' proffered expert witness Dr. James Alexander as detailed in Dkt. 82.

45. Objection. The cited testimony does not support the statement. To the extent a response is required, it is controverted. *See* Dkt. 94, at 4-8.

46. Objection. The cited testimony does not support the statement. To the extent a response is required, it is controverted. *See* Dkt. 94, at 4-8.

47. Objection. The cited testimony does not support the statement. Relators have not established foundation for admissibility of the documents. The documents also contain inadmissible hearsay. To the extent a response is required, it is controverted. *See* Dkt. 94, at 4-8.

48. Objection. The cited testimony does not support the statement. Relators have not established foundation for admissibility of the documents. The documents also contain inadmissible hearsay. To the extent a response is required, it is uncontroverted for purposes of this Motion.

49. Objection. This is not a proper factual statement. The documents do not support the statement. To the extent a response is required, it is uncontroverted for purposes of this Motion.

50. Objection. This is not a proper factual statement. The documents do not support the statement. Relators have not established foundation for admissibility of the documents. The documents also contain inadmissible hearsay. To the extent a response is required, it is controverted. *See* Dkt. 94, at 4-8.

51. Objection. The documents and testimony do not support the statement. Relators have not established foundation for admissibility of the documents. The documents also contain inadmissible hearsay. To the extent a response is required, it is uncontroverted for purposes of this Motion.

52. Objection. This is not a proper factual statement. The documents do not support the statement. Relators have not established foundation for admissibility of the documents. The documents also contain inadmissible hearsay. To the extent a response is required, it is controverted. *See* Dkt. 94, at 4-8.

53. Uncontroverted for purposes of this Motion.

54. Uncontroverted for purposes of this Motion.

55. Uncontroverted for purposes of this Motion.

56. Controverted. *See* Ex. 1 to Fahimi Decl., Dr. Alsabrook Dep. Tr. at 21:22-22:6.

57. Objection. This is not a proper factual statement. To the extent a response is required, the content of the compliance plan is uncontroverted. The remainder of the statement is controverted as unsupported by the cited documents.

58. Objection. This is not a proper factual statement. To the extent a response is required, the content of the compliance plan is uncontroverted. The remainder of the statement is controverted as unsupported by the cited documents.

59. Uncontroverted for purposes of this Motion.

60. Objection. This is not a proper factual statement. To the extent a response is required, the content of the compliance plan is uncontroverted. The remainder of the statement is controverted as unsupported by the cited documents.

61. Controverted in part, but immaterial. The content of the compliance plan is uncontroverted. The remainder of the statement is controverted as unsupported by the cited documents.

62. Controverted, but immaterial. The cited testimony does not support the statement.

63. Controverted in part, but immaterial. Uncontroverted that Dr. Alsabrook has been the compliance officer since 2016. The statement about a written job description is controverted as unsupported by the cited testimony.

64. Objection. This is not a proper factual statement. To the extent a response is required, it is uncontroverted for purposes of this motion and immaterial.

65. Objection. This is not a proper factual statement, but rather a legal argument. To the extent a response is required, it is controverted, but immaterial. PVA never claimed that accreditation is completely irrelevant. Clearly, being an accredited lab is one way to perform vascular studies. But it is not the only way, and being accredited does not transform accreditation standards or guidelines into Medicare requirements. That is especially so where, as here, a lab does not need to be accredited to perform vascular studies.

66. Uncontroverted for purposes of this Motion, and immaterial.

67. Objection. This is not a proper factual statement, but rather a legal argument. To the extent a response is required, it is controverted, but immaterial. PVA objects to the admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the admissibility of opinions of Relators' proffered expert witnesses Dr. James Alexander and Mr. Robert Church as detailed in Docs. 82 and 83. PVA objects to the admissibility of the ACR document because it is irrelevant under FRE 401 and 403, inadmissible hearsay under FRE 801, 802, and 805, and has not been properly authenticated under FRE 901.

68. Controverted, but immaterial. PVA objects to the admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the admissibility of opinions of Relators' proffered expert witness Dr. James Alexander as detailed in Dkt. 82. PVA objects to the admissibility of the ACR document because it is irrelevant under FRE 401 and 403, inadmissible hearsay under FRE 801, 802, and 805, and has not been properly authenticated under FRE 901. PVA objects to the admissibility of the testimony of Lyssa Ochoa because it is irrelevant under FRE 401 and 403, she lacks foundation under FRE 602, and she provides an improper expert opinion under FRE 702 and 703.

69. Controverted, but immaterial. PVA objects to the admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the admissibility of opinions of Relators' proffered expert witness Dr. James Alexander as detailed in Dkt. 82. PVA objects to the admissibility of the ACR document because it is irrelevant under FRE 401 and 403, inadmissible hearsay under FRE 801, 802, and 805, and has not been properly authenticated under FRE 901.

