# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel.** **TIFFANY MONTCRIEFF, ROBERTA** **MARTINEZ, and ALICIA BURNETT,** | |
| Plaintiffs, | |
| vs. | Civil Action No. SA-17-CV-00317-XR |
| **PERIPHERAL VASCULAR** **ASSOCIATES P.A.,** | |
| Defendant. | |

**JOINT PROPOSED JURY INSTRUCTIONS**

## MODEL GENERAL INSTRUCTION NO. 1.1

## INSTRUCTIONS FOR BEGINNING OF TRIAL[1]

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, [claims] [charges], evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

---

[1] Committee on Civil Pattern Jury Instructions District Judges Association, Fifth Circuit.  All model numbered instructions hereafter refer to the Fifth Circuit Pattern Jury Instructions.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

## <u>MODEL GENERAL INSTRUCTION NO. 1.2</u>

## <u>PRELIMINARY INSTRUCTIONS TO JURY</u>

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

Alternate 1:

Pay close attention to the testimony and evidence. You will not be allowed to take notes.

Alternate 2:

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony. Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and

persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present [his/her/its] case through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity to present [his/her/its] case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, [I will instruct you on the law that applies to this case. The lawyers will then make closing arguments.][I will instruct you on the law that applies to this case. The lawyers will then

make closing arguments.][1] Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, [the closing arguments, and my instructions.][my instructions, and the closing arguments.]

It is now time for the opening statements.

---

[1] Some judges prefer to instruct the jury before the lawyers argue, so that the closing arguments can address the instructions. Other judges prefer to have arguments before the instructions.

## MODEL GENERAL INSTRUCTION NO. 2.1

### FIRST RECESS

We are about to take our first break in this trial. Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors. If anyone approaches you and tries to talk to you about the case, advise me about it immediately. Do not read or listen to any news reports of the trial or use any technology tools to do independent research. Remember to keep an open mind until all the evidence has been received. Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

## MODEL GENERAL INSTRUCTION NO. 2.2

## STIPULATED TESTIMONY

A "stipulation" is something that the attorneys agree is accurate. When there is no dispute about certain testimony, the attorneys may agree or "stipulate" to that testimony.

Stipulated testimony must be considered in the same way as if that testimony had been received here in court.

## **MODEL GENERAL INSTRUCTION NO. 2.3**

## **STIPULATIONS OF FACT**

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

## MODEL GENERAL INSTRUCTION NO. 2.4

## JUDICIAL NOTICE

You must accept as proved facts of which the court takes judicial notice. The court has taken judicial notice that [state the facts].

## **MODEL GENERAL INSTRUCTION NO. 2.6**

## **LIMITING INSTRUCTION**

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

## MODEL GENERAL INSTRUCTION NO. 2.7

## CHARTS AND SUMMARIES

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence

## MODEL GENERAL INSTRUCTION NO. 2.8

## DEMONSTRATIVE EVIDENCE

Exhibit [specify] is an illustration. It is a party's [description/picture/model] used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

## MODEL GENERAL INSTRUCTION NO. 2.9

## WITNESS NOT CALLED[1]

[Name of witness] was available to both sides. Plaintiff/Defendant [name] cannot complain that [name of witness] was not called to testify, because either Plaintiff or Defendant [name] could have called [name of witness].[2]

---

[1] This instruction is appropriate only if the issue arises during closing argument or at some other time in trial.

[2] There are limits to this instruction. See, e.g., United States v. Wilson, 322 F.3d 353, 343 (5th Cir. 2003) (noting that a negative inference is drawn when the missing witness has information "peculiarly within his knowledge"); Herbert v. Wal-Mart Stores, Inc., 911 F.2d 1044, 1046–47 (5th Cir. 1990) (holding that adverse inference rule applies when party '' 'has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction [at issue]' ").

## MODEL GENERAL INSTRUCTION NO. 2.10

### SIMILAR ACTS

Evidence that an act was done at one time or on one occasion is not any evidence or proof whatsoever that the act was done in this case.

Then how may you consider evidence of similar acts?

You may consider evidence of similar acts for the limited purpose of showing [name]'s [motive], [opportunity], [intent], [knowledge], [plan], [identity], or [absence of mistake or accident], which is at issue in this case.

Such evidence may not be considered for any other purpose whatsoever. You may not use the evidence to consider or reflect [name]'s character.

## **MODEL GENERAL INSTRUCTION NO. 2.11**

## **IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## MODEL GENERAL INSTRUCTION NO. 3.1

## JURY CHARGE

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be. If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict. You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph. The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.  You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

## MODEL GENERAL INSTRUCTION NO. 3.2

## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Plaintiffs have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs have failed to prove any element of their claim by a preponderance of the evidence, then the United States may not recover on that claim.

## MODEL GENERAL INSTRUCTION NO. 3.3

## EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven. Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## MODEL GENERAL INSTRUCTION NO. 3.4

## WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.  Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony. You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

## **MODEL GENERAL INSTRUCTION NO. 3.5**

## **EXPERT WITNESSES**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

## MODEL GENERAL INSTRUCTION NO. 3.6

## NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## MODEL GENERAL INSTRUCTION NO. 3.7

## DUTY TO DELIBERATE; NOTES

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Alternate 1:

Remember at all times, you are the judges of the facts. You have not been allowed to take notes during this trial. You must rely on your memory.

Alternate 2:

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a [jury foreperson] [presiding juror] to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your [jury foreperson] [presiding juror] must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the [jury foreperson] [presiding juror] should write the inquiry and give it to the court security officer. After

consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

<u>**JURY INSTRUCTION NO.**</u>

<u>**DESCRIPTION OF THE FALSE CLAIMS ACT**</u>

The False Claims Act allows the United States Government to recover damages that result when someone knowingly presents or causes to be presented a false or fraudulent claim to the United States for payment of Government money. 31 U.S.C. § 3729(a)(1)(A)

## **JURY INSTRUCTION NO. \_\_\_\_**

## **NON-INTERVENED CASE/RELATORS**

The False Claims Act allows a person, who is called the "relator," to bring a False Claims Act case on behalf of the United States.  Ms. Montcrieff, Ms. Martinez, and Ms. Burnett, the Plaintiffs, are the relators in this case.

## JURY INSTRUCTION NO. _____

## "CLAIM" UNDER THE FCA

For the False Claims Act, "claim" means any request or demand for money that is made to a contractor to the United States Government for services provided to beneficiaries of a Government healthcare program such as Medicare or TRICARE.[5]

---

[5] S. REP. NO. 99-345, at 21-22 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5286-87; H.R. REP. NO. 99-660 at 21H.R. REP. NO. 99-660 at 21 (1986); S. REP. NO. 110-507, 15-16 (2008); S. REP. NO. 111-10, 11 (2009).