EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA ex rel. TIFFANY MONTCRIEFF, ROBERTA MARTINEZ, and ALICIA BURNETT,**<br><br>Plaintiffs,<br><br>vs.<br><br>**PERIPHERAL VASCULAR ASSOCIATES P.A.,**<br><br>Defendant. | Civil Action No. SA-17-CV-00317-XR |

## <u>RELATORS' PROPOSED ADDITIONAL JURY INSTRUCTIONS</u>

**MODEL GENERAL INSTRUCTION NO. 2.13**

**DEPOSITION TESTIMONY**

Certain testimony [will now be][has been] presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers [will be][have been][read][shown] to you today. This deposition testimony is entitled to the same consideration [and is to be judged by you as to credibility][and weighed and otherwise considered by you in the same way] as if the witness had been present and had testified from the witness stand in court.

**JURY INSTRUCTION NO.**

**CRIMINAL DISTINGUISHED FROM CIVIL CASES**

There are two kinds of cases that come to court, criminal cases and civil cases.  Criminal cases are when the government charges a person or company with a crime.  Some of you may have sat on juries in criminal cases before, and others of you may have watched movies or television shows like "Law and Order" where criminal cases brought by the government are shown.  This is not a criminal case.

This is a civil case in which the Plaintiffs (Relators—defined in other instruction) claim that Defendant PVA overcharged Medicare and TriCare.  Defendant PVA denies the allegations and asserts numerous affirmative defenses.  I mention this because there are significant differences between criminal cases and civil cases.  One significant difference is that in criminal cases, the burden of proof on the government is to prove its case "beyond a reasonable doubt."  That standard—proof beyond a reasonable doubt—does not apply here.  In this civil case, you should put that standard of proof out of your minds.  In this civil case, Plaintiffs have the burden of proving their claims by a preponderance of the evidence (which is separately described in other instructions).[1]

---

[1] Adapted from: Kevin O'Malley, Jay E.Grenig & William C. Lee, Federal Jury Practice and Instructions § 104.01 (5th Ed. 2000); Pattern Criminal Jury Instructions for the 7th Cir.2.03 (1998); 8th Circuit Civil Jury Instructions 3.04 (2008)

**JURY INSTRUCTION NO.**     

**PURPOSE OF FCA**

The purpose of the False Claims Act is to make the United States whole and deter fraud against the Government.[2]

---

[2] Adapted from: S. REP. NO. 99-345, at 1, 6, 31 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5271, 5296; S. REP. NO. 99-345, at 10-11 (1986), reprinted in 1986 U.S.C.C.A.N. at 5275-65 (citing *United States ex rel. Marcus v. Hess*, 317 U.S. 537 (1943)); H.R. REP. NO. 99-660, at 20, 25H.R. REP. NO. 99-660, at 20, 25 (1986); S. REP. NO. 110-507, at 19 (2008); H.R. REP. 111-97, at 2 (2009) (quoting CONG. GLOBE, 37th Cong., 3d Sess. 952 (1863)); S. REP. NO. 111-10, at 10 (2009)S. REP. NO. 99-345, at 4 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5269; S. REP. NO. 110-507, at 8, 19 (2008); *Cook Cty., Ill. v. United States ex rel. Chandler*, 538 U.S. 119, 131 (2003); United States v. Neifert-*White Co.*, 390 U.S. 228, 233 (1968).

## JURY INSTRUCTION NO._____

## STATEMENT OF THE FCA CASE

In this case, Plaintiffs contend that PVA made false claims for payment to the Government for ultrasound services.  Plaintiffs allege that PVA submitted claims for ultrasound studies when PVA physicians had not reviewed or finalized those studies.  Those false claims are broken down into three categories:

- "Wrong Provider" claims, where Relators allege that PVA billed Medicare under the name of a physician different from who eventually signed the report.

- "Testing Only" claims, where Relators allege that there was no visit with a PVA physician—they were only referred to PVA for a study and interpretation, and returned to their own non-PVA physician for treatment.

- "Double Billing" claims, where Relators allege that PVA submitted both an E/M charge and a study without a final report.

**JURY INSTRUCTION NO. _____**

**VIOLATION OF 31 U.S.C. § 3729(A)(1)(A),**

**THE FEDERAL FALSE CLAIMS ACT, PRESENTING FALSE CLAIMS**

Relators have alleged that Defendant PVA violated the Federal False Claims Act, by presenting false claims to government healthcare programs, including TriCare and Medicare.

