**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA ex rel. TIFFANY MONTCRIEFF, ROBERTA MARTINEZ, and ALICIA BURNETT,**<br><br>Plaintiffs,<br><br>vs.<br><br>**PERIPHERAL VASCULAR ASSOCIATES P.A.,**<br><br>Defendant. | Civil Action No. SA-17-CV-00317-XR |

**RELATORS' OPPOSITION TO DEFENDANT PERIPHERAL VASCULAR**

**ASSOCIATES, P.A.'S MOTION TO RECONSIDER GRANTING OF RELATORS'**

**MOTIONS _IN LIMINE_**

Relators respectfully submit the following oppositions to Defendant Peripheral Vascular Associate's ("PVA") Motion to Reconsider Granting of Relators' Motions *In Limine* Numbers 4, 5, and 7.  PVA's Motion rehashes arguments it already asserted in its written oppositions or raised at hearing.  Accordingly, the standard for reconsideration is not met, and in any event, the Court's rulings were correct.

1.      **The Court correctly granted motion *in limine* number 4 to exclude evidence or argument regarding the purported substance of the United States' pre-unsealing investigation into this matter.**

The Court correctly granted Relators' motion *in limine* to enjoin Defendant from introducing any evidence or argument relating to the United States' investigation of Defendant, including the purported meeting between PVA and the United States pursuant to Federal Rules of Evidence 402, 403, and 801.  Discussions and outcomes related to the investigation and meeting are not relevant to liability under the FCA, will cause unfair prejudice, and are inadmissible hearsay.

PVA has no reliable evidence as to what the government investigation entailed, and what the government ultimately concluded.  Without such evidence, PVA is asking for the jury to draw an inference that because the government has not taken *direct* action yet (other than allowing Relators to proceed with this case), therefore the government does not care about PVA's conduct or this case.  That inference is unreasonable, lacks any basis, and is likely to confuse or bias the jury.  As the Court stated in its Order on Summary Judgment:  "the Court cannot speculate about what information the Government actually knows . . ."  ECF No. 123 at pp. 46-47.  "It is equally likely that Medicare saw value in continuing to reimburse PVA for its services until the legality of its actions could be properly adjudicated." *Id.* at 47; *see also United States ex rel. Campbell v. KIC Dev., LLC*, No. EP-18-CV-193-KC, 2019 WL 6884485, at *11 (W.D. Tex. Dec. 10, 2019) ("the Government's actual knowledge that it has been defrauded is not necessarily imputed from its awareness that allegations of fraud have been brought by a relator.").

For the same reasons, courts routinely exclude evidence of the government's intervention decision, especially where as here, there is no evidence as to the reasons for the government's decision.  *See, e.g., U.S. ex rel. Prather v. Brookdale Senior Living Cmtys., Inc.*, 892 F.3d 822, 836 (6th Cir. 2018) ("If relators' ability to plead sufficiently the element of materiality were stymied by the government's choice not to intervene, this would undermine the purposes of the Act.").

PVA's reliance on *Lindsey v. Prive Corp.*, 161 F.3d 886 (5th Cir. 1998) is misplaced. *See* ECF No. 175 at 4.  In that EEOC case, plaintiffs brought an Age Discrimination in Employment Act claim against the operator of a club, which allegedly refused the women promotions and constructively discharged them on the basis of their age.  *Id.* at 889.  There, the court merely stated that the *official EEOC determination* (which was the intermediary determination, deemed to be as reliable as a final determination) admitted by the trial court did not amount to an abuse of discretion, as probative of a claim of employment discrimination at issue in the civil proceedings. *See id.* at 894.

Here, in contrast, there has been no official determination from the government as to the underlying merits.  Notably, the Fifth Circuit made clear in *Lindsey* that it is only the official EEOC determination that is potentially admissible. [1]  The court affirmed the trial court's *exclusion* of the defendant's response submitted to the EEOC during its investigation of the plaintiffs' charges.  *Id.*  The response letter "does not constitute purely *factual material* relating to the merits of [the] charge [] which the trial judge could admit." *Id.* at 894–95 (emphasis added) (citations and internal quotations omitted); *see also McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396, 400 (5th Cir. 1985) ("neither under the precedents nor under Rule 803(8)(C) *is the entire EEOC file* admissible.") (emphasis added).  In line with this reasoning, PVA's assertions as to what it provided to the government during its investigation is unreliable and inadmissible.

