**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. TIFFANY MONTCRIEFF, ROBERTA MARTINEZ, and ALICIA BURNETT, | § | |
| Plaintiffs, | § | Civil Action No. SA-17-CV-00317-XR |
| v. | § | |
| PERIPHERAL VASCULAR ASSOCIATES P.A., | § | |
| Defendant. | § | |

**UNITED STATES' STATEMENT OF INTEREST
REGARDING THE COURT'S ORDER**

On February 4, 2022, the Court ordered the United States "to file under seal for *in camera* review only an unredacted version of the 'Report of Investigative Activity' prepared on October 15, 2018, located at ECF No. 181-1, at 24, no later than Monday, February 7, 2022, at 3:00 p.m." Dkt. 182. In accordance with the order, the United States submits concurrently the redacted document under seal and *in camera*.

The United States contends that the document should not be further disclosed. The Department of Health and Human Services Office of Inspector General (HHS-OIG) properly redacted the document under Freedom of Information Act Exemption (b)(5).

FOIA requires federal agencies to disclose documents within their control upon request unless the documents fall within one of nine enumerated exemptions. *See* 5 U.S.C. § 552(b). Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with an agency[.]" *Id.* § 552(b)(5). "To qualify, a document must thus satisfy two conditions: its source must be a

Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001).

The first condition is met because the redacted report of HHS-OIG is an agency memorandum. The second condition is met because the redacted portions "are subject to a litigation privilege ordinarily available to a government agency." *Jobe v. Nat'l Transp. Safety Bd.*, 1 F.4th 396, 400 (5th Cir. 2021). "Exemption 5 incorporates the privileges available to Government agencies in civil litigation, such as the deliberative process privilege, attorney-client privilege, and attorney work-product privilege." *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 783 (2021).

"To protect agencies from being forced to operate in a fishbowl, the deliberative process privilege shields from disclosure documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated[.]" *Id.* (internal quotation marks and citations omitted). Because the redacted portions reflect advisory or pre-decisional opinions, recommendations, or deliberations of the agent in the course of the government's intervention investigation, the deliberative process privilege exempts them from disclosure.

The work product doctrine protects materials prepared in anticipation of litigation, whether those materials were prepared by the attorney or by agents of the attorney. *In re Grand Jury Proceedings*, 601 F.2d 162, 171 (5th Cir. 1979). The agent did the work reflected in the redacted portions in conjunction with, and as part of, the U.S. Attorney's Office's investigation to determine whether to intervene in the relators' *qui tam* complaint after it was filed in the above-captioned

matter. Indeed, the agent did the work at the direction of the then-AUSA. Accordingly, the attorney work product privilege further protects the redacted portions from disclosure.

Lastly, the Court already excluded evidence of the government's non-intervention from trial. The report is relevant to the non-intervention decision. It is not relevant to materiality under *Escobar*, specifically whether "the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated[.]" *Universal Health Services, Inc. v. United States*, 579 U.S. 176, 195 (2016). The agent did not make the payment decision for the agency. He was assisting in the intervention investigation. Moreover, the focus of the inquiry is whether the Government "had actual knowledge of the violations at the time it paid the claims at issue[.]" *See United States ex rel. Escobar v. Universal Health Services, Inc.*, 842 F.3d 103, 112 (1st Cir. 2016) ("*Escobar II*"); *see also United States ex rel. Harman v. Trinity Indus. Inc.*, 872 F.3d 645, 661 (5th Cir. 2017) ("Unlike in the case we decide today, the [*Escobar II*] court found no evidence that the relevant government agency had actual knowledge of any violations when it decided to pay the claims."). Here, relators allege that PVA had been submitting the false claims for years before the report was prepared.

Dated: February 7, 2022                                    Respectfully submitted,

                                                           ASHELY C. HOFF
                                                           United States Attorney

                                          By:    */s/ John M. Deck*
                                                     JOHN M. DECK
                                                     Assistant United States Attorney
                                                     Texas Bar No. 24074120
                                                     601 N.W. Loop 410, Suite 600
                                                     San Antonio, Texas 78216
                                                     Tel: (210) 384-7388
                                                     Fax: (210) 384-7322
                                                     Email: john.deck@usdoj.gov
                                                     *Counsel for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

Justin T. Berger
Sarvenaz J. Fahimi
Cotchett Pitre & McCarthy LLP
840 Malcolm Road
Burlingame, CA 94010

Sean R. McKenna
Mark A. Cole
Lauren Nelson
SPENCER FANE LLP
2200 Ross Avenue, Suite 4800 West
Dallas, Texas 75201

Wallace M. Brylak, Jr.
Brylak Law
15900 La Cantera Pkwy.,
Suite 19245
San Antonio, TX 78256

Jeff J. Wurzburg
Senior Counsel
Locke Lord LLP
600 Congress Ave., Suite 2200
Austin, TX 78701

*/s/ John M. Deck*
John M. Deck
Assistant United States Attorney