IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel., TIFFANY MONTCRIEFF, et al., | § | |
| Relators, Plaintiff, | § | |
| v. | § | Civil Action No. 5:17-CV-00317-XR |
| PERIPHERAL VASCULAR ASSOCIATES, P.A., | § | |
| Defendant. | § | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR FINDING OF FACT REGARDING AN OMITTED ELEMENT OF RELATORS' CLAIM**

For the first time in this litigation, Relators have finally attempted to respond to PVA's longstanding position that—under *Escobar*—Relators must prove that PVA "knowingly violated a requirement that [PVA] **knows is material** to the Government's payment decision." *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 181 (2016) (emphasis added). Until now, Relators have always attempted to ignore *Escobar*'s guidance—and for good reason. Relators have no real answer.

## ARGUMENT

In their response (ECF No. 236) to PVA's motion for a finding of fact (ECF No. 232), the Relators raise three categories of arguments:

- **Substantive arguments:** Is knowledge of materiality an essential element?
- **Procedural arguments:** Was this element somehow waived?
- **Factual arguments:** Did PVA in fact have knowledge of materiality?

The Relators' three arguments fail. Consider each in turn.

**A. <u>Substantive law</u>: Knowledge of materiality is an essential element.**

First, Relators pretend that the Supreme Court did not mean what it said in *Escobar*. But the unanimous decision is clear: "What matters is not the label the Government attaches to a requirement, but whether the defendant knowingly violated a requirement that the defendant knows is material to the Government's payment decision." 579 U.S. at 181.

True, the statutory definition of "knowing" also includes mental states such as "deliberate ignorance" and "reckless disregard." 31 U.S.C. § 3729(b)(1). Hence the language in *Escobar* about possible routes for proving a defendant's mental state as to materiality:

> A defendant can have **"actual knowledge" that a condition is material** without the Government expressly calling it a condition of payment. If the Government failed to specify that guns it orders must actually shoot, but the defendant knows that the Government routinely rescinds contracts if the guns do not shoot, the defendant has "actual knowledge." Likewise, because a reasonable person would realize the imperative of a functioning firearm, **a defendant's failure to appreciate the materiality of that condition** would amount to "deliberate ignorance" or "reckless disregard" of the "truth or falsity of the information" even if the Government did not spell this out.

*Escobar*, 579 U.S. at 191 (emphasis added). Relators quote this language (Resp. at 2), but it proves PVA's point. The FCA requires proof of the requisite mental state as to materiality, not just falsity.

The Fifth Circuit has never held otherwise. Relators cite *Abbott v. BP Expl. & Prod., Inc.*, 851 F.3d 384 (5th Cir. 2017). But *Abbott* held that there was no evidence of materiality, making it unnecessary to address knowledge of materiality (indeed, it is unclear whether this issue was even raised). As PVA's motion explains, the knowledge-of-materiality element accords with the common law as articulated by the Fifth Circuit, this Court, and the Restatement. *See* ECF No. 232 at 3-4. The False Claims Act incorporates "all other elements of common-law fraud that are consistent with the statutory text." *Escobar*, 579 U.S. at 187 n.2. Relators have no answer.

**B. Procedure: Far from waiving this element, PVA consented to it being tried to the bench.**

Next, Relators suggest that because no one asked for knowledge of materiality to be submitted in the charge, this element is waived. But Rule 49(a)(3) says the opposite. "In the absence of a demand by the parties that an issue be submitted, and if such issue is omitted, [Fed. R. Civ. P.] 49(a) allows the Court to make its own findings on the omitted issue." *Taherzadeh v. Clements*, 781 F.2d 1093, 1100 (5th Cir. 1986). Silence at the charge conference results in the omitted issue being tried to the bench. The element does not itself evaporate into thin air:

> *Issues Not Submitted.* A party waives the right to a jury trial on any issue of fact raised by the pleadings or evidence but not submitted to the jury unless, before the jury retires, the party demands its submission to the jury. If the party does not demand submission, the court may make a finding on the issue….

Fed. R. Civ. P. 49(a)(3). By choosing not to raise the issue at the charge conference, PVA consented to this element being tried to the bench. That is precisely why PVA has asked this Court to make the necessary findings of fact.

