**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. TIFFANY MONTCRIEFF, ROBERTA MARTINEZ, and ALICIA BURNETT, | § § § § § | |
| Plaintiffs, | § | Civil Action No. SA-17-CV-00317-XR |
| v. | § § § | |
| PERIPHERAL VASCULAR ASSOCIATES P.A., | § § § | |
| Defendant. | § | |

**UNITED STATES' STATEMENT OF INTEREST**
**REGARDING PVA'S ADDITIONAL POST-VERDICT MOTIONS**

The government submits this statement of interest to address certain issues raised by Defendant's Motion for Finding of Fact regarding an Omitted Element of Relators' Claim (Dkt. 232) and Motion to Reconsider Partial Summary Judgment on Scienter (Dkt. 234). *See* 28 U.S.C. § 517 (authorizing statements of interest). Aside from the issues discussed in this statement, the government takes no other position as to the motions. Neither the Court nor the parties should construe the fact that the government is not providing its views on other arguments or issues as support or opposition.

## INTRODUCTION

PVA contends that knowledge of materiality is an FCA element. It is not element under the FCA's plain text and Fifth Circuit precedent. Moreover, the Supreme Court in *Escobar* did not hold that knowledge of materiality was an element. At most, the court construed the scienter requirement for claims alleging an implied false certification theory to require knowledge of materiality. *See Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 180-

81, 190 (2016). To the extent that a defendant's knowledge of materiality must be shown, the standard of knowledge should be the same one that applies to the defendant's knowledge of falsity—i.e., actual knowledge, deliberate ignorance, or reckless disregard. *See* 31 U.S.C. § 3729(b)(1). PVA also appears to assert that reliance is an FCA element. Again, it is not.

Finally, PVA maintains that the Supreme Court in *Schutte* required conscious awareness to establish knowledge under the FCA even for deliberate ignorance and reckless disregard. The court in *Schutte* made no such ruling. Instead, the Court held in a "straightforward" ruling, "What matters for an FCA case is whether the defendant knew the claim was false. Thus, if [defendants] correctly interpreted the relevant phrase and believed their claims were false, then they could have known their claims were false." *United States ex rel. Schutte v. SuperValu Inc.*, 143 S. Ct. 1391, 1396 (2023). The court expressly noted that it was not ruling on whether reckless disregard includes an objective component because it was unnecessary to decide the case. *Id*. at 1401 n.5. The court thus left intact existing FCA precedent, which holds that a defendant can be held liable if he recklessly disregards objectively obvious facts indicating that his claim or statement is false.

## ARGUEMENT

### I. Knowledge of Materiality Is Not an Element under the FCA's Plain Text.

PVA maintains that "knowledge of materiality[]" is "an essential element of False Claims Act liability[.]" Dkt. 232 at 1. This Court must "start, as always, with the language of the statute." *Escobar*, 579 U.S. at 187 (internal quotation marks omitted). The text of the FCA does not require knowledge of materiality. *See* 31 U.S.C. § 3729. As the Fifth Circuit has held, "There are four elements of a False Claims Act claim. Plaintiffs suing under the statute must show that (1) there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit

moneys due (i.e., that involved a claim)." *United States ex rel. Porter v. Magnolia Health Plan, Inc.*, 810 Fed. Appx. 237, 240 (5th Cir. 2020) (internal quotation marks omitted). The scienter requirement concerns falsity—not materiality. *See Schutte*, 143 S. Ct. at 1398 ("Thus, two essential elements of an FCA violation are (1) the falsity of the claim and (2) the defendant's knowledge of the claim's falsity.").

**II. PVA Misreads *Escobar*.**

PVA contends that *Escobar* "requires proof of both knowledge of falsity and knowledge of materiality[.]" Dkt. 232 at 2. *Escobar* "concern[ed] a theory of False Claims Act liability commonly referred to as 'implied false certification.'" 579 U.S. at 180. At most, the Court in *Escobar* construed the scienter requirement for claims alleging the implied false certification theory to require knowledge of materiality.

