**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. TIFFANY MONTCRIEFF, ROBERTA MARTINEZ, and ALICIA BURNETT,**<br><br>Plaintiffs,<br><br>vs.<br><br>**PERIPHERAL VASCULAR ASSOCIATES P.A.,**<br><br>Defendant. | Civil Action No. SA-17-CV-00317-XR |

**RELATORS' RESPONSE TO PVA'S MOTION FOR RECONSIDERATION**

PVA's Motion to Reconsider Partial Summary Judgment on Scienter (ECF No. 234) flies in the face of widespread consensus that the Supreme Court's recent decision in *SuperValu* was a loss for False Claims Act defendants. The False Claims Act defense bar (counsel for PVA included) had expressed high hopes that *SuperValu* would be a game-changer for defendants on the issue of *scienter*. Those hopes were resoundingly dashed in the Supreme Court's unanimous decision.

Nonetheless, PVA makes a contorted attempt to use the *SuperValu* loss as a springboard for raising new arguments on issues decided years ago by the Court. Its attempt fails, for multiple reasons.

First, *SuperValu* did not change the law applied by the Court in its Order on Summary Judgment. To the contrary, the Supreme Court flatly rejected the legal proposition urged by PVA in its opposition to Summary Judgment—that *scienter* could be negated by an after-the-fact "objectively reasonable" reading of a Medicare requirement. Specifically, PVA cited *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 & n.20 (2007), and argued that if a defendant's conduct is consistent with any "reasonable interpretation," the *scienter* element cannot be met—"no matter the defendant's subjective intent." *See* PVA's Response to Relators' Motion for Summary Judgment (ECF No. 112) at 15. In *SuperValu*, the Supreme Court expressly rejected such an interpretation of *Safeco* and application of its logic in the False Claims Act context. It explained:

> [L]ike the Seventh Circuit, respondents rely on *Safeco*. They contend that *Safeco* already interpreted the common-law definitions of "knowing" and "reckless" and that it did so by looking first at whether the defendant's "reading of the statute" was "objectively unreasonable." 551 U.S., at 69, 127 S.Ct. 2201. . . .
>
> This argument fails twice over. First, *Safeco* interpreted a different statute, the FCRA, which had a different *mens rea* standard, " 'willfully.' " *Id.*, at 52, 127 S.Ct. 2201 (quoting 15 U.S.C. § 1681n(a)). . . .
>
> Second, *Safeco* did not purport to set forth the purely objective safe harbor that respondents invoke. To the contrary, *Safeco* stated that a person is reckless if he acts "*knowing* or having reason to know of facts which would lead a reasonable man to realize" that his actions were

> substantially risky. 551 U.S., at 69, 127 S.Ct. 2201 (emphasis added; internal quotation marks omitted). Or, as *Safeco* alternatively put it, the common law of recklessness *contained* an objective standard because it encompassed actions involving "an unjustifiably high risk of harm that is *either* known *or* so obvious that it should be known." *Id.*, at 68, 127 S.Ct. 2201 (emphasis added; internal quotation marks omitted); see also Restatement (Second) of Torts § 500, Comment *a* (1964) ("Recklessness may consist of either of two different types of conduct. In one the actor knows ... of facts which create a high degree of risk"). Thus, as we have stated previously, "[n]othing in *Safeco* suggests that we should look to facts that the defendant neither knew nor had reason to know at the time he acted." *Halo Electronics*, 579 U.S., at 106, 136 S.Ct. 1923.6 By a similar token here, we do not look to legal interpretations that respondents did not believe or have reason to believe at the time they submitted their claims.

*United States ex rel. Schutte v. SuperValu Inc.*, 143 S. Ct. 1391, 1402-03 (2023).

"[T]he focus is not, as respondents would have it, on post hoc interpretations that might have rendered their claims accurate. It is instead on what the defendant knew when presenting the claim." *Id.* at 1401.

This is precisely what this Court did in its Order on Summary Judgment (ECF No. 123). As explained in this Court's Order, "PVA points to no concrete evidence that it was under the impression that its actions were proper. . . . There is simply no indication that PVA actually held that the belief that its interpretation was legal and correct." *Id.* at 51-52. This Court thus did precisely what the Supreme Court confirmed should be done when analyzing *scienter* under the FCA: ignore "legal interpretations that respondents did not believe or have reason to believe at the time they submitted their claims." 143 S. Ct. at 1403.

