IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel., TIFFANY MONTCRIEFF, et al., | § | |
| Relators, Plaintiff, | § | |
| v. | § | Civil Action No. 5:17-CV-00317-XR |
| PERIPHERAL VASCULAR ASSOCIATES, P.A., | § | |
| Defendant. | § | |

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO RECONSIDER PARTIAL SUMMARY JUDGMENT ON SCIENTER

Start with the point on which everyone apparently agrees. Neither the Relators nor the Government argue that evidence of PVA's state of mind in 2017 is **conclusive** evidence of PVA's state of mind beforehand.

Rather, as the Relators and the Government both concede, *Schutte* teaches that the "focus" of scienter is "on what the defendant knew when presenting the claim"—not on the defendant's state of mind thereafter. *United States ex rel. Schutte v. SuperValu*, 143 S. Ct. 1391, 1401 (2023); *see* ECF No. 241 (Government's Statement of Interest at 8); ECF No. 242 (Relators' Response at 3). This rule is dispositive. The Court should grant PVA's motion to reconsider the partial summary judgment on scienter. *See* ECF No. 234 (PVA's motion to reconsider).

## ARGUMENT

Because they have no answer to *Schutte*, the Relators turn their summary judgment burden upside down. They insist that they "submitted **ample evidence** that PVA knew its billing practice were [sic] improper well before, and after, 2017." Resp. at 4 (emphasis added). That is an odd choice of words for a party with the burden of proof to use to defend a summary-judgment motion.

If Relators truly believed in their position, then one might expect them to use words such as "conclusive" or "as a matter of law." *Amadasun v. Datasearch, Inc.*, No. SA-19-CV-01130-XR, 2020 WL 4718053, at *1 (W.D. Tex. Apr. 7, 2020) ("Plaintiff bears the burden of proof on the various causes of action he asserts, and thus to obtain summary judgment, he must prove with conclusive evidence that Defendant has violated the FDCPA."). Tellingly, the Relators steer clear of their burden. Under *Schutte*, there is no conclusive evidence of scienter.

**A. Scienter turns on the defendant's state of mind at the time of the claim.**

The Relators' summary-judgment motion turned largely on the 2017 "compliance billing" email and its attached notes. This Court's partial-summary judgment order also emphasized evidence from 2017. Neither Relators' motion nor this Court's order turned on **when** PVA is said to have first known that its claims were false. That logic is incompatible with the recent guidance in *Schutte*. 143 S. Ct. at 1401 ("what the defendant knew when presenting the claim").

Relators also pretend they have pre-2017 evidence of scienter. But as PVA's motion to reconsider explained, those pre-2017 documents have nothing to do with the Relators' theory of the case. ECF No. 234 at 3-4. Indeed, one of Relators' pre-2017 exhibits shows that PVA believed it was fine to submit bills to Medicare even if a standalone report was not yet signed—so long as a complete report was actually available. ECF 96 at Ex. 12 (email warning that though "62 reports in focus [are] ready for your signature," only "[o]ne is being held for billing awaiting the complete report"). The evidence is so thin that Relators must resort to citing PVA's compliance pledge—a document that says nothing about whether a signed standalone report is required. *Id.* at Ex. 20.

The Government suggests that *post hoc* evidence can be used to prove a defendant's state of mind beforehand. *See* Government's Statement of Interest at 8. But the Government never contends that such proof is conclusive. And for good reason. If evidence of a state of mind in one year is conclusive evidence of a state of mind in the four years prior, then *Schutte* is a dead letter.

### B. Conclusive evidence is required.

Nor do the Relators claim that their evidence from 2017 and later is conclusive under the standard set forth in *Schutte*. Instead, they hide behind their inverted summary judgment standard, insisting that PVA "submitted nothing" in response to their summary judgment motion. Response at 4. But until Relators meet their own summary judgment burden, PVA has no duty to submit controverting evidence. "If the moving party fails to meet its initial burden, the motion for summary-judgment must be denied, regardless of the nonmovant's response." *Quorum Health Res., LLC v. Maverick Cnty. Hosp. Dist.*, 308 F.3d 451, 471 (5th Cir. 2002).

As PVA's Motion to Reconsider explains, Relators' summary judgment evidence includes repeated quotations from PVA's witnesses explaining their belief that a signed MedStreaming report was not required. *See* ECF No. 234 at 5 n.3 (compiling citations). There is no conclusive evidence that they knew the opposite to be true.

As for the Government, it takes no position on the state of the evidence. Instead, the Government suggests that "deliberate ignorance" and "recklessness" do not require subjective awareness of a risk of illegality—if the risk of illegality is "so obvious that it should have been known." *See* Government's Statement of Interest at 9. But *Schutte* did not decide this question (143 S. Ct. at 1401 n.5), and it "is a long-established rule of this Circuit that to show a violation of the FCA, the evidence must demonstrate 'guilty knowledge of a purpose on the part of [the defendant] to cheat the Government.'" *United States ex rel. Taylor-Vick v. Smith*, 513 F.3d 228, 231 (5th Cir. 2008) (quoting *United States v. Aerodex, Inc.*, 469 F.2d 1003, 1007 (5th Cir. 1972)). Indeed, *Schutte* teaches that "the FCA's standards focus primarily on what respondents thought and believed." *Schutte*, 143 S. Ct. at 1400. The summary judgment evidence does not conclusively establish PVA's state of mind—either before 2017 or thereafter.

## Conclusion

In light of *Schutte*, this Court should vacate its summary judgment order.

Respectfully submitted,

*/s/ David M. Prichard*
David M. Prichard
State Bar No. 16317900
E-mail: dprichard@prichardyoungllp.com
David R. Montpas
State Bar No. 00794324
E-mail: dmontpas@prichardyoungllp.com
Glenn W. MacTaggart
State Bar No. 12787680
E-mail: gmactaggart@prichardyoungllp.com
Prichard Young, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
(210) 477-7400 [Telephone]
(210) 477-7450 [Facsimile]

Sean McKenna
State Bar No. 24007652
smckenna@spencerfane.com
Mark A. Cole
*Admitted Pro Hac Vice*
mcole@spencerfane.com
Lauren M. Nelson
State Bar No. 24058016
lnelson@spencerfane.com
SPENCER FANE LLP
2200 Ross Avenue, Suite 4800 West
Dallas, Texas 75201
Telephone: 214-459-5890
Facsimile: 214-750-3612

Jeff Wurzburg
State Bar No. 24105140
jeff.wurzburg@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, Texas 78205
Telephone: 210-224-5575
Facsimile: 210-270-7205

*Counsel for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July 2023, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ David Prichard*
David Prichard