IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel., TIFFANY MONTCRIEFF, et al., | § | |
| Relators, Plaintiff, | § | |
| v. | § | Civil Action No. 5:17-CV-00317-XR |
| PERIPHERAL VASCULAR ASSOCIATES, P.A., | § | |
| Defendant. | § | |

DEFENDANT'S RESPONSE TO THE GOVERNMENT'S STATEMENT OF INTEREST REGARDING KNOWLEDGE OF MATERIALITY

Shortly after PVA filed its Reply in Support of its Motion for a Finding of Fact (ECF No. 239), the Government filed its own Statement of Interest (ECF No. 241). To the extent that the Government's statement concerns the standard for scienter (*i.e.*, knowledge of falsity), PVA is addressing those issues in its separate Reply in Support of its Motion for Reconsideration of the partial summary judgment. This response pertains solely to PVA's Motion for a Finding of Fact about an omitted element—knowledge of materiality.

**Argument**

Although the Government contends that knowledge of materiality is not required, it collects cases from across the country recognizing that False Claims Act liability requires evidence that the defendant acted with knowledge of the materiality of its alleged misrepresentations. ECF No. 241 at 5-6 (collecting authorities).

The statute, *Escobar*, and Fifth Circuit precedent all confirm that *Escobar* means what it says: "What matters is … whether the defendant knowingly violated a requirement **that the defendant knows is material** to the Government's payment decision." *Universal Health Servs.*,

*Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 181 (2016) (emphasis added). If a defendant is aware of mistakes in its representations—but believes them to be trivial without any knowledge that they will impact the government's payment decision—then FCA liability does not attach.

### A. The statute incorporates the common law, without distinguishing between implied-false-certification claims and any other type of claims.

The Government notes that the FCA does not expressly require knowledge of materiality. *See* Statement of Interest at 2 (citing 31 U.S.C. § 3729). But that argument proves far too much. The text of § 3729(a)(1)(A) does not expressly require materiality either. Even so, materiality is required because the FCA incorporates the common-law standard for fraud. As one of the Government's cases explains:[1]

> Thus, although § 3729(a)(1)(A) does not itself use the term "material," its reference to a "false or fraudulent claim" must be understood in light of the common-law understanding of fraud, which included a materiality requirement.

*Hartpence*, 44 F.4th at 845 (citing *Escobar*, 579 U.S. at 193).

In the same way that the common law of fraud requires evidence that a misrepresentation was material, it also requires that the speaker have a culpable mental state as to whether the misrepresentation will influence the recipient's conduct. Sitting en banc, the Fifth Circuit has explained this feature of the common law:

> The bankruptcy court did *not* consider intent to deceive. Of course, if the debtor does *not* know the representation is false, there is *no* misrepresentation; therefore, she does *not* intend to deceive…. **Nevertheless, the Restatement treats the elements separately.** *See* Restatement (Second) of Torts § 526 cmt. b (§§ 526-30 state "rules that determine whether a representation is fraudulently made"; §§ 531-36, rules regarding "maker's purpose to induce the recipient to act in reliance upon the misrepresentation")….

*In re Mercer*, 246 F.3d 391, 410 (5th Cir. 2001) (en banc).

[1] Statement of Interest at 6 n.2 (citing *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 44 F.4th 838 (9th Cir. 2022)).

As the Restatement explains, "Intent and expectation of influencing the other's conduct by the misrepresentation are … a separate and distinct element necessary to liability." Restatement (Second) of Torts § 526 cmt. a (1977). Although the term "scienter" itself refers to knowledge of falsity, the "expectation of influencing the other's conduct" is "a separate and distinct element necessary to liability." *Id.*

The Government, however, says nothing about the Restatement. Rather than confront "the most widely accepted distillation of the common law of torts," *Field v. Mans*, 516 U.S. 59, 70 (1995), the Government quotes a treatise on contracts. But the Government's quotation proves PVA's point. Mere knowledge of falsity is not enough; there must be a state of mind regarding whether the falsehood will influence the recipient's conduct: "where a misrepresentation is made with knowledge of its falsity, **for the purpose of influencing the behavior of the recipient**, the guilty knowledge or intent substitutes for materiality." 26A Richard A. Lord, Williston on Contracts § 69:13 (4th ed.) (emphasis added). In the words of *Escobar*, there must be knowledge of materiality.