70. Objection. This is not a proper factual statement. To the extent a response is required, it is controverted in part, but immaterial. It is uncontroverted that PVA attempts to

read most studies performed in a hospital setting within 48 hours and that the only link into PVA's billing system for hospital studies is a Medstreaming report. The remainder is controverted as not supported by the cited documents or testimony. PVA objects to Exhibit 13 because it is inadmissible hearsay under FRE 801, 802, and 805.

71. Controverted, but immaterial. The cited documents do not support the statement. The second paragraph is not a factual statement, but rather a legal argument.

72. Objection. This is not a proper factual statement, but rather a legal argument. To the extent a response is required, it is controverted, but immaterial. The cited documents do not support the statement. PVA objects to the admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the admissibility of opinions of Relators' proffered expert witnesses Dr. James Alexander and Mr. Robert Church as detailed in Docs. 82 and 83.

73. Objection. This is not a proper factual statement, but rather a legal argument. To the extent a response is required, it is controverted, but immaterial. The cited documents do not support the statement.

74. Controverted, but immaterial. PVA objects to the admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the admissibility of opinions of Relators' proffered expert witness Dr. James Alexander as detailed in Dkt. 82. PVA objects to the admissibility of the ACR document because it is irrelevant under FRE 401 and 403, inadmissible hearsay under FRE 801, 802, and 805, and has not been properly authenticated under FRE 901.

75. Objection. This is not a proper factual statement, but rather a legal argument. To the extent a response is required, it is controverted, but immaterial. PVA objects to the

admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the admissibility of opinions of Relators' proffered expert witness Dr. James Alexander as detailed in Dkt. 82. PVA objects to the admissibility of Exhibits 41, 42, 43, 44, 47, and 48 because they are irrelevant under FRE 401 and 403, inadmissible hearsay under FRE 801, 802, and 805, and have not been properly authenticated under FRE 901.

76. Uncontroverted for purposes of this Motion.

77. Objection. This is not a proper factual statement, but rather a legal argument. To the extent a response is required, it is controverted, but immaterial. *See* Dkt. 94, at 4-8.

78. Objection. This is not a proper factual statement, but rather a legal argument. To the extent a response is required, it is controverted, but immaterial. *See* Dkt. 94, at 4-8. PVA also objects to the admissibility of Ex. 54 as an improper summary document.

79. Controverted. The statement is not supported by the cited document.

80. Controverted. The statement is not supported by admissible evidence. PVA objects to the admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the admissibility of opinions of Relators' proffered expert witness Dr. Zachary Nye as detailed in Dkt. 86. *See also* Dkt. 94, at 4-8.

81. Controverted. The statement is not supported by admissible evidence. PVA objects to the admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the admissibility of opinions of Relators' proffered expert witness Dr. Zachary Nye as detailed in Dkt. 86. *See also* Dkt. 94, at 4-8.

82. Uncontroverted for purposes of this Motion, and immaterial.

83. Controverted because the cited document does not support the statement.

84. Objection. This is not a proper factual statement, but rather a legal argument. To the extent a response is required, it is controverted, but immaterial. PVA objects to Exhibit 204 because it is inadmissible hearsay under FRE 801, 802, and 805, and has not been properly authenticated under FRE 901.

85. Objection. This is not a proper factual statement, but rather a legal argument. To the extent a response is required, it is uncontroverted that the document says what it says. The remainder is controverted because the statements are not supported by the cited document.

86. Controverted. The statement is not supported by admissible evidence. PVA objects to the admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the admissibility of opinions of Relators' proffered expert witness Dr. Zachary Nye as detailed in Dkt. 86. *See also* Dkt. 94, at 4-8.

87. Controverted. The statement is not supported by admissible evidence. PVA objects to the admissibility of any expert report as improper hearsay under FRE 801, 802, and 805. PVA objects to the admissibility of opinions of Relators' proffered expert witness Dr. Zachary Nye as detailed in Dkt. 86. *See also* Dkt. 94, at 4-8.

By: *<u>/s/ Sean McKenna</u>*
Sean McKenna
State Bar No. 24007652
smckenna@spencerfane.com
Mark A. Cole
*Admitted Pro Hac Vice*
mcole@spencerfane.com
SPENCER FANE LLP
2200 Ross Avenue, Suite 4800 West
Dallas, Texas 75201
Telephone: 214-459-5890
Facsimile: 214-750-3612

Stephen J. Romero
State Bar No. 24046756
stephen.romero@nortonrosefulbright.com
Jeff Wurzburg
State Bar No. 24105140
jeff.wurzburg@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
Frost Tower 111 W. Houston Street, Suite 1800
San Antonio, Texas 78205
Telephone: 210-224-5575
Facsimile: 210-270-7205

Counsel for Defendant
Peripheral Vascular Associates, P.A.