To prove a violation of 31 U.S.C. § 3729(a)(1)(A), Relators must prove the following four elements against Defendant PVA:

(1)  That PVA presented false or fraudulent claims;

(2)  That PVA had sufficient knowledge that the claims were false or fraudulent;

(3)  That the falsity or fraud was material; and

(4)  The number of false claims, and damages to the United States.[3]

I have already determined that Relators have established some of these elements, as follows:

- On Relators' "Wrong Provider" claims, where Relators allege that PVA billed Medicare under the name of a physician different from who eventually signed the report, I have already determined that Relators have established the first two elements:  falsity and knowledge.  Your task is only to determine whether the false claims were material, and if so, the number of false claims, if any, and amount of damages to the United States, if any, resulting from those claims.

- On Relators' "Testing Only" claims, where Relators allege that there was no visit with a PVA physician—they were only referred to PVA for a study and interpretation, and returned to their own non-PVA physician for treatment, I have already determined that Relators have established the first two elements:  falsity and knowledge.  Your task is only to determine whether the false claims were

---

[3] *See* 31 U.S.C. § 3729(a)(1)(A).

material, and if so, the number of false claims, if any, and amount of damages to the United States, if any, resulting from those claims.

- On Relators' "Double Billing" claims, where Relators allege that PVA submitted both an E/M charge and a study without a final report, I have also already determined that Relators have established the first two elements:  falsity and knowledge.  Your task is only to determine whether the false claims were material, and if so, the number of false claims, if any, and amount of damages to the United States, if any, resulting from those claims.

**JURY INSTRUCTION NO.** ___

**ELEMENT OF "MATERIALITY"**

"Material" means that PVA's false claims could have influenced the government's pay decision or had the potential to influence the government's decision.  Relators do not need to show that the false statements actually did influence the government's decision to pay the claims.[4]

---

[4] Adapted from: *U.S.  ex rel. Harman v. Trinity Industries Inc.*, 872 F.3d 645, 661 (5th Cir. 2017); *see also U.S. ex rel. Longhi Lithium Power Technologies*, 575 F.3d 458 (5th Cir. 2009); *see also* 31 U.S.C. § 3729(b)(4).

## JURY INSTRUCTION NO.

## SPECIFIC HARM

The fact that some specific harm to a specific patient has not been shown does not relieve PVA of liability.[5]

---

[5] Adapted from: *United States v. Mackby*, 221 F. Supp. 2d 1106, 1111-13 (N.D. Cal. 2002), *aff'd*, 68 F. App'x 776, 777 (9th Cir. 2003).

## JURY INSTRUCTION NO. \_\_\_\_

## NUMBER OF FALSE CLAIMS

It is your duty to calculate the number of false or fraudulent claims for which you find that PVA submitted. [6] Here, the number of false claims is equivalent to the number of false claims for payment for ultrasound studies that PVA submitted to Medicare and TriCare for each of the categories of false claims that I have described.

---

[6] Adapted from: *United States ex rel. Stone v. Rockwell Int'l. Co*., 282 F.3d 787, 796 (10th Cir. 2002) (the jury set the amount of damages and determined how many claims were false); *U.S. ex rel. Laymon v. Bombardier Transp. (Holdings) USA, Inc.,* 656 F. Supp. 2d 540, 547 (W.D. Pa. 2009) ("The jury's role in this case will be to determine the number of violations and fix the amount of actual damages suffered by the United States, if any.").

## JURY INSTRUCTION NO.

## DAMAGES

You must also determine the amount of damages sustained by the Government because of the false claims act violations that you calculate. The measure of damages under the False Claims Act is the amount of money that the Government paid out by reason of the falsity.

As with all other elements of a False Claims Act violation, Plaintiffs must still prove the Government's damages by the preponderance of the evidence. However, in computing any damages sustained by the Government, you do not have to determine the actual damages with mathematical precision or absolute certainty. Reasonable certainty is sufficient. The Government's damages should be liberally calculated to effectuate the purposes of the False Claims Act and to afford the Government a full and complete recovery of all its damages.[7]

If you find that the amount of damages cannot be proved with reasonable certainty, but you find that PVA's own conduct prevented a more precise computation of damages, PVA bears the risk this uncertainty creates, and therefore, you are allowed to act upon probable proof to make a just and reasonable estimate based on the relevant evidence and to render your verdict accordingly.

---

[7] *Ruzicka Elec. & Sons, Inc. v. IBEW, Local 1*, 427 F.3d 511, 521 (8th Cir. 2005); *see also Dominium Mgmt. Servs. v. Nationwide Hous. Group*, 195 F.3d 358, 364 (8th Cir. 1999) (applying California law); *United States ex rel. Roby v. Boeing Co.*, 302 F.3d 637, 646 (6th Cir. 2002); *United States ex rel. Compton v. Midwest Specialties*, 142 F.3d 296, 304 (6th Cir. 1998) (quoting *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 549 (1943)); *see also United States v. First Investors, LLC,* No. 7:07-CV-18-D, 2010 U.S. Dist. LEXIS 77960, at *11 (E.D.N.C. May 7, 2010).