---

[1] Moreover, in making its ruling, the court made clear in such circumstance "'the [other party] is free to present evidence refuting the findings of the EEOC or point out deficiencies in the same . . .'" *Id.* (quoting *McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396, 400 (5th Cir. 1985) and citing *Smith v. Universal Servs., Inc.*, 454 F.2d 154, 157 (5th Cir.1972)).

Moreover, even a final determination by the EEOC must meet the rigorous standards of trustworthiness under the Federal Rules of Evidence—"The defendant may properly contend that the EEOC determination is nevertheless inadmissible upon showing that the sources of information or other circumstances indicate the lack of trustworthiness." *McClure*, 750 F.2d at 400. (citations and internal quotations omitted).

Accordingly, analogy to EEOC reports supports exclusion of the purported meeting and discussions between PVA and the government:  there is no government "determination" to look to, nor any evidence (let alone "trustworthy" evidence) of any "factual" findings.

In sum, without any actual evidence of the government's view of the merits of this case, PVA wants to ask the jury to assume that the Government "frankly does not care about Relators' contentions more than four years after the filing of this *qui tam* action."  Motion for Reconsideration at p. 5.  Such an inference is baseless and likely to mislead the jury.  It would be the equivalent of Relators arguing to the jury that because the Department of Justice did not seek to dismiss Relators' case—which the Department has the power to do, and has done with increasing frequency in the past three years, *see United States v. Eli Lilly & Co., Inc.*, 4 F.4th 255, 265 (5th Cir. 2021)—the government cares greatly about the conduct and wants Relators to succeed.  Neither view should be allowed at trial.[2]

2.      **The Court correctly granted motion *in limine* number 5 to exclude the testimony of Sunil V. Lalla, M.D., a proposed witness first disclosed in December 2021.**

The Court's Amended Scheduling Order of April 24, 2020 (ECF No. 77), was unambiguous.  The Order states:

> Defendant shall designate its statistician expert and serve, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before May 4, 2020; Defendant shall designate all other testifying experts and serve, but not file, all materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before June 23, 2020;

---

[2] Relators also maintain their hearsay objections as to what PVA or the government's personnel purportedly stated in their pre-litigation meeting.

All parties shall file all designations of rebuttal experts and serve on all parties the material required by Fed. R. of Civ. P. 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fifteen (15) days of receipt of the report of the opposing expert . . .

The deadline for filing supplemental reports required under Fed. R. Civ. P. 26(e) is August 26, 2020.

ECF No. 77 at page 1.

PVA first disclosed Dr. Lalla as a potential expert witness a year and a half late, on December 3, 2021. *See* ECF No. 147 at 1. PVA also served that same day, *for the first time*, an expert report by Dr. Lalla. This was the first time during the course of nearly three years of litigation that Dr. Lalla's name was mentioned. Any testimony by Dr. Lalla must be excluded as untimely and prejudicial.

Rule 16(b) of the Federal Rules of Civil Procedure authorizes the Court to control the discovery process via a scheduling order. *See Barrett v. Atlantic Richfield Company*, 95 F.3d 375, 380 (5th Cir.1996). Rule 37 allows the imposition of "sanctions on a disobedient party by refusing to allow that party to introduce designated matters into evidence." *Id.* at 380. "The district court's discretion in such matters has been described as 'broad,' and 'considerable,'" and will only be reversed in "unusual and exceptional cases." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Company Inc.*, 73 F.3d 546, 569 (5th Cir.) (citations omitted), *cert. denied, Cedar Point Oil Company v. Sierra Club, Lone Star Chapter*, 519 U.S. 811, 117 S.Ct. 57, 136 L.Ed.2d 20 (1996) (citations omitted). "To avoid sanctions, the party who fails to comply with the Rules or the scheduling order bears the burden to show that its actions were substantially justified or harmless." *Poly-Am., L.P. v. Stego Indus., L.L.C.*, No. 3:08-CV-2224-G, 2011 WL 1583913, at *1–3 (N.D. Tex. Apr. 26, 2011).

The Fifth Circuit's factors for allowing late-designated witnesses to testify, *see Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir.2007), do not warrant PVA's egregious flaunting of the Court's deadlines.