**C. Facts: PVA never knew signed MedStreaming reports are material to Medicare's payment decision, and PVA certainly did not know this before 2017.**

At trial, this Court stated that "the issue of materiality gets awfully close."[1] The evidence regarding whether PVA knew that its signed MedStreaming reports were material to Medicare is even more thin. In their response, Relators cite only four lines of evidence.

*First*, Relators point to generic statements in PVA's Compliance Pledge, which prohibited inaccurate billing or dropping a bill before laboratory services are performed. *See* Response at 3-4 (citing PX-19). But nowhere does the Pledge demonstrate that PVA knew that having a signature on a stand-alone MedStreaming report is itself a material part of completing a laboratory service. To the contrary, the testimony cited in PVA's motion shows that its witnesses did not believe that

[1] Transcript at 660.

this administrative task was a material part of the professional component. *See* ECF 232 at 2, 7-8. Where is the evidence that PVA knew that it was dropping bills for services that Medicare thought were materially incomplete?

*Second*, Relators point to a 2018 presentation stating that it is improper to bill "for services not provided." *See* Response at 4 (citing PX-20). But PVA's witnesses believed that they **had** provided the services. *See* ECF 232 at 2, 7-8 (collecting citations). Having already interpreted the report and evaluated the study in Allscripts, they did not believe that signing off on the same conclusions in MedStreaming was material to the government's payment decision.

*Third*, Relators point to a 2017 "Compliance Billing" email and notes. *See* Response at 4-5 (citing PX-29). But Relators never attempt to explain how this 2017 email establishes PVA's state of mind beforehand. As the Supreme Court recently explained in *Schutte*, the critical inquiry is "what the defendant knew when presenting the claim"—not what the defendant might have thought thereafter. *See United States ex rel. Schutte v. SuperValu*, 143 S. Ct. 1391, 1401 (2023). In any event, the 2017 email and notes do not refer to Medicare. *See* PX-29. They do not refer to a standalone MedStreaming report as a condition of payment. *See id.* At best, this exhibit generically refers to minimizing the risk of **an audit**—not of the government actually denying payment. *See id.* Indeed, the government did audit PVA—and it kept paying.

*Fourth*, Relators cite a 2013 email stating that reports would not be billed until they are "actually interpreted." PX-13; *see* Response at 5. That is precisely the point. PVA believed bills could be issued after the reports were interpreted. But PVA did not know that—in addition to interpretation—it also had to go through the formality of signing a stand-alone version of the final MedStreaming report. PVA did not have actual knowledge of this supposed requirement. Nor was it aware of a substantial or unjustifiable risk of this requirement—especially before 2017. *See Schutte*, 143 S. Ct. at 1400-01 (defining knowledge, deliberate ignorance, and reckless disregard).

## CONCLUSION

As set forth in PVA's motion for a finding of fact (ECF No. 232), this Court should make a finding regarding (1) whether PVA acted with knowledge of materiality, and (2) if so, when this knowledge was acquired.

Respectfully submitted,

*/s/ David M. Prichard*

David M. Prichard
State Bar No. 16317900
E-mail: dprichard@prichardyoungllp.com
David R. Montpas
State Bar No. 00794324
E-mail: dmontpas@prichardyoungllp.com
Glenn W. MacTaggart
State Bar No. 12787680
E-mail: gmactaggart@prichardyoungllp.com
Prichard Young, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
(210) 477-7400 [Telephone]
(210) 477-7450 [Facsimile]

Sean McKenna
State Bar No. 24007652
smckenna@spencerfane.com
Mark A. Cole
*Admitted Pro Hac Vice*
mcole@spencerfane.com
Lauren M. Nelson
State Bar No. 24058016
lnelson@spencerfane.com
SPENCER FANE LLP
2200 Ross Avenue, Suite 4800 West
Dallas, Texas 75201
Telephone: 214-459-5890
Facsimile: 214-750-3612

Jeff Wurzburg
State Bar No. 24105140
jeff.wurzburg@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP

Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, Texas 78205
Telephone: 210-224-5575
Facsimile: 210-270-7205

*Counsel for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July 2023, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ David Prichard*
David Prichard