Under the implied certification theory, "when a defendant submits a claim, it impliedly certifies compliance with all conditions of payment. But if that claim fails to disclose the defendant's violation of a material statutory, regulatory, or contractual requirement, so the theory goes, the defendant has made a misrepresentation that renders the claim 'false or fraudulent' under § 3729(a)(1)(A)." *Id.* *Escobar* held "that the implied certification theory can be a basis for liability, at least where two conditions are satisfied: first, the claim does not merely request payment, but also makes specific representations about the goods or services provided; and second, the defendant's failure to disclose noncompliance with material statutory, regulatory, or contractual requirements makes those representations misleading half-truths." *Id.* at 190.

*Escobar* further held that "False Claims Act liability for failing to disclose violations of legal requirements does not turn upon whether those requirements were expressly designated as conditions of payment." *Id.* at 181. According to the court, "What matters is not the label the

Government attaches to a requirement, but whether the defendant knowingly violated a requirement that the defendant knows is material to the Government's payment decision." *Id.*

What is "false or fraudulent" in an implied certification context is defined by materiality because implied false certification deals with omissions, not affirmative false representations. As noted, a claim is "false or fraudulent" under an implied certification theory only if the defendant fails to "disclose noncompliance with material statutory, regulatory, or contractual requirements[.]" *Id.* at 190.

In those circumstances, a defendant must first know that a violation is material in order to know that the failure to disclose that violation would render the claim "false or fraudulent." The same, however, is not true for other theories of FCA liability, such as in cases involving factually false claims or express false certifications, where the defendant can know the claim is "false" without knowing whether that falsity is material. Indeed, under common law, a knowing misrepresentation supplants even the need to prove materiality, let alone knowledge of materiality. *See* 26 Richard A Lord, Williston on Contracts § 69:13 (4th ed.). ("[W]here a misrepresentation is made with knowledge of its falsity, for the purpose of influencing the behavior of the recipient, the guilty knowledge or intent substitutes for materiality, which is either not required or is held to exist as a matter of law."). This all confirms that any requirement to prove knowledge of materiality applies only to implied certification claims.

*Escobar* also clarified how the "rigorous materiality requirement should be enforced." 579 U.S. at 181.[1] *Escobar* identified several non-dispositive factors relevant to the materiality inquiry: whether "the defendant knows that the Government consistently refuses to pay claims in the mine

[1] The Government has previously submitted statements of interest on the materiality requirement. *See* Dkts. 113, 216.

run of cases based on noncompliance with the particular statutory, regulatory, or contractual requirement"; whether the government acted when it had actual knowledge of similar violations; whether the government has designated compliance with a particular "requirement as a condition of payment"; and whether the violation of that requirement goes to the "essence of the bargain" or is "minor or insubstantial." 579 U.S. at 193-95. Tellingly, a defendant's knowledge of materiality is not required to establish the element of materiality. *See United States ex rel. Lemon v. Nurses To Go, Inc.*, 924 F.3d 155, 161 (5th Cir. 2019) ("No one factor is dispositive, and our inquiry is holistic.").

After *Escobar*, courts have addressed knowledge of materiality, where implied certification claims were alleged. *See United States ex rel. Lee v. N. Metro. Found. for Healthcare, Inc.*, No. 13-CV-4933(EK)(RER), 2021 WL 3774185, at *15 (E.D.N.Y. Aug. 25, 2021), *aff'd sub nom. Lee v. N. Metro. Found. for Healthcare, Inc.*, No. 21-2155, 2022 WL 17366627 (2d Cir. Dec. 2, 2022) ("Indeed, *Escobar*'s scienter requirement for an implied false certification theory claim explicitly demands knowledge of materiality."); *United States ex rel. Haight v. RRSA (Commercial Div.), LLC*, No. 3:16-CV-1975-S, 2020 WL 6163139, at *6 (N.D. Tex. Oct. 20, 2020) ("liability [for implied false certification theory] turns on whether the defendant knowingly violated a requirement that the defendant knows is material to the Government's payment decision." (internal quotation marks omitted)); *see also United States v. Molina Healthcare of Ill., Inc.*, 17 F.4th 732, 743-44 (7th Cir. 2021) (holding complaint sufficiently stated implied certification claim and noting *Escobar* "identified a two-layered knowledge requirement: the defendant must (1) knowingly violate a requirement while (2) knowing that the government viewed the requirement as material"); *United States ex rel. Durkin v. Cnty. of San Diego*, No. 15CV2674-MMA (WVG), 2018 WL 3361148, at *2, 5 (S.D. Cal. July 10, 2018) (construing *Escobar* similarly in case, where relator

alleged defendant made implied or express false recertification in applications to payments to the government).[2] The cases cited by PVA are either inapposite or do not require knowledge of materiality outside the context of implied certification claims.[3]