Accordingly, because *SuperValu* did not change the law applied by this Court (to the contrary, it reconfirmed it), reconsideration is not even appropriate. *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326 (5th Cir. 2017); *Cook v. Flight Servs. & Sys., Inc.,* No. CV 16-15759, 2019 WL 2067640, at *2 (E.D. La. May 10, 2019) (holding that reconsideration was not warranted, stating, "[e]ven under a Rule 54(b) standard, a court need not rehash arguments it has already considered.").

Second, PVA's new argument that Relators did not provide any evidence of PVA's *scienter* prior to 2017 is wrong. To the contrary, while certainly PVA's 2017 "compliance project" was a compelling focus, Relators' submitted ample evidence that PVA knew its billing practice were improper well before, and after, 2017. For example, Relators described a 2013 e-mail string in which PVA's Barbara Burrow confirmed that she knew studies could not be billed until interpreted: "I looked at the studies that were scanned in. Most of them were not actually interpreted and cannot be billed until they are. I have spoken with Al, who will speak to the doctors." Relators' Motion for Summary Judgment (ECF No. 95) at 13-14; *see also id.* (citing a 2012 e-mail from Ms. Burrow to a PVA physician urging him to sign his reports, and that "One is being held for billing awaiting the complete report."). Similarly, Relators relied heavily on PVA's own compliance policy documents, which both pre- and post-dated the 2017 billing compliance project. *See, e.g., id.* at 15-18; Ex. 20 (2015 PVA "Medical Documentation & Coding Compliance Pledge"). The Court cited this, and other evidence, in its Order on Summary Judgment. *See* ECF No. 123 at 50 n.2; *id.* at 53.

In the face of this evidence, PVA submitted nothing. As the Court noted, PVA relied solely and exclusively on its flawed post hoc "reasonable interpretation" legal argument. ECF No. 123 at 51-52. Now, a full three years after summary judgment papers were filed, and 18 months after the jury trial, PVA attempts to reargue summary judgment. Neither the Federal Rules, nor *SuperValu*, allow reconsideration under such circumstances. PVA had ample opportunity to counter Relators' evidence, and it failed to even attempt to do so—likely because it could not. PVA's personnel always knew that its practices were out of bounds, and there was therefore nothing to counter Relators' evidence with. PVA's faulty Motion for Reconsideration should be denied, and final judgment entered.

/ / /

/ / /

/ / /

Dated: July 24, 2023

By: */s/ Justin T. Berger*
Justin T. Berger (*pro hac vice*)
Sarvenaz J. Fahimi (*pro hac vice*)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jberger@cpmlegal.com
sfahimi@cpmlegal.com

Wallace M. Brylak, Jr. (Bar No. 03283360)
BRYLAK LAW
15900 La Cantera Parkway, Suite 19245
San Antonio, Texas 78256
Telephone: (210) 733-5533
Facsimile: (210) 558-4804
wbrylak@brylaklaw.com

*Counsel for Relators*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of July, 2023, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Wallace M. Brylak, Jr.
Brylak & Associates
15900 La Cantera Pkwy, Suite 19245
San Antonio, TX 78256
wbrylak@brylaklaw.com

Sean McKenna
Mark A. Cole
Spencer Fane LLP
2200 Ross Avenue
Suite 4800 West
Dallas, TX 75201
smckenna@spencerfane.com
mcole@spencerfane.com

Stephen J. Romero
Jeff Wurzburg
Norton Rose Fulbright US LLP
Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, TX 78205
stephen.romero@nortonrosefulbright.com
jeff.wurzburg@nortonrosefulbright.com

John M. Deck
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216
John.deck@usdoj.gov

David M. Prichard
David R. Montpas
Glen W. MacTaggart
Prichard Young, LLP
Union Square, Suite 600
10101 Reunion Place Blvd.
San Antonio, Texas 78216
dmontpas@prichardyoungllp.com
dprichard@prichard@prichardyoungllp.com
gmactaggart@prichardyoungllp.com

*/s/ Justin T. Berger*
Justin T. Berger