**B. *Escobar* reinforces the common law.**

The Government also insists that *Escobar*'s teachings apply only to implied-false-certification claims. But *Escobar*'s common-law reasoning has broader implications: "the term 'fraudulent' is a paradigmatic example of a statutory term that incorporates the common-law meaning of fraud." *Escobar*, 579 U.S. at 187. Just as the statute incorporates the common-law element of materiality, the statute also incorporates the common-law requirement that the speaker must know that the misrepresentation is material.

Nothing in *Escobar* says otherwise. Nor do the Government's cases hold that defendants can be liable under the FCA without any knowledge of materiality of their alleged misrepresentations. Although those cases arose in the context of implied-false-certification claims,

they do not purport to restrict *Escobar* to such circumstances. "The FCA also contains a scienter requirement that extends not only to knowledge of the claim's alleged falsity, but also to *knowledge of materiality*…." *United States ex rel. Lee v. N. Metro. Foundation for Healthcare, Inc.*, No. 13-CV-4933, 2021 WL 3774185, at *4 (E.D.N.Y. Aug. 25, 2021), *aff'd*, No. 21-2155, 2022 WL 17366627 (2d Cir. Dec. 2, 2022). Those cases do not artificially restrict *Escobar* to the implied-false-certification context.

Finally, the Government notes Fifth Circuit precedent holding that reliance is not an element under the FCA; in other words, liability may attach if the government unearths a materially false claim before actually relying on the misrepresentation. *See* Statement of Interest at 7 (citing *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 189 (5th Cir. 2009)). But the statement still needs to be of the sort that may influence the government's payment decision (*i.e.*, it must be material)—and the defendant must know of this fact. *Escobar*, 579 U.S. at 181.

**C. The Fifth Circuit has never narrowed or ignored *Escobar*.**

The Fifth Circuit recognizes the rule of *Escobar:* "What matters is … whether the defendant knowingly violated a requirement that the defendant knows is material to the Government's payment decision." *United States ex rel. Jehl v. GGNSC Southaven, LLC*, No. 22-60209, 2022 WL 17443684, at *3 (5th Cir. Dec. 6, 2022) (quoting *Escobar*).

Citing *United States ex rel. Lemon v. Nurses To Go, Inc.*, 924 F.3d 155 (5th Cir. 2019), the Government argues that "a defendant's knowledge of materiality is not required to establish the element of materiality." Statement of Interest at 5. But that argument merely demonstrates that there are two elements (materiality vs. knowledge of materiality), not that the latter element does not exist. Indeed, the Fifth Circuit has expressly recognized that the Restatement requires more than just knowledge of falsity to establish fraud. *Mercer*, 246 F.3d at 410. There must also be a mental state as to the impact of the false statement on the recipient. *Id.*

The Supreme Court has recently and repeatedly looked to the Restatement in the context of the False Claims Act.[2] The same approach is proper here. There is no liability under the FCA unless the defendant acted with knowledge of the materiality of its misrepresentations.

**Conclusion**

The Government does not dispute the procedure for resolving omitted elements. Under Federal Rule of Civil Procedure 49(a)(3), this Court should make a finding of fact regarding whether PVA acted with knowledge of the materiality of its purported misrepresentations.

[2] *E.g.*, *United States ex rel. Schutte v. SuperValu*, 143 S. Ct. 1391, 1400-01 (2023) (citing the Restatement (Second) of Torts for the "common law").

Respectfully submitted,

*/s/ David M. Prichard*

David M. Prichard
State Bar No. 16317900
E-mail: dprichard@prichardyoungllp.com
David R. Montpas
State Bar No. 00794324
E-mail: dmontpas@prichardyoungllp.com
Glenn W. MacTaggart
State Bar No. 12787680
E-mail: gmactaggart@prichardyoungllp.com
Prichard Young, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
(210) 477-7400 [Telephone]
(210) 477-7450 [Facsimile]

Sean McKenna
State Bar No. 24007652
smckenna@spencerfane.com
Mark A. Cole
*Admitted Pro Hac Vice*
mcole@spencerfane.com
Lauren M. Nelson
State Bar No. 24058016
lnelson@spencerfane.com
SPENCER FANE LLP
2200 Ross Avenue, Suite 4800 West
Dallas, Texas 75201
Telephone: 214-459-5890
Facsimile: 214-750-3612

Jeff Wurzburg
State Bar No. 24105140
jeff.wurzburg@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, Texas 78205
Telephone: 210-224-5575
Facsimile: 210-270-7205

*Counsel for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July 2023, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ David Prichard*
David Prichard