As to the importance of the testimony: "the importance of proposed testimony cannot singularly override the enforcement of local rules and scheduling order." *Hamburger v. State*

4

*Farm*, 361 F.3d 875, 883 (5th Cir. 2004).  In any event, Dr. Lalla's testimony is no more important than any other retired Medicare Contractor Medical Director.  He was not the only Medical Director, nor was he the Chief Medical Director (unlike Relators' expert, Dr. Alexander).  If PVA felt it were important to present the testimony of a former Medical Director, they should have retained one two years ago (as Relators did).  Finally, PVA has an expert, Melissa Scott, who according to her report, will testify that "reimbursement would remain unchanged once the report was finalized."  ECF No. 84-1 at p. 5 (p. 4 of Report).  Any import of Dr. Lalla's testimony is thus, at best, incremental to Ms. Scott's.

The second factor, prejudice to the opposing party, is plain.  Discovery closed over one and a half years ago.  Relators have not had an opportunity to depose Dr. Lalla, to develop rebuttal testimony or evidence, to file a *Daubert* motion, or to otherwise prepare for Dr. Lalla's proposed testimony at trial.  Moreover, if Dr. Lalla's testimony is as important to the case as PVA claims, that only underscores the prejudice to Relators:  "The claimed importance of expert testimony underscores the need for [the party] to have timely designated his expert witness so that [opposing party] could prepare for trial."  *Geiserman v. MacDonald*, 893 F.2d 787, 791–92 (5th Cir. 1990).

The third factor, possibility that continuance would cure the potential prejudice, also weighs against PVA.  Trial has been continued seven times over the past year and a half.  Any continuance would further prejudice Relators, and would not be short.  Relators would need time to depose Dr. Lalla, designate rebuttal experts if appropriate, update Relators' expert reports in response to Dr. Lalla, and file a *Daubert* motion as necessary.  This would take months.  As summarized by the Fifth Circuit:  "While [opposing counsel] could have conducted new discovery and redeposed witnesses under a continuance in response to the untimely designation, this would have resulted in additional delay and increased the expense of defending the lawsuit.  Moreover, a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders."  *Geiserman*, 893 F.2d at 791–92 (citing *Bradley*, 866 F.2d at 126).

The final factor—explanation for failure to identify earlier—is most troubling of all. Two years ago, there were former Medicare Contractor Medical Directors available to be retained as experts, as evidenced by Relators' retention of Dr. Alexander.  Even crediting PVA's argument, Dr. Lalla in fact retired from Novitas in *May* 2021 and opened his consulting business a month later.  Accordingly, PVA could have retained him eight months ago, and immediately sought leave from the Court to amend the pretrial schedule.  Even that would have been unwarranted, but perhaps could have reduced some of the prejudice to Relators.

The Court did not abuse its discretion in excluding Dr. Lalla's testimony, and the Motion for Reconsideration should be denied.  *See Geiserman*, 893 F.2d at 791–92 ("Regardless of Geiserman's intentions, or inattention, which led to the flouting of discovery deadlines, such delays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution.  Adherence to reasonable deadlines is critical to restoring integrity in court proceedings.  We will not lightly disturb a court's enforcement of those deadlines and find no reason for doing so here.").

3.      **The Court correctly granted motion *in limine* number 7 to exclude documents not produced in discovery.**

As explained above, Rule 16(b) of the Federal Rules of Civil Procedure authorizes the Court to control the discovery process via a scheduling order.  *See Barrett v. Atlantic Richfield Company*, 95 F.3d 375, 380 (5th Cir. 1996).

After several extensions of the fact discovery deadline (*see* ECF No. 41, ECF No. 64, ECF No. 66, and ECF No. 77), PVA still failed to timely produce documents it intends to rely upon (for example patient records Relators explicitly requested during discovery).  PVA produced the excluded documents more than a year after fact discovery closed.  Also troubling, PVA misrepresented to the Court that it had produced certain documents earlier than it had.  Specifically, in its opposition to Relators' motion *in limine*, PVA claimed to have produced

6

dozens of the documents at issue in a supplemental production on August 6, 2020 (which was

still after the June 8, 2020 fact discovery cut-off).  (ECF No. 166 at p. 13.)  During the hearing,

Relators indicated that they conducted a careful review of correspondence and productions by

PVA, and found no such production was ever made.  PVA did not respond, and now appears to

have abandoned its representation without explanation, not mentioning the phantom production

in its motion for reconsideration.

       A party cannot rely on evidence that it has failed to disclose during discovery.  *See* Fed.

R. Civ. Proc. 26; Fed. R. Civ. Proc. 37(c)(1) ("the party is not allowed to use that information or

witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

substantially justified or is harmless"); *see also Wolk v. Green*, No. C06-5025 BZ, 2008 WL

298757, *3 (N.D. Cal. Feb. 1, 2008); *Guang Dong Light Headgear Factory Co., Ltd. v.