### III. Even If Knowledge of Materiality Is Required, the Statutory Standard Applies.

To the extent that a defendant's knowledge of materiality must be shown, the standard of knowledge should be the same one that applies to the defendant's knowledge of falsity. *See* 31 U.S.C. § 3729(b)(1) (defining "knowing" and "knowingly" as actual knowledge, deliberate ignorance, or reckless disregard). Thus, reckless disregard or deliberate ignorance suffice. Indeed, *Escobar* noted that a defendant who fails to appreciate the materiality of a requirement that guns purchased by the Government actually shoot would still satisfy the knowledge requirement "because a reasonable person would realize the imperative of a functioning firearm," and thus "a defendant's failure to appreciate the materiality of that condition would amount to 'deliberate

---

[2] *Cf. United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 44 F.4th 838, 851 (9th Cir. 2022) (refusing to decide whether *Escobar* requires knowledge of materiality).

[3] *See Allison Engine Co., Inc. v. United States ex rel. Sanders*, 553 U.S. 662, 665, 670 (2008) (for a claim under § 3729(a)(2), it was "necessary for the defendant to intend that a claim be 'paid . . . by the Government' and not by another entity."); *Field v. Mans*, 516 U.S. 59, 61 (1995) ("In this case we consider the level of a creditor's reliance on a fraudulent misrepresentation necessary to place a debt thus beyond release [under the bankruptcy code]."); *In re Mercer*, 246 F.3d 391, 399 (5th Cir. 2001) (determining for credit card debt, "the standards for bankruptcy nondischargeability under 11 U.S.C. § 523(a)(2)(A)"); *United States ex rel. Jehl v. GGNSC Southaven, L.L.C.*, No. 22-60209, 2022 WL 17443684, at *5 (5th Cir. Dec. 6, 2022) (affirming summary judgment because no knowledge or materiality in FCA case based on a nurse having allegedly invalid nursing credential where the "credential was valid"); *Waldmann v. Fulp*, 259 F. Supp. 3d 579, 607 (S.D. Tex. 2016) (finding fact issue on materiality because "Relators have provided evidence that MMC and Fulp failed to comply with some of Medicare's most basic requirements" and "expert testimony that support an inference that the government would not have paid the claims if they knew that the underlying violations had occurred."); *United States v. Health Mgmt. Sys., Inc.*, No. 3:19-CV-0920-B, 2022 WL 976161, at *21 (N.D. Tex. Mar. 31, 2022) (rejecting the defendant's argument that the relator failed to plead that the defendant did not know requirement was material because the complaint pled it).

ignorance' or 'reckless disregard' of the 'truth or falsity of the information' even if the Government did not spell this out." *Escobar*, 579 U.S. at 191.

Likewise, *Escobar* explains that a matter is material if: (1) a reasonable person would attach importance to it in determining a "choice of action"; or (2) "the defendant knew or had reason to know that the recipient of the representation attaches importance to the specific matter in determining his choice of action, even though a reasonable person would not." *Escobar*, 579 U.S. at 193 (quotations and citation omitted). If a requirement is deemed material because "a reasonable person would realize the imperative" of the matter, then "a defendant's failure to appreciate the materiality of that condition would amount to 'deliberate ignorance' or 'reckless disregard'[.]" *Id.* at 191.

**IV. Reliance Is Not an Element under the FCA.**

PVA also contends that "the defendant must know that the falsehood will induce reliance." Dkt. 232 at 3. "The False Claims Act, in contrast [to common law fraud], lacks the elements of reliance and damages." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 189 (5th Cir. 2009). PVA cites to this Court's order in *United States ex rel. Hueseman v. Prof'l Compounding Centers of Am.*, Inc., No. SA-14-CV-00212-XR, 2023 WL 2669879, at *22 (W.D. Tex. Mar. 27, 2023). But there, this Court acknowledged that reliance was not an FCA element. *Id.* Other authority cited by PVA makes the same point. *See Health Mgmt.*, 2022 WL 976161, at *22 ("reliance is not an element of a false claim[]").