ACIIntern., Inc.*, No. 03–4165–JAR, 2008 WL 53665, *1 (D. Kan. Jan. 2, 2008) (identity and

contents of testimony not disclosed stricken).

       Rule 26 (a)(1)(A)(ii) states initial disclosures must provide either  "a copy—or a

description by category and location—of all documents, electronically stored information, and

tangible things that the disclosing party has in its possession, custody, or control and may use to

*support its claims or defenses*."[3]  (Emphasis added).  And no exception applies here to excuse

production under subsection (a)(1)(B).  Rule 26(e) provides a party must supplement its initial

disclosures, as well as responses and production to any discovery requests:

> 1) In General. A party who has made a disclosure under Rule 26(a)—or who has
> responded to an interrogatory, request for production, or request for admission—must
> supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or
> response is incomplete or incorrect, and if the additional or corrective information has not

---

[3] Additionally, Relators served comprehensive Requests for Production of Documents during the course of discovery to which most, if not all of PVA's late-produced documents would have been responsive.  *See, e.g.,* RFPD No. 20 ("Any and all DOCUMENTS that support YOUR position that 'Medicare allows' YOUR services to be billed on a global basis before the professional component has been completed, as testified to by your representative, Katherine E. Britt, in her deposition on October 10, 2019 (see, e.g., Page 109 of transcript)."); RFPD No. 22 ("Any and all DOCUMENTS that support YOUR position that the professional component of the studies YOU perform is complete upon your physicians' signing of the office visit note . . .").

otherwise been made known to the other parties during the discovery process or in writing.

The Court's operative Scheduling Order provided, after multiple extensions, that fact discovery closed on June 8, 2020.  *See* ECF No. 77.   PVA knew this.  Here, Defendant PVA has designated exhibits in its pretrial disclosures which were *never* disclosed in its initial disclosures, discovery, or pursuant to any supplementation of disclosures and/or discovery.  *See* ECF No.149, Amended Exhibit List, Exs. 503-507, 510, 656-661, 732-763, 765-766, 768, and 781-799; *see also* Relators' Objections to Defendant's Amended Pretrial Disclosures, ECF No. 150.  In submitting its Amended Exhibit List on December 3, 2021, PVA included an additional 47 exhibits it failed to disclose until serving its June 25, 2021 initial Exhibit List (ECF No. 135), and 19 documents (Exs. 781-799) it failed to disclose until December 3, 2021 (the day it served its final Amended Exhibit List, ECF No. 149).

Defendant has been given multiple extensions in various contexts, including the fact discovery deadline, over the approximately three years of litigation.  Yet it has failed to abide by the Federal Rules of Civil Procedure and this Court's Orders.  Further, as stated during the hearing, PVA did not even acknowledge or disclose to Relators when exchanging the final exhibit lists that the documents were new, leaving Relators to uncover the fact and extent of the late disclosure.  Accordingly, the Court did not abuse its discretion in excluding the untimely evidence.

Respectfully submitted,

Dated: January 31, 2022

By:   /s/ Sarvenaz J. Fahimi
Justin T. Berger (*pro hac vice*)
Sarvenaz J. Fahimi (*pro hac vice*)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jberger@cpmlegal.com
sfahimi@cpmlegal.com

[Additional counsel listed on the next page]

///
///
///

Wallace M. Brylak, Jr. (Bar No. 03283360)
BRYLAK LAW
15900 La Cantera Parkway, Suite 19245
San Antonio, Texas 78256
Telephone: (210) 733-5533
Facsimile: (210) 558-4804
wbrylak@brylaklaw.com

*Counsel for Relators*

9

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 31st day of January, 2022, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Wallace M. Brylak, Jr.
Brylak & Associates
15900 La Cantera Pkwy, Suite 19245
San Antonio, TX 78256
wbrylak@brylaklaw.com

Sean McKenna
Mark A. Cole
Spencer Fane LLP
2200 Ross Avenue
Suite 4800 West
Dallas, TX 75201
smckenna@spencerfane.com
mcole@spencerfane.com

Jeff Wurzburg
Locke Lord, LLP
600 Congress Avenue, Suite 2200
Austin, TX 78701
jeff.wurzburg@lockelord.com

John M. Deck
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216
John.deck@usdoj.gov

                              */s/ Sarvenaz J. Fahimi*
                              Sarvenaz J. Fahimi