**V. PVA Misreads *Schutte*.**

To start, PVA contends that *Schutte* "confirmed . . . this requirement [of knowledge of materiality] is separate and distinct from the scienter element (i.e., knowledge of falsity)[.]" Dkt. 232 at 1. *Schutte* made no such holding. It concerned knowledge—not materiality. In *Schutte*,

the defendants argued that they could not have the requisite knowledge under the FCA because an objectively reasonable person could have interpreted the requirement that they purportedly violated to permit their conduct. 143 S. Ct. at 1398-99. The court rejected that argument, holding that "[w]hat matters for an FCA case is whether the defendant knew the claim was false." *Id*. at 1396. The court explained that "[t]he FCA's scienter element refers to [the defendant's] knowledge and subjective beliefs—not to what an objectively reasonable person may have known or believed." *Id*. at 1399.

Citing *Schutte*, PVA also contends that courts and juries cannot consider evidence after claims are submitted in determining a defendant's intent. *See* Dkt. 234 at 2 ("No retroactive scienter[]"). The Court in *Schutte* rejected the defendants' argument that the "focus" of scienter is "on post hoc interpretations that might have rendered their claims accurate. It is instead on what the defendant knew when presenting the claim." 143 S. Ct. at 1401. Contrary to PVA's contentions, the court did not limit the type of evidence that the government could use to prove intent, including evidence after claims are presented.

Finally, PVA maintains, "Under *Schutte*, even deliberate ignorance and recklessness require a conscious awareness of a risk[.]" Dkt. 234 at 5. In *Schutte*, the Court traced the historical development of common law fraud and noted that the FCA's definition of "knowingly" largely tracked the common law scienter standards. 143 S. Ct. at 1401. By summarizing each of the three elements in the FCA definition of "knowledge"—actual knowledge, deliberate ignorance, and reckless disregard—the court did not place new limitations on them. The court's citation to existing FCA case law, restatements, and legal dictionaries reflects that the court was simply drawing from and reaffirming existing standards for proving knowledge, and not establishing new and restrictive criteria.

Indeed, the court acknowledged the possibility that a defendant might be liable if he "act[s] in the face of an unjustifiably high risk of illegality that was so obvious that it should have been known," even if there is no evidence that he was subjectively aware of that risk. *Id.* at 1401 n.5. And it noted that it "need not consider how (or whether) that objective form of 'recklessness' relates to the FCA today because, as noted above, it is enough to say that the FCA's standards can be satisfied by a defendant's subjective awareness of the claim's falsity or an unjustifiable risk of such falsity." *Id.*

The court thus left intact existing FCA precedent, which holds that a defendant can be held liable under the FCA if he recklessly disregards objectively obvious facts indicating that his claim or statement is false. *See United States ex rel. Drummond v. BestCare Lab. Servs., L.L.C.*, 950 F.3d 277, 282-83 (5th Cir. 2020) (rejecting defendants' scienter argument because the defendants' proffered interpretation of the CMS Manual "borders on the absurd" such that "no reasonable person could possibly think" that it was correct); *United States v. Bourseau*, 531 F.3d 1159, 1168 (9th Cir. 2008) ("In defining knowingly, Congress attempted 'to reach what has become known as the "ostrich" type situation where an individual has "buried his head in the sand" and failed to make simple inquiries which would alert him that false claims are being submitted.'" (quoting S. Rep. No. 99-345, at 21 (1986)); *United States v. Krizek*, 111 F.3d 934, 942 (D.C. Cir. 1997) ("best reading of the Act defines reckless disregard as an extension of gross negligence").

## CONCLUSION

For the foregoing reasons, the Court should reject PVA's arguments that knowledge of materiality and reliance are FCA elements along with its interpretations of *Escobar* and *Schutte*.

Dated: July 21, 2023

Respectfully submitted,

JAIME ESPARZA
United States Attorney

By: /s/ John M. Deck
JOHN M. DECK
Assistant United States Attorney
Texas Bar No. 24074120
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel: (210) 384-7388
Fax: (210) 384-7322
Email: john.deck@usdoj.gov
*Counsel for the United States of America*

## CERTIFICATE OF SERVICE

I certify that, on July 21, 2023, I served the foregoing document via CM/ECF on all counsel of record registered to receive CM/ECF notifications.

/s/ John M. Deck
JOHN M. DECK